PERRIE M. WEINER (SBN 134146)
perrie.weiner@dlapiper.com
EDWARD D. TOTINO (SBN 169237)
edward.totino@dlapiper.com
GRANT P. ALEXANDER (SBN 228446)
grant.alexander@dlapiper.com
MONICA N. DOURNAEE (SBN 268109)
monica.dournaee@dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, California 90067-4704
Tel:   (310) 595-3000
Fax:   (310) 595-3300

FILED
CLERK, U.S. DISTRICT COURT

FEB 1 3 2012
3:48

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

Attorneys for Defendant
CAPITAL ONE BANK (USA), N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY NADER, on behalf of himself and all others similarly situated, | CASE NO. CV 12 1265 -GAF (AJWx) |
| Plaintiff, | **DEFENDANT'S NOTICE OF REMOVAL OF ACTION** |
| v. | **[28 U.S.C. §§ 1332(d), 1441, 1446 and 1453]** |
| CAPITAL ONE BANK (USA), N.A. and DOES 1 through 20, | |
| Defendants. | Complaint Filed: December 1, 2011 |

PERRIE M. WEINER (SBN 134146)
perrie.weiner@dlapiper.com
EDWARD D. TOTINO (SBN 169237)
edward.totino@dlapiper.com
GRANT P. ALEXANDER (SBN 228446)
grant.alexander@dlapiper.com
MONICA N. DOURNAEE (SBN 268109)
monica.dournaee@dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, California 90067-4704
Tel: (310) 595-3000
Fax: (310) 595-3300

Attorneys for Defendant
CAPITAL ONE BANK (USA), N.A.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY NADER, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>CAPITAL ONE BANK (USA), N.A. and DOES 1 through 20,<br><br>  Defendants. | CASE NO.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION**<br><br>**[28 U.S.C. §§ 1332(d), 1441, 1446 and 1453]**<br><br>Complaint Filed: December 1, 2011 |

1  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT, AND TO**

2  **ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3       **PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. Sections 1332,

4  1367, 1441, 1446, 1453 and the Class Action Fairness Act of 2005 ("CAFA"), Pub.

5  L. 109-2, § 1(a), 119 Stat. 4 (Feb. 18, 2005), defendant Capital One Bank (USA),

6  N.A. ("Capital One") hereby removes the action entitled "*Stanley Nader, on behalf*

7  *of himself and all others similarly situated v. Capital One Bank (USA), N.A. and*

8  *Does 1 through 20, inclusive,*" Superior Court of the State of California, for the

9  County of Los Angeles, Case No. BC 474559 (the "State Court Action"), to the

10  United States District Court for the Central District of California on the grounds set

11  forth herein.

12  **I.    INTRODUCTION**

13       1.    On or about February 8, 2012, Capital One received service of the

14  Summons, Complaint and Order Amending Complaint (collectively, the

15  "Complaint") in the State Court Action.  A copy of the Complaint is attached hereto

16  as Exhibit "A."  The Complaint alleges one cause of action for unlawful recording

17  of telephone calls in violation of California Penal Code section 632, and seeks

18  statutory damages of $5,000 under California Penal Code section 637.2 for each

19  call recorded.  (Exhibit "A," Prayer, ¶ 1.)

20  **II.   THIS COURT HAS JURISDICTION UNDER CAFA**

21       2.    Capital One removes the State Court Action pursuant to CAFA,

22  codified under 28 U.S.C. section 1332(d).  CAFA provides this Court with original

23  jurisdiction of this action and permits Capital One to remove the State Court Action

24  from the California state court to this Court.

25       3.    CAFA vests district courts with original jurisdiction over class actions

26  when the aggregate amount in controversy for all putative class members exceeds

27  $5 million (exclusive of interests and costs) and when any member of the putative

28  class of plaintiffs is a citizen of a state different from any defendant.  28 U.S.C.

1   § 1332(d)(2).  These requirements are satisfied in this action, as set forth below.

2          4.      Neither the permissive nor mandatory provisions of CAFA for

3   declining original jurisdiction are applicable to this action.  Accordingly, as

4   discussed further below, federal jurisdiction is mandatory under CAFA.

5          5.      This Court is the proper district court for removal because the Superior

6   Court of the State of California, for the County of Los Angeles is located within the

7   United States District Court for the Central District of California.

8      **A.    Class Action.**

9          6.      This action is a putative civil class action pursuant to 28 U.S.C.

10  section 1332(d)(2) and may be removed to this Court pursuant to 28 U.S.C.

11  section 1453(b).  A "class action," as defined by CAFA, is:

12          any civil action filed under rule 23 of the Federal Rules of Civil
            Procedure or similar state statute or rule of judicial procedure
13          authorizing an action to be brought by 1 or more representative
            persons as a class action.
14

15  28 U.S.C. §§ 1332(d)(1)(B), 1453(a).

16         7.      Plaintiff Stanley Nader ("Plaintiff") filed the State Court Action as a

17  putative class action on behalf of himself and a proposed class of plaintiffs, under

18  California Code of Civil Procedure section 382.  (*See* Exhibit A, ¶¶ 24, 25.)  In the

19  Complaint, Plaintiff alleges that the State Court Action is brought on behalf of a

20  class supposedly consisting of:

21          All California residents who received one or more outbound telephone
            calls from employees, agents, or representatives of Capital One
22          between July 13, 2006 and the present and did not receive a warning
            that their telephone conversations were recorded.
23

24  (Exhibit A, ¶ 25.)

