PERRIE M. WEINER (SBN 134146)
perrie.weiner@dlapiper.com
EDWARD D. TOTINO (SBN 169237)
edward.totino@dlapiper.com
GRANT P. ALEXANDER (SBN 228446)
grant.alexander@dlapiper.com
MONICA N. DOURNAEE (SBN 268109)
monica.dournaee@dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars,
Suite 400 North Tower
Los Angeles, California  90067-4704
Tel:   (310) 595-3000
Fax:   (310) 595-3300

Attorneys for Defendant
CAPITAL ONE BANK (USA), N.A.

[*Counsel for Plaintiff are listed on signature page*]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY NADER, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>CAPITAL ONE BANK (USA), N.A., and DOES 1 through 20,<br><br>                    Defendants. | CASE NO.  CV12 1265 DSF (RZx)<br><br>**JOINT RULE 26(f) REPORT AND DISCOVERY PLAN**<br><br>Scheduling Conference:<br>Date:     June 4, 2012<br>Time:     11:00 a.m.<br>Place:    Courtroom  840 - Roybal<br><br><br>Complaint Filed: December 1, 2011 |

WEST\232858838.3

JOINT RULE 26(F) REPORT AND DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and this Court's February 24, 2012 Order Setting Scheduling Conference for June 4, 2012 at 11:00 a.m., Plaintiff Stanley Nader ("Plaintiff") and Defendant Capital One Bank (USA), N.A. ("Defendant" or "Capital One") respectfully submit this Joint Rule 26(f) Report and Discovery Plan.  Counsel for the Parties conferred on May 14, 2012 and submit the following joint statement:

### A. Statement of the Case

#### 1. Plaintiff's Statement

Capital One is a banking institution that provides financial products and services to consumers.  Plaintiff, a California resident, received a series of telephone calls from Capital One beginning in or about August, 2011. (Compl. at ¶¶ 11, 23.)  Plaintiff alleges that Capital One recorded these outbound telephone conversations and it failed to provide any warning to Plaintiff, at the outset of each telephone conversation, of its intent to do so. (Id.)

Plaintiff contends that Capital One's failure to provide warnings to Plaintiff that these telephone conversations were recorded violates California's Invasion of Privacy Act (Cal. Penal Code § 630 et seq.) ("Privacy Act").  Penal Code section 632 prohibits the secret recording of telephone conversations, and Penal Code section 637.2 provides that any individual injured by a violation of the Privacy Act may bring a civil action against the violator for damages and injunctive relief.  This action seeks damages and relief on behalf of Plaintiff and all other California residents whose outbound telephone conversations were surreptitiously recorded by Capital One between July 13, 2006 and the present (the "Class Period").  (Compl. at ¶¶ 8; 25-26.)  The Class Period is defined in this manner because, on July 13, 2006, the California Supreme Court put out-of-state businesses like Capital One on notice that they must comply with California's Privacy Act. *See Kearney v. Salomon Smith Barney, Inc.*, 39 Cal.4th 95, 131-32 (2006).  Plaintiff seeks statutory

damages and injunctive relief pursuant to California Penal Code section 637.2 for each violation of Penal Code section 632.

There are presently other putative class action cases against Capital One for alleged violations of California Penal Code section 632 pending in federal court. Plaintiff was the first to file a Class Action Complaint against Capital One for alleged violations of California Penal Code section 632, in the Superior Court of California, County of Los Angeles on December 1, 2011. Plaintiff's case was subsequently removed by Capital One on February 11, 2012 under CAFA, assigned Case No. CV-12-01265-GAF (AJWx), and then transferred to this Court by court order.

On December 12, 2011 a second, putative class action case captioned *Jamie Phillips v. Capital One Bank (U.S.A.) N.A.*, Case No. CVI 1-10262 DSF (RZx) was filed against Capital One in the United States District Court, Central District of California, Eastern Division. The Phillips case was assigned to this Court, but has since been dismissed without prejudice.

