1  Paul R. Kiesel, State Bar No. 119854
   *kiesel@kbla.com*
2  Jeffrey A. Koncius, State Bar No. 189803
   *koncius@kbla.com*
3  Shehnaz M. Bhujwala, State Bar No. 223484
   *bhujwala@kbla.com*
4  E. Glenn Anaiscourt, State Bar No. 246642
   *ga@kbla.com*
5  KIESEL BOUCHER LARSON LLP
   8648 Wilshire Boulevard
6  Beverly Hills, California 90211-2910
   Tel:   310-854-4444
7  Fax:   310-854-0812

8  Attorneys for Plaintiff, STANLEY
   NADER, on behalf of himself and all
9  others similarly situated.

10 [*Additional Counsel for Plaintiffs Listed
   on Signature Page*]

11

12                UNITED STATES DISTRICT COURT

13        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

14 STANLEY NADER, on behalf of          Case No. CV-12-01265-DSF (RZx)
   himself and all others similarly situated,   [Consolidated with Case Nos.
15                                       CV-12-1772-DSF (RZx) and
          Plaintiff,                     CV-12-4906-DSF (RZx)]
16
      v.                                 CLASS ACTION
17
18 CAPITAL ONE BANK (U.S.A.), N.A.       **CONSOLIDATED CLASS ACTION
   and DOES 1 through 20,                COMPLAINT FOR DAMAGES
19                                       AND INJUNCTIVE RELIEF FOR
          Defendants.                    INVASION OF PRIVACY IN
20                                       VIOLATION OF CALIFORNIA
                                         PENAL CODE SECTIONS 630 *ET
21 AND RELATED CONSOLIDATED             SEQ.***
   CASES
22                                       **DEMAND FOR JURY TRIAL**

23                                       Judge:  Hon. Dale S. Fischer
                                         Crtrm.: 840 - Roybal
24
                                         Trial Date:     November 5, 2013
25

26        Plaintiffs Stanley Nader, Jarett Olson, Nina Afrasiabi, on behalf of themselves

27 and the Class of all other, similarly situated persons defined below, demand a trial by

28 jury and hereby complain and allege upon information and belief as follows:

CONSOLIDATED CLASS ACTION COMPLAINT

# INTRODUCTION

1.     This Consolidated Class Action Complaint challenges the policy and business practice of Defendants CAPITAL ONE BANK (U.S.A.), N.A. ("CAPITAL ONE") and DOES 1 through 20, inclusive (collectively, "Defendants"), who surreptitiously record telephone conversations with consumers in violation of California law. Defendants' policy and practice violate the rights of consumers under California's Invasion of Privacy Act, California Penal Code Section 630 *et seq*. (the "Privacy Act").

2.     California's Constitution enshrines privacy as a protected, inalienable right:

> *All people* are by nature free and independent and *have inalienable rights. Among these are* enjoying and defending life and liberty, acquiring, possessing, and protecting property, and *pursuing and obtaining* safety, happiness, and *privacy.*

Cal. Const. art. I, § 1 (emphasis added).

3.     The Privacy Act enhances and specifically protects the right to privacy by establishing specific protections against unlawful intrusions into private communications, as explained in Penal Code Section 630:

> The Legislature hereby declares that advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society. The Legislature by this chapter intends to protect the right of privacy of the people of this state.

4.     The Privacy Act specifically prohibits secret recording of telephone conversations:

> Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine . . . .

Cal. Penal Code § 632(a).

5.     Defendants have systematically and repeatedly violated the Privacy Act by

surreptitiously recording "outbound" telephone conversations initiated by Defendants' employees, agents or representatives to California consumers.

6. Under California law, a telephone conversation is a confidential communication that may not be recorded, regardless of the content of the conversation or the type of telephone involved, unless the recording party first informs all parties to the conversation that it will be recorded. Telephone users have objectively reasonable expectations that their telephone conversations will not be overheard or recorded. Informing all parties to a telephone conversation of the intent to record the conversation permits a party who does not wish to be recorded to hang up or, if the party decides to continue participating in the recorded conversation, to modify their tone or speech to account for the fact that the conversation is being recorded.