25         8.      Class actions are permitted under California law pursuant to California

26  Code of Civil Procedure Section 382.  California Code of Civil Procedure section

27  382 is analogous to Federal Rule of Civil Procedure 23.

28

**B.     Removal Under CAFA.**

9.     Under CAFA, diversity is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant ...." 28 U.S.C. § 1332(d)(2)(A).  Here diversity is satisfied.

           **a.     Diversity of Citizenship Under CAFA.**

10.     Plaintiff alleges in the Complaint that he resides in Los Angeles, California.  (Exhibit A, ¶ 11.)  Accordingly, based on the Complaint, Capital One is informed and believes and thereon alleges that Plaintiff is a citizen of the State of California.

11.     Plaintiff alleges that Capital One is a corporation organized under the laws of the State of Delaware, with its principal place of business in McLean, Virginia.  (Exhibit A, ¶ 12.)  In fact, Capital One is not a corporation but a national banking association organized and operating under the National Bank Act, 12 U.S.C. §§ 21 *et seq.*  (Declaration of Brad Mason, ¶ 2.)  For purposes of diversity jurisdiction, national banks like Capital One are "deemed citizens of the States in which they are respectively located." *See* 28 U.S.C. § 1348.  This means that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006).  Capital One's articles of association state that its main office is located in Glen Allen, Virginia.  (Declaration of Brad Mason, ¶ 2.)  Capital One's principal place of business is also in Glen Allen, Virginia.  (Declaration of Brad Mason, ¶ 2.)   Accordingly, Capital One is a citizen of the state of Virginia.

12.     Therefore, because at least one member of the proposed class of plaintiffs is a citizen of a state different from a defendant, within the meaning of 28 U.S.C. section 1332(d)(2)(A), CAFA's diversity of citizenship requirement is satisfied.  The diversity that exists in this action not only satisfies the minimal diversity of citizenship requirement under CAFA, but also precludes the

1   applicability of exceptions in 28 U.S.C. sections 1332(d)(3) and (d)(4) because

2   Capital One is not a citizen of the forum state of California.

3                   **b.      Amount in Controversy.**

4          13.    The amount in controversy is also satisfied.  CAFA confers

5   jurisdiction over class actions "in which the matter in controversy exceeds the sum

6   or value of $5,000,000 …." 28 U.S.C. § 1332(d)(2).  Furthermore, "[i]n any class

7   action, the claims of individual class members shall be aggregated to determine

8   whether the matter in controversy exceeds the sum or value of $5,000,000." 28

9   U.S.C. § 1332(d)(6).  As demonstrated below, the amount in controversy is

10  satisfied here because, on the face of the Complaint, the monetary relief sought by

11  Plaintiff and the class exceeds the $5,000,000 threshold.

12         14.    In the Complaint, Plaintiff asserts one Count against Capital One for

13  Invasion of Privacy based on allegations that Capital One intentionally recorded the

14  confidential communications of Plaintiff and other members of the Class in

15  violation of Penal Code Section 632.  Plaintiff seeks $5,000.00 in statutory

16  damages pursuant to California Penal Code Sections 632 and 637.2 for each alleged

17  violation on behalf of Plaintiff and other members of the Class.  In the Complaint,

18  Plaintiff alleges that there are "likely thousands of putative class members."

19  (Exhibit A, ¶ 27.)  Plaintiff further alleges that the outbound calls made by Capital

20  One to members of the purported class were recorded without providing those

21  purported class members with notice.  (Exhibit A, ¶ 22.)

22         15.    As set forth in the attached declaration, Capital One made more than

23  one thousand (1,000) outbound calls to California residents during the putative

24  class period.  (Declaration of Brad Mason, ¶ 4.)  Although Capital One denies any

25  liability, and denies that Plaintiff and the putative class are entitled to $5,000 in

26  statutory damages per alleged violation, assuming Plaintiff's allegations are true for

27  purposes of the instant removal, because there were more than one thousand

28  telephone calls made to California residents during the alleged class period, and

1    multiplying Plaintiff's demand for $5,000.00 in statutory damages for each alleged

2    violation, Plaintiff seeks more than $5,000,000.00 based on the allegations of the

3    Complaint.  Accordingly, based on Plaintiff's allegations in the Complaint,

4    CAFA's in excess of  $5,000,000.00 amount in controversy threshold is met here.

5    **III.    28 U.S.C. § 1446 REQUIREMENTS**

6        **A.    This Notice of Removal Is Timely Filed.**

7        16.    Capital One has timely filed this Notice of Removal within 30 days of

8    receiving service of the Summons and Complaint.  *See* 28 U.S.C. § 1446(b).  A

9    copy of the Summons is attached hereto as Exhibit "C."

10       **B.    Procedural Requirements.**

11       17.    Section 1446(a) requires a removing party to provide this Court a

12   copy of all "process, pleadings and orders" served on it in the State Court Action.

13   The Complaint, Order Amending Complaint and Summons are attached as Exhibits

14   "A" , "B" and "C" respectively.  Attached hereto as Exhibit "D" is the Civil Case

15   Cover Sheet and Addendum.  Attached hereto as Exhibit "E" is the Notice of Case

16   Management Conference.

17       18.    Exhibits A, B, C, D and E constitute all of the pleadings, process and

18   orders in the State Court Action.