On January 11, 2012, a third putative class action case captioned *Jarret Olson v. Capital One Financial Corporation*, Case No. BC476827 was filed against Capital One in the Superior Court of California, County of Los Angeles. The Olson case has since been removed to federal court under CAFA, assigned Case No. CV12-01772 DSF (RZx) and is presently pending before this Court as well. Capital One filed a Notice of Related Case [Docket No. 3] on February 13, 2012.

A fourth putative class action case, *Nina Afrasiabi v. Capital One Bank (USA) N.A.*, was filed against Capital One on March 1, 2012, in the United States District Court for the Southern District of California, Case No. 12-CV-0518 IEG (DHB), and is currently pending before the Honorable District Court Judge Irma Gonzalez. On May 16, 2012, Plaintiff in this case filed a Notice of Related Case advising the Court of the existence of the Afrasiabi case. (Docket No. 15.) Plaintiff believes these cases are related and would not oppose any transfer of the case to the

Central District of California. Indeed, to the extent the case is transferred to the Central District, Plaintiff believes the case should be assigned to this Court in order to conserve court resources.

Plaintiff's action and the other pending actions against Capital One, which have been noticed as related to this Court (Dkt. Nos. 3 and 15), will be the subject of a forthcoming motion to consolidate cases. Plaintiff's forthcoming motion will include a request to appoint a leadership structure so that the various actions are run in the most efficient manner possible.

**2.     Defendant's Statement**

As detailed above, this case is one of four (4) putative class actions filed against Capital One regarding the recording or monitoring of telephone calls for quality assurance. All but one of these cases is or was pending before this court. The fourth case, brought by Plaintiff Nina Afrasiabi, was filed in the Southern District of California. Capital One has discussed with Plaintiff Nina Afrasiabi's counsel stipulating to transfer the case to this Court so it can be related and coordinated with this case, and understands that they are likely to so stipulate. If they will not stipulate, Capital One intends to file a motion transfer pursuant to 28 U.S.C. § 1404 on the bases that plaintiff Afrasiabi resides in this district and that it would be more convenient for the parties for the case to be handled here. Capital One believes that all three (3) cases should be consolidated pursuant to Rule 42 of the Federal Rules of Civil Procedure.

In recent years, enterprising plaintiffs' lawyers have filed dozens of telephone recording class actions in both state and federal courts located in California. In none of these cases including this case have any actual damages been suffered by the plaintiffs or the putative classes. Despite this utter lack of harm, plaintiffs claim violations of California Penal Code section 632 and seek millions of dollars in undeserved "statutory" damages under Penal Code section 637.2. Plaintiffs are not entitled to these damages. Indeed, as demonstrated in

Capital One's pending motion to dismiss, the application of California law to the interstate calls made by a national bank is barred by the Commerce Clause of the United States Constitution and preempted by other federal law. Plaintiff should recover nothing in this action.

**B. The Statutory Basis for Jurisdiction and Venue**

Capital One removed the above-captioned action from state court on February 10, 2012. Capital One maintains that this Court has jurisdiction over all causes of action asserted herein under the Class Action Fairness Act ("CAFA") because there exists diversity of citizenship for purposes of CAFA and because the amount in controversy plead in the Complaint exceeds $5 million. Specifically, at least one member of the putative class is a citizen of a State different from Capital One.

Plaintiff does not contest that this Court is the proper jurisdiction and venue for this action.

**C. Legal Issues**

**1. Plaintiff's Statement**

Plaintiff contends that the following are key legal issues in this putative class action case:

1. Whether Capital One's recording of Plaintiff's and Class members' outbound telephone conversations without warning during the Class Period constitutes violations of California Penal Code Section 632;

2. Whether Plaintiff and Class members are entitled to recover statutory damages in the amount of $5,000 for each violation of California Penal Code Section 632 pursuant to Section 637.2(a)(l); and

3. Whether Plaintiff and Class members are entitled to injunctive relief pursuant to California Penal Code Section 637.2(b) to enjoin or restrain Capital One from committing further violations of Penal Code Section 632.