7. California Penal Code Section 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code Section 632 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break California or any other law, or to invade the privacy rights of any other person.

8. A person who suffers a privacy violation under California Penal Code Section 632 may bring a private action to recover statutory damages. Cal. Penal Code § 637.2. For each such violation, the injured party is entitled to the greater of the following amounts: $5,000 or three times the amount of any actual damages sustained. Cal. Penal Code § 637.2(a). The injured party need not have suffered, or be threatened with, actual damages. Cal. Penal Code § 637.2(c).

9. A plaintiff in such an action may also seek to enjoin further violations of the Act. Cal. Penal Code § 637.2(b).

10. Plaintiffs Stanley Nader, Jarett Olson, and Nina Afrasiabi ("Plaintiffs") bring this Complaint on behalf of themselves and all other California residents whose outbound telephone conversations were surreptitiously recorded by Defendants between

1   July 13, 2006 and the present (the "Class Period").

2        11.    Plaintiffs and the Class could not, and did not, consent to Defendants'

3   recording of their outbound telephone conversations because Defendants did not warn

4   Plaintiffs and the Class that these conversations were recorded. Like all members of the

5   public, Plaintiffs and the Class had an objectively reasonable expectation that their

6   telephone conversations were confidential communications that would not be overheard

7   or recorded. Defendants thus violated the statutory rights to privacy of Plaintiffs and the

8   Class under the Privacy Act. Accordingly, Plaintiffs, on behalf of themselves and the

9   Class, pray for statutory damages and injunctive relief pursuant to California Penal

10  Code Section 637.2.

11       12.    All of the allegations contained in this Complaint are based upon

12  information and belief, except for those pertaining to Plaintiffs and their counsel.

13  Plaintiffs' information and belief are based upon, among other things, the investigation

14  that Plaintiffs and their counsel have conducted to date. The allegations in this

15  Complaint are substantiated by evidentiary support, or are likely to be substantiated by

16  evidentiary support upon further investigation and discovery.

17  **PARTIES**

18       13.    Plaintiff Stanley Nader is, and at all material times has been, a California

19  citizen residing in the County of Los Angeles, State of California.

20       14.    Plaintiff Jarett Olson is, and at all material times has been, a California

21  citizen residing in the County of Los Angeles, State of California.

22       15.    Plaintiff Nina Afrasiabi is, and at all material times has been, a California

23  citizen residing in the County of Orange, State of California.

24       16.    Defendant CAPITAL ONE is, and at all material times has been, a national

25  banking association organized and existing under the National Bank Act, 12 U.S.C. §§

26  21 *et seq*., and is a citizen of the State of Virginia, with both its main office, as set forth

27  in its articles of association, and principle place of business, in Glen Allen, Virginia.

28  CAPITAL ONE is legally operating and authorized to so legally operate and conduct

business under the laws of the State of California and regularly conducts business in Los Angeles County, State of California.

17.     The Defendants sued by the fictitious names DOES 1 through 20 are persons or entities whose true names and identities are currently unknown to Plaintiffs. Plaintiffs will amend this Complaint to allege the true names and capacities of these fictitiously named Defendants when they are ascertained. Each of the fictitiously named Defendants is responsible for the conduct alleged in this Complaint. Through their conduct, the fictitiously named Defendants actually and proximately caused the damages of Plaintiffs and the Class.

18.     In this Complaint, Defendant CAPITAL ONE and Defendants DOES 1 through 20, inclusive, are sometimes referred to individually as "Defendant," and are sometimes referred to collectively as "Defendants," or "the Defendants."