19       19.    Pursuant to 28 U.S.C. section 1446(d), Capital One is simultaneously

20   filing a copy of this Notice of Removal of Action with the state court in the State

21   Court Action.  Capital One will serve Plaintiff with copies of this Notice of

22   Removal and the Notice filed in the Action.  A copy of the Notice is attached hereto

23   as Exhibit "F."

24       20.    By virtue of this Notice of Removal of Action and the Notice filed in

25   the Action, Capital One does not waive its rights to assert any personal

26   jurisdictional defense or other defenses by way Rule 12 motions or by answer.

27       WHEREFORE, Capital One respectfully submits that: (1) CAFA applies to

28   this action because it is a class action as defined in CAFA; (2) at least one member

1  of the proposed class is a citizen of a state different than Capital One's state of

2  citizenship; (3) the aggregate amount in controversy exceeds $5 million based upon

3  the allegations of the Complaint; and (4) the procedural requirements under 28

4  U.S.C. section 1446 are met.  For these reasons, this action is properly removed to

5  this Court.

6

7  Dated:  February 13, 2012                 **DLA PIPER LLP (US)**

8

9  By _____

10  PERRIE M. WEINER
    EDWARD D. TOTINO
    GRANT P. ALEXANDER
11  MONICA N. DOURNAEE
    Attorneys for Defendant
12  CAPITAL ONE BANK (USA), N.A.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1  Paul R. Kiesel, State Bar No. 119854
      *kiesel@kbla.com*
2  Jeffrey A. Koncius, State Bar No. 189803
      *koncius@kbla.com*
3  Shehnaz M. Bhujwala, State Bar No. 223484
      *bhujwala@kbla.com*
4  E. Glenn Anaiscourt, State Bar No. 246642
      *ga@kbla.com*
5  KIESEL BOUCHER LARSON LLP
   8648 Wilshire Boulevard
6  Beverly Hills, California 90211-2910
   Tel:    310-854-4444
7  Fax:    310-854-0812

8  Kenneth M. Lipton, State Bar No. 82342
      *kenlipton998431@aol.com*
9  LAW OFFICES OF KENNETH M. LIPTON
   5900 Sepulveda Boulevard, Suite 400
10 Van Nuys, California 91411
   Tel:    818-780-3562
11 Fax:    818-780-9038

12 Attorneys for Plaintiff STANLEY NADER, on
   behalf of himself and all others similarly situated
13

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 01 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
     Wagena Juliano

BC474559

14          SUPERIOR COURT OF THE STATE OF CALIFORNIA

15            COUNTY OF LOS ANGELES, CENTRAL DISTRICT

16

| | |
|---|---|
| 17 STANLEY NADER, on behalf of himself and all others similarly situated, | Case No. |
| 18 | |
| 19        Plaintiff, | **CLASS ACTION** |
| 20    v. | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR INVASION OF PRIVACY IN VIOLATION OF** |
| 21 CAPITAL ONE FINANCIAL CORPORATION and DOES 1 through 20, inclusive, | **CALIFORNIA PENAL CODE SECTIONS 630 *ET SEQ.*** |
| 22 | |
| 23        Defendants. | **DEMAND FOR JURY TRIAL** |
| 24 | |

25        Plaintiff Stanley Nader ("Plaintiff"), on behalf of himself and the Class of all other similarly

26 situated persons defined below, demands a trial by jury and hereby complains and alleges upon

27 information and belief as follows:

28 ///

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**INTRODUCTION**

1.     This Class Action Complaint challenges the policy and business practice of Defendants CAPITAL ONE FINANCIAL CORPORATION ("CAPITAL ONE") and DOES 1 through 20, inclusive (collectively, "Defendants"), who surreptitiously record telephone conversations with consumers in violation of California law.

2.     California's Invasion of Privacy Act, California Penal Code Section 630 *et seq.* (the "Act"), protects the right to privacy by prohibiting the recording of telephone conversations without the consent of all parties:

> Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine . . . .

Cal. Penal Code § 632(a).

3.     Defendants have systematically and repeatedly violated the Act by surreptitiously recording "outbound" telephone conversations initiated by Defendants' employees, agents or representatives to California consumers.

4.     Under California law, a telephone conversation is a confidential communication that may not be recorded, regardless of the content of the conversation or the type of telephone involved, unless the recording party first informs all parties to the conversation that it will be recorded. *See* Cal. Penal Code § 632(c). Telephone users have objectively reasonable expectations that their telephone conversations will not be overheard or recorded. Informing all parties to a telephone conversation of the intent to record the conversation permits a party who does not wish to be recorded to hang up or, if the party decides to continue participating in the recorded conversation, to modify their speech to account for the fact that the conversation is being recorded.

5.     California Penal Code Section 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code Section 632 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break California

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

1  or any other law, or to invade the privacy rights of any other person.

2        6.     A person who suffers a privacy violation under California Penal Code Section 632 may

3  bring a private action to recover statutory damages. Cal. Penal Code § 637.2. For each such violation,

4  the injured party is entitled to the greater of the following amounts: $5,000 or three times the amount

5  of any actual damages sustained. Cal. Penal Code § 637.2(a).

6        7.     A plaintiff in such an action may also seek to enjoin further violations of the Act. Cal.

7  Penal Code § 637.2(b).

8        8.     Plaintiff brings this Complaint on behalf of himself and all other California residents

9  whose outbound telephone conversations were surreptitiously recorded by Defendants between July

10  13, 2006 and the present (the "Class Period").