Plaintiff intends to bring a motion to certify this case as a class action so as to resolve on a classwide basis the above legal issues.

### 2. Defendant's Statement

Capital One anticipates that the following legal issues will be resolved by the Court, among others: (1) whether the application of California Penal Code section 632 to the telephone calls made by Capital One is barred or preempted by the Commerce Clause or other federal law; (2) whether Capital One's written agreements and notifications with its customers about recording or monitoring telephone calls take the calls outside the definition of confidential communication contained in Penal Code section 632(c) or provide consent to recording under Penal Code section 632(a); (3) whether the facts and circumstances of the telephone calls at issue are such that the callers may reasonably expect that the calls may have been overheard or recorded; (4) whether that statutory damages available under Penal Code section 637.2 are limited to $5,000 for the entire action; (5) whether to obtain more than $5,000 in this action, Plaintiff and the putative class is required to prove actual damages; and (6) whether a class action is appropriate in this case.

### D. Parties, Evidence, etc.

Plaintiff and Capital One hereby identify the following parties and percipient witnesses known to them at this time, without the benefit of discovery or Initial Disclosures:

1. Plaintiff.

2. Corporate Representatives of Defendant and other percipient witnesses that Defendant may identify in Initial Disclosures.

3. Potential third-parties that provide call recording technology products or services to Defendant.

Plaintiff contends that the audio recordings (sound files) of telephone calls with California consumers that were recorded by Defendant, and any attendant notes, transcriptions, screen captures, call detail data, service agent evaluation

1  forms, will be key evidence of the alleged violations of Penal Code section 632 in
2  this case.  Given the importance of such evidence to the key issues in this case,
3  Plaintiff respectfully requests that Capital One produce such evidence at the outset
4  of this case as part of its Initial Disclosure.

5  Moreover, Plaintiff contends that documents that relate to Defendant's call
6  recording policies and practices during the Class Period, as well as Defendant's
7  archiving policies and practices for the above-described and other documents and
8  items, will be key evidence in this case. Further, Plaintiff contends that documents
9  that relate to the call recording technology implemented by Defendant to record
10 telephone conversations, including manuals, other instructional materials,
11 specifications, and service logs will be key evidence in this case:

12       4.    Capital One believes that its written agreements and disclosures with
13 Plaintiff and the putative class members regarding the recording of telephone calls
14 will be relevant to the resolution of this case.  In fact, Capital One contends that
15 these written agreements and disclosures will be dispositive of Plaintiff's case and
16 requests that in order to preserve the resources of the Court and the parties, initial
17 discovery be limited to these agreements and disclosures and that no other
18 discovery take place until the Court rules on whether these disclosures and
19 agreements negate Plaintiff's and the putative class's claim.

20   **E.    Damages**
21        **1.    Plaintiff's Position**

22  In addition to Plaintiff's request for injunctive relief pursuant to Penal Code
23 section 637.2(b) to require Capital One to notify participants to each telephone call,
24 at the outset of the call, of Capital One's intent to record the telephone conversation
25 in compliance with Penal Code section 632, Plaintiff seeks, on behalf of himself
26 and a putative class of others similarly situated, the $5,000 amount of statutory
27 damages provided under Penal Code section 637.2(a)(1) for *each violation* of Penal
28

Code section 632, as well as pre-and-post judgment interest at an amount to be determined at trial.

As specified under Penal Code section 637.2(c), "[i]t is not a necessary prerequisite to an action pursuant to this section that the plaintiff has suffered, or be threatened with, actual damages."

The calculations of the statutory damages for Plaintiff and putative class members as a whole depends on the number of telephone conversations with Plaintiff and putative class members that Capital One secretly recorded in violation of Penal Code section 632 during the proposed class period.