19.     At all times mentioned herein, each Defendant was acting as the agent and/or employee of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency and employment. In doing the acts alleged herein, each Defendant, and its officers, directors, members, owners, principals, or managing agents (where the defendant is a corporation, limited liability company, bank, or other form of business entity) authorized and/or ratified the conduct of each other Defendant and/or of his/her/its employees.

## JURISDICTION AND VENUE

20.     This Court has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which (i) the proposed class consists of more than 100 members; (ii) at least some members of the proposed class are citizens of a state different from at least one of the defendants; and (iii) the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

21.     Venue is proper in the Central District of California, Western Division, pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events that give rise to the claims herein occurred in this District.

## **FACTUAL BACKGROUND**

22.   Plaintiffs are informed, believe, and thereupon allege that during the Class Period, Defendants have utilized certain computer hardware and software technology ("Call Recording Technology") to execute a company-wide policy and practice of recording all telephone conversations with consumers.

23.   Plaintiffs are further informed, believe, and thereupon allege that Defendants installed and/or utilized Call Recording Technology on all of their consumer-facing telephone lines. This Call Recording Technology enabled Defendants to record all of their telephone conversations with consumers, and allowed them to store and listen to these recordings for various business purposes.

24.   Plaintiffs are further informed, believe, and thereupon allege that Defendants' employees, agents, and representatives were directed, trained, and instructed to, and did, record telephone conversations with consumers.

25.   Plaintiffs are further informed, believe, and thereupon allege that consumers who made inbound telephone calls to the Defendants during the Class Period were provided automated, pre-recorded warnings by the Defendants, at the outset of each inbound telephone conversation, warning all parties to the call that the telephone conversation was recorded.

26.   Plaintiffs are further informed, believe, and thereupon allege that, by contrast, during the Class Period, Defendants did not provide any verbal warnings or automated, pre-recorded warnings to consumers who received outbound telephone calls from Defendants that the telephone conversation was recorded. Plaintiffs are further informed, believe, and thereupon allege that, during the Class Period, Defendants did not provide any periodically repeated, audible "beep tone" or other sound throughout the duration of an outbound telephone conversation to warn consumers who received the call from Defendants that the call was recorded.

27.   Beginning in or about August 2011, Plaintiff Stanley Nader received a series of telephone calls from employees, agents, or representatives of the Defendants.

6   CONSOLIDATED CLASS ACTION COMPLAINT

Nader is informed, believes, and thereupon alleges that Defendants recorded these outbound telephone conversations. Defendants failed to verbally warn Nader, at the outset of each telephone conversation, of Defendants' intent to record the conversation. Defendants failed to provide an automated, pre-recorded warning or a periodically repeated beep tone or other sound to warn Nader on each such call that the conversation was being recorded. Nader did not provide Defendants with consent to record these telephone conversations.

28.     In or about the summer of 2011, Plaintiff Jarett Olson received a telephone call from an employee, agent, or representative of the Defendants. Olson is informed, believes, and thereupon alleges that Defendants recorded this outbound telephone conversation. Defendants failed to verbally warn Olson, at the outset of the telephone conversation, of Defendants' intent to record the conversation. Defendants failed to provide an automated, pre-recorded warning or a periodically repeated beep tone or other sound to warn Olson on the call that the conversation was being recorded. Olson did not provide Defendants with consent to record this telephone conversation.

29.     On or about February 29, 2012, Plaintiff Nina Afrasiabi received a telephone call from an employee, agent, or representative of the Defendants, who identified himself as "Steve." Afrasiabi is informed, believes, and thereupon alleges that Defendants recorded this outbound telephone conversation. Defendants failed to verbally warn Afrasiabi, at the outset of the telephone conversation, of Defendants' intent to record the conversation. Defendants failed to provide an automated, pre-recorded warning or a periodically repeated beep tone or other sound to warn Afrasiabi on the call that the conversation was being recorded. Only at the end of the conversation, when Afrasiabi asked the employee, agent, or representative of Defendants whether the call was being recorded, did the agent, employee or representative of Defendants admit that the call was being recorded. Afrasiabi did not provide Defendants with consent to record this telephone conversation.