11        9.     Plaintiff and the Class could not, and did not, consent to Defendants' recording of their

12  outbound telephone conversations because Defendants did not warn Plaintiff and the Class that these

13  conversations were recorded. Like all members of the public, Plaintiff and the Class had an

14  objectively reasonable expectation that their telephone conversations were confidential

15  communications that would not be overheard or recorded. Defendants thus violated the statutory rights

16  to privacy of Plaintiff and the Class under the Act. Accordingly, Plaintiff, on behalf of himself and the

17  Class, prays for statutory damages and injunctive relief pursuant to California Penal Code Section

18  637.2.

19        10.     All of the allegations contained in this Complaint are based upon information and

20  belief, except for those pertaining to Plaintiff and his counsel. Plaintiff's information and belief are

21  based upon, among other things, the investigation that Plaintiff and his counsel have conducted to

22  date. The allegations in this Complaint are substantiated by evidentiary support, or are likely to be

23  substantiated by evidentiary support upon further investigation and discovery.

24                          **PARTIES**

25        11.     Plaintiff is, and at all material times has been, a resident of the County of Los Angeles,

26  State of California.

27        12.     Defendant CAPITAL ONE is, and at all material times has been, a corporation

28  organized and existing under the laws of the State of Delaware, with headquarters in McLean,

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

3

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

1  Virginia. CAPITAL ONE is legally operating and authorized to so legally operate and conduct

2  business under the laws of the State of California and regularly conducts business in Los Angeles

3  County, State of California.

4          13.     The Defendants sued by the fictitious names DOES 1 through 20 are persons or entities

5  whose true names and identities are currently unknown to Plaintiff. Plaintiff will amend this

6  Complaint to allege the true names and capacities of these fictitiously named Defendants when they

7  are ascertained. Each of the fictitiously named Defendants is responsible for the conduct alleged in

8  this Complaint. Through their conduct, the fictitiously named Defendants actually and proximately

9  caused the damages of Plaintiff and the Class.

10          14.     In this Complaint, Defendant CAPITAL ONE and Defendants DOES 1 through 20,

11  inclusive, are sometimes referred to individually as "Defendant," and are sometimes referred to

12  collectively as "Defendants," or "the Defendants."

13          15.     At all times mentioned herein, each Defendant was acting as the agent and/or employee

14  of each of the remaining Defendants and was at all times acting within the purpose and scope of such

15  agency and employment. In doing the acts alleged herein, each Defendant, and its officers, directors,

16  members, owners, principals, or managing agents (where the defendant is a corporation, limited

17  liability company, or other form of business entity) authorized and/or ratified the conduct of each

18  other Defendant and/or of his/her/its employees.

19                                 **JURISDICTION AND VENUE**

20          16.     This Court has subject matter jurisdiction over this matter pursuant to Article VI,

21  section 10 of the California Constitution; California Penal Code Section 637.2; and other statutes.

22          17.     Venue is appropriate in the County of Los Angeles because Plaintiff resides in Los

23  Angeles County. As a result, Defendant CAPITAL ONE's violations and liability to Plaintiff arose in

24  Los Angeles County. *See* Cal. Civ. Proc. Code § 395.5. Additionally, Plaintiff is informed, believes,

25  and thereupon alleges that a substantial portion of Defendant CAPITAL ONE's unlawful conduct

26  occurred in Los Angeles County. *See id.*

27  ///

28  ///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

KIESEL BOUCHER LARSON LLP<br>Attorneys at Law<br>Beverly Hills, California

## FACTUAL BACKGROUND

18.     Plaintiff is informed, believes, and thereupon alleges that during the Class Period, Defendants have utilized certain computer hardware and software technology ("Call Recording Technology") to execute a company-wide policy and practice of recording all telephone conversations with consumers.

19.     Plaintiff is further informed, believes, and thereupon alleges that Defendants installed and/or utilized Call Recording Technology on all of their consumer-facing telephone lines. This Call Recording Technology enabled Defendants to record all of their telephone conversations with consumers, and allowed them to store and listen to these recordings for various business purposes.

20.     Plaintiff is further informed, believes, and thereupon alleges that Defendants' employees, agents, and representatives were directed, trained, and instructed to, and did, record telephone conversations with consumers.

21.     Plaintiff is further informed, believes, and thereupon alleges that consumers who made inbound telephone calls to the Defendants during the Class Period were provided automated, pre-recorded warnings by the Defendants, at the outset of each inbound telephone conversation, warning all parties to the call that the telephone conversation was recorded.

22.     Plaintiff is further informed, believes, and thereupon alleges that, by contrast, during the Class Period, Defendants did not provide any verbal warnings or automated, pre-recorded warnings to consumers who received outbound telephone calls from Defendants that the telephone conversation was recorded. Plaintiff is further informed, believes, and thereupon alleges that, during the Class Period, Defendants did not provide any periodically repeated, audible "beep tone" or other sound throughout the duration of an outbound telephone conversation to warn consumers who received the call from Defendants that the call was recorded.

23.     Beginning in or about August 2011, Plaintiff received a series of telephone calls from employees, agents, or representatives of the Defendants. Plaintiff is informed, believes, and thereupon alleges that Defendants recorded these outbound telephone conversations. Defendants failed to verbally warn Plaintiff, at the outset of each telephone conversation, of Defendants' intent to record the conversation. Defendants failed to provide an automated, pre-recorded warning or a periodically

5<br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   repeated beep tone or other sound to warn Plaintiff on each such call that the conversation was being

2   recorded. Plaintiff did not provide Defendants with consent to record these telephone conversations.