### 2. Defendant's Position

Capital One contends that it did not secretly record telephone calls and that, in any event, the statutory damages available under Penal Code section 637.2 are limited to $5,000 for the entire action, To obtain additional damages, Plaintiff and the putative class members have to prove actual damages, of which there are none.

## F.  Insurance

Capital One is self insured for the relevant amount.

## G.  Motions

### 1. Plaintiff's Position

Plaintiff's action and the other pending actions against Capital One, which have been noticed as related to this Court (Dkt. Nos. 3 and 15), will be the subject of a motion to consolidate cases and appoint a leadership structure so that the various actions are run in the most efficient manner possible. The motion may also involve a request for leave to file a consolidated complaint. Counsel for Plaintiff and Defendant already met and conferred regarding this forthcoming motion, in satisfaction of Local Rule 37-1, and Defendant has advised that it generally does not oppose such motion.

Plaintiff also intends to file a Motion for Class Certification ("Motion"). Per the Court's March 30, 2012 Order, the Court vacated the May 8, 2012 deadline for

1 Plaintiff to file the Motion and will re-set the same at the June 4, 2012 Scheduling
2 Conference.  Plaintiff contends that the deadline should be re-set for 180 days after
3 any answer is filed to the operative complaint in the case.  Such a schedule is
4 warranted because Capital One's Motion to Dismiss remains under submission and
5 the Court potentially may grant the Motion with leave to amend, thereby requiring
6 Plaintiff to file an amended complaint which itself may be subject to another motion
7 to dismiss by Capital One.  Basing the deadline for Plaintiff to file his Motion off
8 the date an answer is filed will allow the parties to conduct meaningful discovery
9 after the pleadings are at issue.  Plaintiff may also file a motion for summary
10 judgment against Capital One following completion of discovery.

### 2. Defendant's Position

Capital One filed a motion to dismiss the action on March 30, 2012 (Docket No. 12) with a hearing set for June 25, 2012.  If necessary, Capital One may file a motion for summary judgment and/or a motion to determine that a class cannot be certified on the issues raised in the motion to dismiss as well as the additional of whether the written agreements and disclosures cause the telephone calls at issue to fall outside the definition of confidential communication set forth in California Penal Code section 632(c) and/or provide consent to recording.

### H. Manual for Complex Litigation

This matter is not complex and the Parties contend that the Manual for Complex Litigation (current edition) shall not be required or utilized to facilitate the management of this case.

### I. Status of Discovery

The parties have not conducted discovery to date.

In order to preserve the Court's and the parties resources, Capital One requests that the initial disclosures pursuant to Rule 26(a)(1) be made 14 days after the Court rules on the pending motion to dismiss and only after the *Afrasiabi* case is transferred to the Central District of California and assigned to this Court And all

the pending actions are consolidated.

Plaintiff's position is that the parties should, at a minimum, exchange Initial Disclosures, wherein Capital One provides the subject recordings of Plaintiff's telephone conversations with Defendant and related key evidence in this case. Plaintiff does not believe that the exchange of key information and documents should be delayed pending resolution of Defendant's Motion to Dismiss.

### J.    Discovery Plan

#### 1.    Plaintiff's Position

Plaintiff intends to conduct discovery of the factual underpinnings of the claim against Capital One for the alleged, secret recording of his telephone conversations, and the telephone conversations of other putative class members, in violation of California Penal Code section 632. Plaintiff also anticipates seeking discovery regarding Capital One's telephony and call recording and archiving systems, and policies and procedures related to the alleged violations. The contemplated discovery would be comprised of written discovery requests (Requests for Admission, Requests for Production of Documents, Special Interrogatories) and third party discovery from any third parties who provided Capital One with call recording technology or services, followed by depositions of Capital One's corporate representatives, custodians of records, and other percipient witnesses, and thereafter, potentially, an inspection of Capital One's telephony and call recording and archiving systems.