/ / /

# CLASS ACTION ALLEGATIONS

30.     Plaintiffs bring this action, on behalf of themselves and all others similarly situated, as a class action pursuant to Federal Rule of Civil Procedure 23. This action may be brought and properly maintained as a class action because Plaintiffs satisfy the numerosity, adequacy, typicality, and commonality pre-requisites for suing as representative parties pursuant to Rule 23:

31.     **Class Definition**. The proposed, plaintiff Class that Plaintiffs seek to represent is composed of and defined as follows:

> All California residents who received one or more outbound telephone calls from employees, agents, or representatives of Capital One Bank (U.S.A.), N.A., between July 13, 2006 and the present and did not receive a warning that their telephone conversations were recorded.

32.     Excluded from the Class are Defendants named herein; officers and directors of Defendants; members of the immediate family of any Defendant; any judges or justices to whom this action is assigned and their immediate families; and the legal representatives, heirs, successors, or assigns of any such excluded party.

33.     Plaintiffs reserve the right to amend or otherwise alter the Class definition presented to the Court at the appropriate time, or propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendants, or otherwise.

34.     **Numerosity and Ascertainability**. The members of the Class are so numerous that joinder of all members is impracticable. Although the precise number of Class members is unknown to Plaintiffs at this time, Plaintiffs estimate that there are more than 100 and it is likely that there are thousands of putative Class members. Moreover, the precise number of Class members and their addresses may be obtained from a review of Defendants' own records. This information may then be used to contact potential Class members.

35.     **Typicality**. Plaintiffs are members of the Class. Their claims are typical of the claims of other members of the Class that they seek to represent. Plaintiffs allege

CONSOLIDATED CLASS ACTION COMPLAINT

1   that Defendants systematically recorded outbound telephone conversations without

2   warning all parties thereto that these confidential communications were recorded, in

3   violation of the privacy rights of Plaintiffs and the Class under the Privacy Act. The

4   harm that Plaintiffs and all other Class members suffered arose from, and was caused

5   by, the same conduct by Defendants. Defendants have acted, or refused to act, on

6   grounds generally applicable to the Class, thereby making injunctive relief and statutory

7   damages pursuant to California Penal Code Section 637.2 appropriate with respect to

8   the Class as a whole.

9       36.   **Adequacy of Representation**. Plaintiffs will fairly and adequately

10   represent and protect the interests of the Class members. Plaintiffs have retained

11   counsel that are each competent and experienced in consumer class action litigation to

12   ensure such protection. Plaintiffs and their counsel intend to prosecute this action

13   vigorously for the benefit of the Class. Plaintiffs have no interests that are antagonistic

14   to those of the Class. Plaintiffs have no interests that are in conflict with those of the

15   Class.

16       37.   **Superiority**. A class action is superior to other available methods for the

17   fair and efficient adjudication of this controversy for several reasons. First, it is unlikely

18   that putative Class members will pursue individual litigation because, unless notice is

19   sent to each putative Class member whose telephone conversation was recorded, most

20   Class members will have no way to know that their privacy rights under the Privacy

21   Act were violated. The very nature of Defendants' surreptitious recording likely

22   precludes knowledge of these privacy violations. Second, since the harm suffered by

23   each Class member is too small to warrant individual pursuit, especially in light of

24   technical issues regarding Defendants' call recording and retention systems, a class

25   action is the only viable method to obtain damages and other relief from Defendants for

26   its violations of the Privacy Act. Third, class treatment would be superior to

27   adjudicating individual cases due to the much greater expense and burden that

28   individual litigation would impose upon the courts. Fourth, if the Class members sought

relief through individual actions, inconsistent or varying adjudications in their individual cases could establish incompatible standards of conduct for the Defendants.