3                            <u>**CLASS ACTION ALLEGATIONS**</u>

4         24.     Plaintiff brings this action, on behalf of himself and all others similarly situated, as a

5   class action pursuant to California Code of Civil Procedure Section 382. This action may be brought

6   and properly maintained as a class action, pursuant to the provisions of California Code of Civil

7   Procedure Section 382 because there is a well-defined community of interest in the litigation and the

8   proposed Class is readily ascertainable:

9         25.     <u>**Class Definition**</u>. The proposed, plaintiff Class that Plaintiff seeks to represent is

10  composed of and defined as follows: All California residents who received one or more outbound

11  telephone calls from employees, agents, or representatives of Capital One Financial Corporation,

12  between July 13, 2006 and the present and did not receive a warning that their telephone conversations

13  were recorded.

14        26.     Excluded from the Class are Defendants named herein; officers and directors of

15  Defendants; members of the immediate family of any Defendant; any judges or justices to whom this

16  action is assigned and their immediate families; and the legal representatives, heirs, successors, or

17  assigns of any such excluded party.

18        27.     <u>**Numerosity and Ascertainability**</u>. The members of the Class are so numerous that

19  joinder of all members is impracticable. The precise number of Class members is unknown to Plaintiff

20  at this time, however, Plaintiff estimates that there are likely thousands of putative class members.

21  Moreover, the precise number of Class members and their addresses may be obtained from a review of

22  Defendants' own records. This information may then be used to contact potential Class members.

23        28.     <u>**Typicality**</u>. Plaintiff is a member of the Class. His claims are typical of the claims of

24  other members of the Class that he seeks to represent. Plaintiff alleges that Defendants systematically

25  recorded outbound telephonic conversations without warning all parties to these confidential

26  communications that the conversations were recorded, in violation of the privacy rights of the Plaintiff

27  and the Class under the Act. The harm that Plaintiff and all other class members suffered arose from,

28  and was caused by, the same conduct by Defendants. Defendants have acted, or refused to act, on

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

1    grounds generally applicable to the Class, thereby making injunctive relief and statutory damages

2    pursuant to California Penal Code Section 637.2 appropriate with respect to the Class as a whole.

3        29.    **Adequacy of Representation**. Plaintiff will fairly and adequately represent and protect

4    the interests of the Class members. Plaintiff has retained counsel that is competent and experienced in

5    consumer class action litigation to ensure such protection. Plaintiff and his counsel intend to prosecute

6    this action vigorously for the benefit of the Class. Plaintiff has no interests that are antagonistic to

7    those of the Class. Plaintiff has no interests that are in conflict with those of the Class.

8        30.    **Superiority**. A class action is superior to other available methods for the fair and

9    efficient adjudication of this controversy for several reasons. First, it is unlikely that putative Class

10   members will pursue individual litigation because, unless notice is sent to each putative Class member

11   whose telephone conversation was recorded, most Class members will have no way to know that their

12   privacy rights under the Act were violated. The very nature of Defendants' surreptitious recording

13   likely precludes knowledge of these privacy violations. Second, since the harm suffered by each Class

14   member is too small and/or too complex to warrant individual pursuit, a class action is the only viable

15   method to obtain damages and other relief from Defendants for its violations of the Act. Third, class

16   treatment would be superior to adjudicating individual cases due to the much greater expense and

17   burden that individual litigation would impose upon the courts. Fourth, if the Class members sought

18   relief through individual actions, inconsistent or varying adjudications in their individual cases could

19   establish incompatible standards of conduct for the Defendants. Defendants should not have an

20   opportunity to escape redress for their systematic violations of the Act because individual Class

21   members are unaware that their privacy rights were violated, because individual cases would be too

22   small or complex to bring, because of the expense and burden of bringing an individual action, or

23   because of the establishment of incompatible standards of conduct for Defendants through numerous

24   individual actions.

25       31.    **Predominance of Common Questions of Law and Fact**. There exists a well-defined

26   community of interest in the questions of law and fact involved in this case against Defendants, and in

27   obtaining appropriate relief for Defendants' statutory violations of the Act. The following questions of

28   law and fact common to the Class predominate over any individualized issues:

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

a. Whether, during the Class Period, Defendants had a policy and practice of recording all telephone conversations with consumers, including all outbound telephone conversations with consumers;

b. Whether, during the Class Period, Defendants installed Call Recording Technology to implement their policy of recording all telephone conversations with consumers, including all outbound telephone conversations with consumers;

c. Whether, during the Class Period, the Defendants' employees, agents, or representatives were directed, trained, and instructed to, and did, record all of the Defendants' telephone conversations with consumers, including all outbound telephone conversations with consumers, in order to implement the Defendants' policy and practice of recording all telephone conversations with consumers;

d. Whether, during the Class Period, Defendants' policy and practice of recording all telephone conversations with consumers, including all outbound telephone conversations with consumers, included a policy and practice of warning Class members, including the Plaintiff, at the outset of each recorded telephone conversation that the telephone conversation was recorded;

e. Whether, during the Class Period, Defendants failed to warn Class members who participated in an outbound telephone conversation with the Defendants that the telephone conversation was recorded;

f. Whether Defendants' recording of Plaintiff's and Class members' outbound telephone conversations without warning during the Class Period constitutes violations of California Penal Code Section 632;

g. Whether Plaintiff and Class members are entitled to recover statutory damages in the amount of $5,000 for each violation of California Penal Code Section 632 pursuant to Section 637.2(a)(1); and

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

h.  Whether Plaintiff and Class members are entitled to injunctive relief pursuant to California Penal Code Section 637.2(b) to enjoin or restrain the Defendants from committing further violations of Penal Code Section 632.