Plaintiff contends that discovery should not be conducted in phases or be limited to, or focused upon, particular issues. Plaintiff believes that many of the issues regarding class certification overlap with merits-based issues and that bifurcation or even tri-furcation as Defendant recommends, below, of discovery in a case such as this only serves to complicate the discovery process. Indeed, Plaintiff's experience is that implementing discovery in phases oftentimes frustrates the goal of securing "the just, speedy, and inexpensive determination of every action" (Fed.

R. Civ. P. 1) as much time is spent attempting to parse discovery requests rather than simply responding to that discovery.

Further, discovery on the merits of Plaintiff's claims should not be deferred to some later point in the litigation, especially given Capital One's intent to bring a motion for summary judgment prior to class certification. Plaintiff should be able to evaluate any potential, merits-based defenses early in the litigation. Allowing Plaintiff to conduct discovery on purported defenses to Plaintiff's claim will help ensure the just, speedy, and inexpensive determination of this case.

Plaintiff proposes the following discovery schedule with the caveat that discovery be conducted without phasing:

Initial Disclosures Due: Pursuant to Rule 26 of the Federal Rules of Civil Procedure and any applicable Local Rules and court orders.

Class Certification Brief filed: 180 Days after an answer is filed.

Fact Discovery Cut Off: May 1, 2013

Expert Reports: May 3, 2013

Rebuttal Reports: June 3, 2013

Expert Discovery Cut Off: July 1, 2013

**2. Defendant's Position**

Capital One believes that no discovery should take place until if and after (1) the *Afrasiabi* action is transferred and related to the above-captioned action, and (2) Capital One's motion to dismiss is ruled upon and Capital One answers the Complaint. Proceeding in this matter will be efficient because discovery in the three actions can be coordinated and discovery can be limited to the issues that remain in the case after the motion to dismiss is ruled upon.

Once discovery commences, Capital One believes that discovery should be conducted in three phases with the first phase limited to the issue of whether the written agreements and disclosures provide Capital One with a defense to the actions, Since that issue will be dispositive of all three cases, limiting discovery

until that issue is resolved will conserve the resources of the court and the parties. After that issue is ruled upon, the next phase of discovery should be limited to class certification issues such as numerosity, adequacy, typicality, commonality, superiority, and manageability. Only after class certification is decided should the third phase discovery concerning the general merits occur. Conducting discovery in this way will lead to the most efficient resolution of this case.

Capital One intends to serve interrogatories, document requests, and requests for admission, and take the deposition of Plaintiff. Capital One intends to cover the following subjects in this discovery during the appropriate phase: (1) the facts and circumstances of Plaintiff's calls with Capital One; (2) Plaintiff's and/or his employer's agreements with Capital One; and (3) Capital One's disclosures to Plaintiff and/or his employer.

Neither Party requests that the Court change the limitations on discovery imposed under these rules or by local rule, nor do they propose other limitations. The Parties both reserve the right to make additional requests regarding discovery limitations by the deadlines described below, or prior to the discovery cut-off date.

**K.    Discovery Cut-Off**

The Parties submit their respective suggestions for deadlines for discovery cut-off in Exhibit A. Plaintiff is amenable to the schedule proposed but only if the Court does not enter a discovery phasing order. Otherwise the deadlines proposed are unrealistic and likely will need to be set for later dates.

**L.    Expert Discovery**

The Parties anticipate designating expert witnesses in order to support their claims and defenses with regards to Plaintiff's individual claims. If this matter is certified as a class action, both Parties may require additional expert testimony and, thus, further expert discovery. Plaintiff proposes to disclose experts and conduct expert discovery per the Federal Rules of Civil Procedure. Capital One believes that

DLA Piper LLP (US)
Los Angeles

WEST\232858838.3                -11-
JOINT RULE 26(F) REPORT AND DISCOVERY PLAN

the deadline for expert designations should be set after the Court rules on Plaintiff's motion for class certification.