38. **Predominance of Common Questions of Law and Fact**. There exists a well-defined community of interest in the questions of law and fact involved in this case against Defendants, and in obtaining appropriate relief for Defendants' statutory violations of the Privacy Act. The following questions of law and fact common to the Class predominate over any individualized issues and the answers to those questions are apt to drive the resolution of the litigation:

a. Whether, during the Class Period, Defendants had a policy and practice of recording all telephone conversations with consumers, including all outbound telephone conversations with consumers;

b. Whether, during the Class Period, Defendants installed Call Recording Technology to implement their policy of recording all telephone conversations with consumers, including all outbound telephone conversations with consumers;

c. Whether, during the Class Period, the Defendants' employees, agents, or representatives were directed, trained, and instructed to, and did, record all of the Defendants' telephone conversations with consumers, including all outbound telephone conversations with consumers, in order to implement the Defendants' policy and practice of recording all telephone conversations with consumers;

d. Whether, during the Class Period, Defendants' policy and practice of recording all telephone conversations with consumers, including all outbound telephone conversations with consumers, included a policy and practice of warning Class members, including the Plaintiffs, at the outset of each recorded

telephone conversation that the telephone conversation was recorded;

e.  Whether, during the Class Period, Defendants failed to warn Class members who participated in an outbound telephone conversation with the Defendants that the telephone conversation was recorded;

f.  Whether Defendants' recording of Plaintiffs' and Class members' outbound telephone conversations without warning during the Class Period constitutes violations of California Penal Code Section 632;

g.  Whether Plaintiffs and Class members are entitled to recover statutory damages in the amount of $5,000 for each violation of California Penal Code Section 632 pursuant to California Penal Code Section 637.2(a)(1); and

h.  Whether Plaintiffs and Class members are entitled to injunctive relief pursuant to California Penal Code Section 637.2(b) to enjoin or restrain the Defendants from committing further violations of Penal Code Section 632.

39.   The core factual and legal issues are the same for all Class members: whether the Class member received one or more outbound telephone calls from an employee, agent, or representative of Defendants during the Class Period; whether, at the outset of this telephone conversation, Defendants warned the Class member that the telephone conversation was recorded; and a formulaic calculation of statutory damages of $5,000 per violation plus injunctive relief pursuant to California Penal Code Section 637.2.

40.   Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

41.   The nature of notice to the proposed Class is contemplated to be by direct

mail and/or email upon certification of the Class or, if such notice is not practicable, by the best notice practicable under the circumstance including, *inter alia*, publication in major newspapers and on the internet.

42.    The delayed discovery doctrine applies to toll the claims of Class members. Under the delayed discovery doctrine, the time for bringing these claims does not begin to run until a plaintiff discovers or should have discovered the injury. Thus, the limitations period for claims of Class members does not begin to run until Defendants produce to them copies of their recorded telephone conversations or otherwise admit to them to recording their telephone conversations. The very nature of Defendants' surreptitious recording precludes knowledge of these privacy violations. Because the recording was secretive in nature, Class members did not suffer an obvious harm, where all essential facts are either known or knowable at the time the harm was caused, that would enable them to either know or suspect wrongdoing and therefore have sufficient knowledge to investigate and potentially assert claims. In addition to the tolling afforded the Class by the delayed discovery rule, the time period is also tolled by the filing of this putative class action.

## COUNT ONE

## DEFENDANTS' STATUTORY INVASION OF PRIVACY
## IN VIOLATION OF CALIFORNIA PENAL CODE SECTION 632

43.    Plaintiffs re-allege and reincorporate herein by this reference all of the foregoing paragraphs, above, as though set forth in full herein.

44.    At all material times, California Penal Code Section 632 was in full force and effect and was binding upon Defendants, and existed for the benefit of the Class members, including Plaintiffs, all of whom are and/or were protected by the Privacy Act.