32.  The core factual and legal issues are the same for all Class members: whether the Class member received one or more outbound telephone calls from an employee, agent, or representative of Defendants during the Class Period; whether, during this telephone conversation, Defendants warned the Class member that the telephone conversation was recorded; and a formulaic calculation of statutory damages of $5,000 per violation plus injunctive relief, pursuant to California Penal Code Section 637.2.

33.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## CAUSE OF ACTION

## DEFENDANTS' STATUTORY INVASION OF PRIVACY

## IN VIOLATION OF CALIFORNIA PENAL CODE SECTION 632

34.  Plaintiff realleges and reincorporates herein by this reference Paragraphs 1 through 33, inclusive, as though set forth in full herein.

35.  At all material times, California Penal Code Section 632 was in full force and effect and was binding upon Defendants, and existed for the benefit of the Class members, including Plaintiff, all of whom are and/or were protected by the Act.

36.  Plaintiff is informed, believes, and thereupon alleges that Defendants installed and/or caused to be installed Call Recording Technology on the telephone lines of all employees, agents, or representatives of Defendants who made or received consumer-facing telephone calls during the Class Period.

37.  Plaintiff is further informed, believes, and thereupon alleges that Defendants maintained and utilized this Call Recording Technology with the intent to record each and every telephone conversation with consumers, and carry out Defendants' policy of recording each and every telephone conversation with consumers, during the Class Period.

///

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

38.     Plaintiff is further informed, believes, and thereupon alleges that Defendants further directed, trained, and instructed their employees, agents, or representatives to record all telephone conversations with consumers in order to carry out this policy and practice during the Class Period.

39.     Plaintiff is further informed, believes, and thereupon alleges that Defendants' policy and practice of recording all telephone conversations with consumers failed to include a policy and practice that its employees, agents, or representatives warn Class members, including Plaintiff, who received outbound telephone calls from Defendants during the Class Period that these outbound telephone conversations were recorded by Defendants.

40.     Plaintiff is further informed, believes, and thereupon alleges that Defendants failed to warn the Class members, including the Plaintiff, at the outset of each and every outbound telephone conversation initiated by Defendants during the Class Period that the conversation was recorded.

41.     Defendants violated California Penal Code Section 632 by recording outbound telephone conversations with Class members, including Plaintiff, initiated by Defendants during the Class Period, without the consent of all parties to these conversations.

42.     California Penal Code Section 637.2 is a manifestation of the California Legislature's determination that the privacy invasion arising from the non-consensual recording of a confidential communication constitutes an affront to human dignity that warrants a minimum of $5,000 in statutory damages per violation, even in the absence of proof of actual damages, as well as injunctive relief enjoining further violations. Defendants' surreptitious recordings of the confidential communications of Plaintiff and the Class caused injury to Plaintiff and the Class in the form of an affront to their human dignity.

43.     Based upon the foregoing, the Class members, including the Plaintiff, are entitled to, and below do pray for, statutory damages for each of Defendants' violations of California Penal Code Section 632 and for injunctive relief, as provided under Penal Code Section 637.2.

44.     The one-year statute of limitations provided for under California Code of Civil Procedure Section 340 does not bar the Plaintiff or the Class members from recovering statutory damages pursuant to California Penal Code Section 637.2 for any violations that occurred one year before the filing of this Complaint, because the delayed discovery doctrine applies to toll claims

brought under the Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, hereby prays that the Court determine that this action may be maintained as a class action and further prays that the Court enter judgment in his favor and against the Defendants, as follows:

1. For statutory damages pursuant to California Penal Code Section 637.2(a)(1) in the amount of $5,000 per violation of Penal Code Section 632;

2. For entry of a preliminary and permanent injunction pursuant to California Penal Code Section 637.2(b) prohibiting the Defendants from continuing to violate Penal Code Section 632; and

3. For such other and further relief as the Court may deem just and proper.

DATED: December 1, 2011

Respectfully submitted,

KIESEL BOUCHER LARSON LLP

By: _____
PAUL R. KIESEL
JEFFREY A. KONCIUS
SHEHNAZ M. BHUJWALA
E. GLENN ANAISCOURT

LAW OFFICES OF KENNETH M. LIPTON
KENNETH M. LIPTON

Attorneys for Plaintiff STANLEY NADER and all others similarly situated

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

1

## DEMAND FOR JURY TRIAL

2      Plaintiff, on behalf of himself and the Class of all others similarly situated, demands a trial by

3   jury as to all issues so triable.

4

5   DATED: December 1, 2011          Respectfully submitted,

6                                    KIESEL BOUCHER LARSON LLP

7

8                          By: _____

9                                    PAUL R. KIESEL
                                     JEFFREY A. KONCIUS
10                                   SHEHNAZ M. BHUJWALA
                                     E. GLENN ANAISCOURT
11

12                                   LAW OFFICES OF KENNTH M. LIPTON
                                     KENNETH M. LIPTON
13

14                                   Attorneys for Plaintiff STANLEY NADER and all
                                     others similarly situated
15

16

17

18

19

20

21

22

23

24

25

26

27

28

KIESEL BOUCHER LARSON LLP
Attorneys at Law
Beverly Hills, California

12
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# EXHIBIT B

RECEIVED

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| Shehnaz M. Bhujwala, Esq.<br>KIESEL BOUCHER LARSON LLP<br>8648 Wilshire Blvd.<br>Beverly Hills, CA 90211 | 223484 | JAN 2 3 2012<br>ROOM 102 |
| ATTORNEY FOR (Name): Plaintiffs | | ORIGINAL FILED |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
111 N. Hill St., Los Angeles, CA 90012

JAN 3 0 2012

LOS ANGELES
SUPERIOR COURT

PLAINTIFF:
STANLEY NADER, et al.