The Parties submit their respective suggestions for deadlines for expert discovery in Exhibit A.

### M.  Dispositive Motions

The Parties submit their respective suggestions for deadlines for dispositive motions in Exhibit A.

Plaintiff reserves the right to file a Motion for Summary Judgment against Capital One.  The central issues would be whether Defendant intentionally and secretly recorded one or more of Plaintiff's telephone conversations in violation of Penal Code section 632, and the formulaic calculation of the statutory damages for each violation ($5,000 per illegally recorded telephone conversation).

In addition to the motion to dismiss already filed by Capital One, if necessary, Capital One may file a motion for summary judgment.  Capital One believes that the following claims or issues may be determined by these motions: (1) whether the application of California Penal Code section 632 to the interstate telephone calls made by Capital One in this action is barred or preempted by the Commerce Clause or other federal law; (2) whether the calls made to plaintiff were confidential communications under Penal Code section 632 in light of the written disclosures made by Capital One and the facts and circumstances of the calls; (3) whether Capital One's written agreement with Plaintiff and/or his employer provided consent to record under Penal Code section 632(a); and (4) whether the statutory damages available in this action are limited to $5,000.

### N.  Settlement

The Parties submit that an evaluation of the case for settlement purposes is premature at this time, without having had the opportunity to engage in discovery or have dispositive motion ruled upon.  However, the Parties agree that ADR Procedure No. 3 (private dispute resolution (L.R. 16-15.4)) is best suited to the

circumstances of the case. The Parties also agree that it would be best to conduct discovery prior to engaging in such efforts, but Capital One believes that such discovery should be limited to its Phase 1 as set forth above. Capital One believes that no productive settlement discussions can take place until it receives a ruling from the Court on whether its written agreements and disclosures regarding recoding of telephone calls dispose of Plaintiff's and the putative class's claims. Plaintiff propose the Honorable Peter D. Lichtman (Ret.) for the mediator. Capital One has not yet reached a decision on using Judge Lichtman or any other mediator The Parties are discussing which mediator to use and will advise the Court of their decision shortly thereafter.

### O. Trial Estimate

#### 1. Plaintiff's Position

Plaintiff estimates that the Parties may complete trial within four court days, 10 hours per side if tried as an individual action. If the case is certified as a class action, Plaintiff estimates that the trial may be completed in five to seven court days.

#### 2. Defendant's Position

Defendant believes that it is difficult to estimate the length of trial at this time given that the contours of any class that might be certified has not be determined, but believe any trial will take at least ten (10) court days.

The Parties agree that a more accurate trial estimate will likely be possible after it is determined whether a class will be certified in this action and, if so, the composition of that class.

///
///
///
///

**P.  Trial Counsel**

The names of the attorneys who will try the case are:

Paul R. Kiesel

Jeffrey A. Koncius

Shehnaz M. Bhujwala

**Kiesel Boucher Larson, LLP**

Andrew Friedman

**Cohen Milstein**

*Counsel for Plaintiff*

Perrie M. Weiner

Edward D. Totino

Grant P. Alexander

Monica D. Dournaee

**DLA Piper LLP (US)**

*Counsel for Defendant*

**Q.  Independent Expert or Master**

The Parties do not believe that an independent expert or master will be helpful at this point in the litigation.

**R.  Timetable**

See attached Exhibit A.

**S.  Severance, Bifurcation Or Other Ordering Of Proof**

In the event that Capital One's dispositive motions are unsuccessful, Capital One may request a bifurcated trial on the issue of whether Capital One's written agreement with and notifications provided to its customers constitute sufficient notice of recording and/or consent to be recorded so as to preclude a claim under Penal Code section 632.

Plaintiff does not believe bifurcation of trial is necessary in this simple case alleging one count for Capital One's violations of California Penal Code

section 632.  The issues are straightforward and simple and the damages are formulaic.