45.    Plaintiffs are informed, believe, and thereupon allege that Defendants installed and/or caused to be installed Call Recording Technology on the telephone lines of all employees, agents, or representatives of Defendants who made or received

consumer-facing telephone calls during the Class Period.

46.    Plaintiffs are further informed, believe, and thereupon allege that Defendants maintained and utilized this Call Recording Technology with the intent to record each and every telephone conversation with consumers, and carry out Defendants' policy of recording each and every telephone conversation with consumers, during the Class Period.

47.    Plaintiffs are further informed, believe, and thereupon allege that Defendants further directed, trained, and instructed their employees, agents, or representatives to record all telephone conversations with consumers in order to carry out this policy and practice during the Class Period.

48.    Plaintiffs are further informed, believe, and thereupon allege that Defendants' policy and practice of recording all telephone conversations with consumers failed to include a policy and practice that its employees, agents, or representatives warn Class members, including Plaintiffs, who received outbound telephone calls from Defendants during the Class Period, at the outset of each call that the telephone conversation was being recorded by Defendants.

49.    Plaintiffs are further informed, believe, and thereupon allege that Defendants failed to warn the Class members, including Plaintiffs, at the outset of each and every outbound telephone conversation initiated by Defendants during the Class Period that the conversation was recorded.

50.    Defendants violated California Penal Code Section 632 by recording outbound telephone conversations with Class members, including Plaintiffs, initiated by Defendants during the Class Period, without the consent of all parties to these conversations.

51.    California Penal Code Section 637.2 is a manifestation of the California Legislature's determination that the privacy invasion arising from the non-consensual recording of a confidential communication constitutes an affront to human dignity that warrants a minimum of $5,000 in statutory damages per violation, even in the absence

of proof of actual damages, as well as injunctive relief enjoining further violations. Defendants' surreptitious recordings of the confidential communications of Plaintiffs and the Class caused injury to Plaintiffs and the Class in the form of an affront to their human dignity.

52.     Based upon the foregoing, the Class members, including the Plaintiffs, are entitled to, and below do pray for, statutory damages for each of Defendants' violations of California Penal Code Section 632 and for injunctive relief, as provided under Penal Code Section 637.2.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, hereby pray that the Court determine that this action may be maintained as a class action and further pray that the Court enter judgment in their favor and against the Defendants, as follows:

1.     For statutory damages pursuant to California Penal Code Section 637.2(a)(1) in the amount of $5,000 per violation of Penal Code Section 632;

2.     For entry of a preliminary and permanent injunction pursuant to California Penal Code Section 637.2(b) prohibiting the Defendants from continuing to violate Penal Code Section 632; and

3.     For such other and further relief as the Court may deem just and proper.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1 | DATED: July 24, 2012

Respectfully submitted,

KIESEL BOUCHER LARSON LLP

By: _____
Paul R. Kiesel
Jeffrey A. Koncius
Shehnaz M. Bhujwala
E. Glenn Anaiscourt

COHEN MILSTEIN SELLERS & TOLL PLLC
Andrew N. Friedman, [*Pro Hac Vice*
Pending]
Douglas J. McNamara, [*Pro Hac Vice*
Pending]
Stefanie M. Ramirez, [*Pro Hac Vice*
Pending]
1100 New York Avenue NW
Suite 500 West
Washington, DC 20005
Tel:  (202) 408-4600
Fax: (202) 408-4699
E-mail: *afriedman@cohenmilstein.com*
        *dmcnamara@cohenmilstein.com*
        *sramirez@cohenmilstein.com*

THE WENTZ LAW FIRM
Richard B. Wentz, SBN 120380
Jean M. Wentz, SBN 139340
2955 East Hillcrest Rd., Suite 123
Thousand Oaks, CA 91362
Tel:  (805) 374-0060
Fax: (888) 855-8124
E-mail: *rick.wentz@gmail.com*
        *jean.wentz@gmail.com*