DEFENDANT:
CAPITAL ONE FINANCIAL CORPORATION

| **AMENDMENT TO COMPLAINT**<br>**(Fictitious /Incorrect Name)** | CASE NUMBER<br>BC474559 |
|---|---|

☐ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

| FICTITIOUS NAME |
|---|
| |

and having discovered the true name of the defendant to be:

| TRUE NAME |
|---|
| |

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

☑ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

| INCORRECT NAME |
|---|
| CAPITAL ONE FINANCIAL CORPORATION |

and having discovered the true name of the defendant to be:

| TRUE NAME |
|---|
| CAPITAL ONE BANK (USA), N.A. |

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 1/20/12 | SHEHNAZ M. BHUJWALA, ESQ. | *[signature]* |

## ORDER

THE COURT ORDERS the amendment approved and filed.

**MICHAEL LINFIELD**

JAN 3 0 2012

_____
Dated

_____
Judicial Officer

LACIV 105 (Rev. 01/07)
LASC Approved 03-04

**AMENDMENT TO COMPLAINT**
**(Fictitious / Incorrect Name)**

Code Civ. Proc., §§ 471.5,
472, 473, 474

**EXHIBIT C**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 01 2011

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy
    Eugenia Juliano

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
CAPITAL ONE FINANCIAL CORPORATION and DOES 1 through 20,
inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
STANLEY NADER, on behalf of himself and all others similarly
situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>Central District<br>111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>(Número del Caso):<br>BC474559 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Paul R. Kiesel (SBN 119854)/Jeffrey A. Koncius (SBN189803)     Fax No.: (310) 854-0812
KIESEL BOUCHER LARSON LLP, 8648 Wilshire Boulevard, Beverly Hills, CA 90211     Phone No.: (310) 854-4444

| DATE:<br>(Fecha) DEC 01 2011 | Clerk, by JOHN A. CLARKE (Secretario) Eugenia Juliano | , Deputy<br>(Adjunto) |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

# EXHIBIT D

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Paul R. Kiesel (SBN 119854) / Jeffrey A. Koncius (SBN 189803)
KIESEL BOUCHER LARSON LLP
8648 Wilshire Boulevard
Beverly Hills, CA 90211
TELEPHONE NO. (310) 854-4444          FAX NO. (310) 854-0812
ATTORNEY FOR *(Name):* Plaintiff STANLEY NADER

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 01 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Rosa Juliano

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME:
STANLEY NADER v. CAPITAL ONE FINANCIAL CORPORATION

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)    [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC 474 559 |
| | | JUDGE |
| | | DEPT. |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[X] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary   b.[X] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action *(specify):* ONE (1)
5. This case [X] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 1, 2011

PAUL R. KIESEL, ESQ.
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

*LexisNexis® Automated California Judicial Council Forms*



| SHORT TITLE: | CASE NUMBER |
|---|---|
| STANLEY NADER v. CAPITAL ONE FINANCIAL CORPORATION | BC474559 |

CONFORMED COPY
**CONFORMED COPY**
**ORIGINAL FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

**DEC 01 2011**

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy
Eugenia Juliano

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [X] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 10-15 [ ] HOURS/ [X] DAYS

**Item II.** Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |

LACIV 109 (Rev. 01/11)
LASC Draft 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

*LexisNexis® Automated California County Forms*

| SHORT TITLE: | CASE NUMBER |
|---|---|
| STANLEY NADER v. CAPITAL ONE FINANCIAL CORPORATION | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☒ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute (not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

*LexisNexis® Automated California County Forms*

| SHORT TITLE | CASE NUMBER |
|---|---|
| STANLEY NADER v. CAPITAL ONE FINANCIAL CORPORATION | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| STANLEY NADER v. CAPITAL ONE FINANCIAL CORPORATION | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1,** as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| [X]1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | 111 N. Hill Street |

| CITY | STATE: | ZIP CODE: | |
|---|---|---|---|
| Los Angeles | CA | 90012 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____Stanley Mosk_____ courthouse in the _____Central_____ District of the Los Angeles Superior Court [Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)].