### T.  Other Issues

The Parties have discussed the potential entry of an appropriate stipulated protective order that will facilitate the exchange of discovery in this case and afford confidential treatment to items that the Parties believe in good faith are protected or otherwise confidential under applicable laws.  Capital One has agreed to provide Plaintiff with a draft for review. The Parties anticipate submitting a stipulated protective order for the Court's review and approval shortly.

Given the nature of the case, the Parties are aware of their obligation to preserve relevant evidence, such as Defendant's recordings with its customers during the relevant time periods, including electronically stored information (ESI), and should be taking steps to comply with their obligations.

Dated:  May 25, 2012        **KIESEL BOUCHER LARSON LLP**


By   /s/ PAUL R. KIESEL
    PAUL R. KIESEL
    JEFFREY A. KONCIUS
    SHEHNAZ M. BHUKWALA
    E. GLENN ANAISCOURT

Attorneys for Plaintiff
STANLEY NADER *and all others similarly situated*

| | | |
|---|---|---|
| 1 | Dated: May 25, 2012 | **DLA PIPER LLP (US)** |

By /s/ GRANT P. ALEXANDER
   PERRIE M. WEINER
   EDWARD D. TOTINO
   GRANT P. ALEXANDER
   MONICA N. DOURNAEE
   Attorneys for Defendant
   CAPITAL ONE BANK (USA), N.A.

# **EXHIBIT A**

| Matter:<br>**Nader v. Capital One** | Time | Weeks Before Trial | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|---|---|
| Trial (jury) (court) (length ___ days) (**Tuesday**) | 8:00 am | | 4 court days if individual case; 5-7 if tried as a class action | 10 day court trial | |
| For Court Trial<br>Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | | 3 | November 5, 2013* | November 5, 2013 | |
| Pretrial Conference, LR 16; Hearing on Motions in Limine | 3:00 pm | 4 | October 1, 2013* | October 1, 2013 | |
| For Jury Trial<br>Lodge Pretrial Conference Order, LR 16-7;<br>File Agreed Set of Jury Instructions and Verdict Forms;<br>File Statement Regarding Disputed Instructions, Verdicts, etc.;<br>File Oppositions to Motions in Limine | | 6 | September 16, 2013* | September 16, 2013 | |
| For Jury Trial<br>File Memo of Contentions of Facts and Law, LR 16-4;<br>Exhibit & Witness Lists, LR 16-5, 6;<br>File Status Report Regarding Settlement;<br>File Motions in Limine | | 7 | September 9, 2013* | September 9, 2013 | |
| Last date to conduct Settlement Conf., LR 16-15 | | 12 | August 1, 2013* | August 1, 2013 | |
| Last day for hearing motions, LR 7 | | 14 | July 19, 2013* | July 19, 2013 | |
| Non-expert Discovery Cut-off | | | May 1, 2013* | | |
| Expert Disclosure (initial) | | | May 3, 2013* | May 3, 2013 | |
| Expert Disclosure (rebuttal) | | | June 3, 2013* | June 3, 2013 | |
| Expert Discovery Cut-off | | | July 1, 2013* | July 1, 2013 | |
| Last Date to Amend | | | October 1, | October 1, 2012 | |

| | | | | |
|---|---|---|---|---|
| Pleadings or Add Parties | | | 2012* | |
| Deadline to File Motion for Class Certification | | | 180 days after answer filed to the operative complaint.* | January 28, 2013 |

\* NOTE: Plaintiff's proposed schedule is contingent upon the Court's decision not to enter a discovery phasing order as proposed by Defendant, whereby discovery is separated into *three* phases. If the Court decides that phasing is appropriate, the proposed schedule will need to be altered by extending all proposed deadlines out to afford Plaintiff a reasonable opportunity to conduct class discovery in preparation of the forthcoming certification motion, and conduct merits-based discovery in order to be able to file a motion for summary judgment and prepare for trial.