15     CONSOLIDATED CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRAUN LAW GROUP, P.C.
    Michael D. Braun, SBN 167416
    10680 Pico Blvd., Suite 280
    Los Angeles, CA 90064
    Tel:  (310) 836-6000
    Fax: (310) 836-6010
    E-mail: *mdb@braunlawgroup.com*

LAW OFFICES OF KENNETH M. LIPTON
    Kenneth M. Lipton, SBN 82342
    5900 Sepulveda Blvd., Suite 400
    Van Nuys, CA 91411
    Tel:  (818) 780-3562
    Fax: (818) 366-7097
    E-mail: *kenlipton998431@aol.com*

Attorneys for Plaintiff, STANLEY NADER, on
behalf of himself and all others similarly
situated

KEARNEY ALVAREZ, LLP
Thomas A. Kearney, SBN 90045
Paul Alvarez, SBN 115350
Prescott  W. Littlefield, SBN 259049
633 W. Fifth Street, 28th Floor
Los Angeles, CA 90071
Tel:  (213) 473-1900
Fax: (213) 473-1919
E-mail: *tak@KAattorneys.com*
       *pa@KAattorneys.com*
       *pwl@KAattorneys.com*

CONSOLIDATED CLASS ACTION COMPLAINT

RINGLER & ASSOCIATES

    Jerome L. Ringer, SBN 59918
    233 Wilshire Boulevard, Suite 900
    Santa Monica, CA 90401
    Tel:  (310) 955-4105
    E-mail: *jlr@ringlerandassociates.com*

    Attorneys for Plaintiff, JARETT OLSON,
    on behalf of himself and all others similarly
    situated

KAZEROUNI LAW GROUP, APC

    Abbas Kazerounian, SBN 249203
    S. Mohammad Kazerouni, SBN 252835
    Assal Assassi, SBN 274249
    2700 N. Main Street, Suite 1000
    Santa Ana, CA 92705
    Tel:  (800) 400-6808
    Fax: (800) 520-5523
    E-mail: *ak@kazlg.com*
        *mike@kazlg.com*

HYDE & SWIGART

    Robert L. Hyde, SBN 227183
    Joshua B. Swigart, SBN 225557
    411 Camino Del Rio South, Suite 301
    San Diego, CA 92108-3551
    Tel:  (619) 233-7770
    Fax: (619) 297-1022
    E-mail: *bob@westcoastlitigation.com*
        *josh@westcoastlitigation.com*

    Attorneys for Plaintiff, NINA
    AFRASIABI, on behalf of herself and all
    others similarly situated

1

**DEMAND FOR JURY TRIAL**

2      Plaintiffs, on behalf of themselves and the Class of all others similarly situated,

3   demand a trial by jury as to all issues so triable

4

5   DATED: July 24, 2012                    Respectfully submitted,

6                                           KIESEL BOUCHER LARSON LLP

7

8

9                                           By: _____

10                                              Paul R. Kiesel
                                                Jeffrey A. Koncius
11                                              Shehnaz M. Bhujwala
                                                E. Glenn Anaiscourt
12

13                                          COHEN MILSTEIN SELLERS & TOLL PLLC
                                                Andrew N. Friedman, [*Pro Hac Vice*
14                                              Pending]
                                                Douglas J. McNamara, [*Pro Hac Vice*
15                                              Pending]
                                                Stefanie M. Ramirez, [*Pro Hac Vice*
16                                              Pending]
                                                1100 New York Avenue NW
17                                              Suite 500 West
                                                Washington, DC 20005
18                                              Tel:  (202) 408-4600
                                                Fax: (202) 408-4699
19                                              E-mail: *afriedman@cohenmilstein.com*
                                                        *dmcnamara@cohenmilstein.com*
20                                                      *sramirez@cohenmilstein.com*
21