Dated: _12-1-11_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 (Rev. 01/07).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/11)
LASC Draft 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

*LexisNexis® Automated California County Forms*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
Case Number _____   BC474559

#### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | | Hon. Holly E. Kendig | 42 | 416 | |
| Hon. J. Stephen Czuleger | 3 | 224 | | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Luis A. Lavin | 13 | 630 | | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Deirde Hill | 49 | 509 | |
| Hon. Rita Miller | 16 | 306 | | Hon. John L. Segal | 50 | 508 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rex Heeseman | 19 | 311 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Kevin C. Brazile | 20 | 310 | | Hon. Steven J. Kleifield | 53 | 513 | |
| Hon. Zaven V. Sinanian | 23 | 315 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | | Hon. Michael Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | | Hon. Kenneth R. Freeman | 64 | 601 | |
| Hon. Charles F. Palmer | 33 | 409 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Amy D. Hogue | 34 | 408 | | Hon. Ramona See | 69 | 621 | |
| Hon. Daniel Buckley | 35 | 411 | | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Joanne O'Donnell | 37 | 413 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. William F. Fahey | 78 | 730 | |
| Hon. Michael C. Solner | 39 | 415 | | **Hon. Emilie H. Elias*** | **324** | **CCW** | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | Other | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | | | |

#### *Class Actions
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

**EXHIBIT E**

**ORIGINAL FILED**

NOTICE SENT TO:

Kiesel, Paul R., Esq.
Kiesel Boucher & Larson LLP
8648 Wilshire Blvd.
Beverly Hills,      CA  90211-2910

FILE STAMP

JAN 1 9 2012

LOS ANGELES
SUPERIOR COURT

---

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| STANLEY NADER<br><br>                   Plaintiff(s),<br>      VS.<br><br>CAPITAL ONE FINANCIAL CORPORATION<br>                   Defendant(s). | CASE NUMBER<br><br>BC474559<br><br>**NOTICE OF CASE<br>MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for  April 11, 2012  at  8:32 am  in  Dept. 10 at 111 North Hill Street, Los Angeles, California  90012.

**NOTICE TO DEFENDANT:**      **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedeure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date:  January 19, 2012

**MICHAEL LINFIELD**

Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ✓ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.

Date:  January 19, 2012

John A. Clarke, Executive Officer/Clerk

by  **V. GALINDO**              , Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

**EXHIBIT F**

1   **DLA PIPER LLP (US)**
    PERRIE M. WEINER (SBN 134146)
2   EDWARD D. TOTINO (SBN 169237)
    GRANT P. ALEXANDER (SBN 228446)
3   MONICA N. DOURNAEE (SBN 268109)
    2000 Avenue of the Stars
4   Suite 400 North Tower
    Los Angeles, California  90067-4704
5   Tel:    (310) 595-3000
    Fax:   (310) 595-3300
6
    Attorneys for Defendant
7   CAPITAL ONE BANK (USA), N.A.

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                       **FOR THE COUNTY OF LOS ANGLES**

10

11

12   STANLEY NADER, on behalf of himself        CASE NO.  BC474559
     and all others similarly situated,
13                                              **NOTICE TO CLERK OF THE SUPERIOR**
                       Plaintiff,               **COURT AND TO PLAINTIFF STANLEY**
14                                              **NADER OF REMOVAL OF CIVIL ACTION**
            v.                                  **TO UNITED STATES DISTRICT COURT**
15   CAPITAL ONE BANK (USA), N.A. and
     DOES 1 through 20,                         Complaint Filed:    December 1, 2011
16
                       Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

WEST\229457813.1

NOTICE OF REMOVAL

1  **TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF**

2  **STANLEY NADER AND HIS ATTORNEYS OF RECORD:**

3       **PLEASE TAKE NOTICE THAT** on February 13, 2012, Defendant Capital One Bank

4  (USA), N.A. ("Defendant") caused to be filed a Notice of Removal in this action in the United

5  States District Court for the Central District of California.  A copy of that notice is attached to this

6  Notice and is served and filed herewith.

7       **PLEASE TAKE FURTHER NOTICE THAT**, pursuant to 28 U.S.C. § 1446, the filing

8  of the Notice of Removal in the United States District Court effectuates the removal of this

9  action.  Accordingly, no further proceedings should take place in this Court unless and until the

10  case has been remanded.

11

12  Dated:  February 13, 2012          **DLA PIPER LLP (US)**

13

14  By _____

15      PERRIE M. WEINER
    EDWARD D. TOTINO

16      GRANT P. ALEXANDER
    MONICA N. DOURNAEE

17      Attorneys for Defendant
    CAPITAL ONE BANK (USA), N.A.

18

19

20

21

22

23

24

25

26

27

28

DLA Piper LLP (US)
Los Angeles

WEST\229457813.1                  -1-

NOTICE OF REMOVAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV12- 1265 GAF  (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Stanley Nader | Capital One Bank (USA), N.A. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>See attachment | Attorneys (If Known)<br>Perrie Weiner, Edward Totino<br>DLA Piper LLP (US)<br>2000 Avenue of the Stars, Suite 400, North Tower<br>Los Angeles, CA 90067<br>(310) 595-3000 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify):

☐ 6 Multi-District Litigation

☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No    ☒ MONEY DEMANDED IN COMPLAINT: $ 5,001,000.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. sections 1332, 1441, 1446, and 1453 - class action removed under CAFA.

Alleged violation of California Penal Code section 632 for recording of customer telephone calls.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**    Case Number:    CV 12 1265

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

American LegalNet, Inc.
www.FormsWorkflow.com

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☒ Yes

If yes, list case number(s): CV11-10262 DSF (RZx)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☒ A. Arise from the same or closely related transactions, happenings, or events; or

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Virginia |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date February 13, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

Attachment to Civil Cover Sheet

(c)      Paul Kiesel
         Jeffrey Koncius
         E. Glenn Anaiscourt
         Kiesel Boucher Larson LLP
         8648 Wilshire Boulevard
         Beverly Hills, California 90211
         (310) 854-4444

         Kenneth Lipton
         Law Offices of Kenneth Lipton
         5900 Sepulveda Boulevard, Suite 400
         Van Nuys, California 91411
         (818) 780-3562