22

23

24

25

26

27

28

18      CONSOLIDATED CLASS ACTION COMPLAINT

THE WENTZ LAW FIRM
      Richard B. Wentz, SBN 120380
      Jean M. Wentz, SBN 139340
      2955 East Hillcrest Rd., Suite 123
      Thousand Oaks, CA 91362
      Tel:  (805) 374-0060
      Fax: (888) 855-8124
      E-mail: *rick.wentz@gmail.com*
                *jean.wentz@gmail.com*

BRAUN LAW GROUP, P.C.
      Michael D. Braun, SBN 167416
      10680 Pico Blvd., Suite 280
      Los Angeles, CA 90064
      Tel:  (310) 836-6000
      Fax: (310) 836-6010
      E-mail: *mdb@braunlawgroup.com*

LAW OFFICES OF KENNETH M. LIPTON
      Kenneth M. Lipton, SBN 82342
      5900 Sepulveda Blvd., Suite 400
      Van Nuys, CA 91411
      Tel:  (818) 780-3562
      Fax: (818) 366-7097
      E-mail: *kenlipton998431@aol.com*

Attorneys for Plaintiff, STANLEY NADER, on
behalf of himself and all others similarly
situated

CONSOLIDATED CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KEARNEY ALVAREZ, LLP

Thomas A. Kearney, SBN 90045
Paul Alvarez, SBN 115350
Prescott  W. Littlefield, SBN 259049
633 W. Fifth Street, 28th Floor
Los Angeles, CA 90071
Tel:  (213) 473-1900
Fax: (213) 473-1919
E-mail: *tak@KAattorneys.com*
   *pa@KAattorneys.com*
   *pwl@KAattorneys.com*

RINGLER & ASSOCIATES

Jerome L. Ringer, SBN 59918
233 Wilshire Boulevard, Suite 900
Santa Monica, CA 90401
Tel:  (310) 955-4105
E-mail: *jlr@ringlerandassociates.com*

Attorneys for Plaintiff, JARETT OLSON,
on behalf of himself and all others similarly
situated

KAZEROUNI LAW GROUP, APC

Abbas Kazerounian, SBN 249203
S. Mohammad Kazerouni, SBN 252835
Assal Assassi, SBN 274249
2700 N. Main Street, Suite 1000
Santa Ana, CA 92705
Tel:  (800) 400-6808
Fax: (800) 520-5523
E-mail: *ak@kazlg.com*
   mike@kazlg.com

CONSOLIDATED CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HYDE & SWIGART
Robert L. Hyde, SBN 227183
Joshua B. Swigart, SBN 225557
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Tel:  (619) 233-7770
Fax: (619) 297-1022
E-mail: *bob@westcoastlitigation.com*
        *josh@westcoastlitigation.com*

Attorneys for Plaintiff, NINA
AFRASIABI, on behalf of herself and all
others similarly situated

CONSOLIDATED CLASS ACTION COMPLAINT

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 8648 Wilshire Boulevard, Beverly Hills, CA 90211-2910.

On July 24, 2012, I served true copies of the following document(s) described as **CONSOLIDATED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR INVASION OF PRIVACY IN VIOLATION OF CALIFORNIA PENAL CODE SECTIONS 630 ET SEQ.** on the interested parties in this action as follows:

Perrie M. Weiner
perrie.weiner@dlapiper.com
Edward D. Totino
edward.totino@dlapiper.com
Grant P. Alexander
grant.alexander@dlapiper.com
Monica N. Dournaee
monica.dournaee@dlapiper.com
DLA PIPER LLP (US)
2000 Avenue of the Stars,
Suite 400 North Tower
Los Angeles, California 90067-4704
Tel: (310) 595-3000
Fax: (310) 595-3300

Attorneys for Defendant,
CAPITAL ONE BANK (USA), N.A.

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Kiesel Boucher Larson LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address jsalgueiro@kbla.com to the persons at the e-mail addresses listed in the Service List.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 24, 2012, at Beverly Hills, California.

Julissa R. Salgueiro