UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12–1265 DSF (RZx) | Date | 6/11/13 |
|---|---|---|---|
| Title | Stanley Nader, et al. v. Capital One Bank (USA), N.A. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge | |
|---|---|---|
| Debra Plato | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**  (In Chambers) Order DENYING Defendant's Motion for Summary Judgment (Docket No. 73)[1]

## I.  INTRODUCTION

Stanley Nader and Jarett Olson sue Defendant Capital One Bank (USA), N.A. for violation of California Penal Code § 632, part of California's Invasion of Privacy Act. (Second Am. Compl. ¶¶ 46–54.)  Nader and Olson claim that Capital One violated § 632 by recording their confidential communications with Capital One without obtaining their consent.  (Id. ¶ 51.)

It is undisputed that Nader called Capital One from his cellular telephone several times between March 14, 2010 and April 19, 2010 regarding a Capital One credit card account opened on August 1, 2005 on which he was an authorized user.  (Capital One's Separate Statement of Undisputed Facts in Support of Its Motion for Summ. J. (Capital One SSUF) ¶¶ 10, 11, 13.)  Nader testified that he received phone calls from Capital One and that he was not warned that the calls were being recorded.  (Am. Decl. of Matthew A. Young in Supp. of Opp'n (Young Am. Decl.), Ex. R, Dep. of Stanley Nader, April 29, 2013 (Nader Dep.) 31:14–32:2, 35:4–8.)  Capital One admits in its Answer that it called a phone number allegedly belonging to Nader.  (Answer ¶ 29.)

It is also undisputed that Olson opened a Capital One credit card account on July 22, 2005.  (Id. ¶¶ 14, 15.)  Olson testified that he received calls from Capital One in the

---

[1] The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7–15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

summer of 2011, that he knew the calls were from Capital One because the caller announced that he or she was a representative from Capital One calling on behalf of Capital One seeking to speak to him, and that he was not warned that the calls would be monitored or recorded.[2]  (Young Am. Decl., Ex. S, Dep. of Jarett Olson, April 8, 2013 (Olson Dep.) 21:13–22:19, 23:19–25, 36:19–25.)  Plaintiffs have also provided sufficient evidence from which a reasonable jury could conclude that Capital One recorded the phone calls at issue.  (Capital One SSUF ¶¶ 5, 6; see also Young Decl. Ex. M 18:1–2.)  Capital One also admits that it called a phone number allegedly belonging to Olson.  (Answer ¶ 30.)

All of the telephone calls at issue were interstate calls.  (Capital One SSUF ¶ 4.)  Capital One did not have a call center in California before May 1, 2012.  (Id. ¶ 2.)  At the time the calls at issue were made, outbound calls from Capital One's telephone and recording systems were made from call centers outside of California and in foreign countries.  (Id. ¶ 1.)  At the time of the calls at issue, Nader was a resident of Los Angeles, California.  (Capital One's Mem. of P. & A. 3; Decl. of Monica D. Scott in Supp. of Capital One's Mot. for Summ. J. (Scott Decl.), Ex. A at 5.)  At the time Olson received one of the calls at issue from Capital One, he was in Pasadena, California.  (Scott Decl. Ex. B at 14.)[3]

## II.   LEGAL STANDARD

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party must establish "beyond controversy every essential element" of its claim.  S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003) (internal quotation marks omitted).  The moving party need not disprove the opposing party's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Rather, if the moving party satisfies this burden, the party opposing the motion must set forth specific facts, through affidavits or admissible discovery materials, showing that there exists a genuine issue for trial.  Id. at 323–24; Fed. R. Civ. P. 56(c)(1).  "This

---

[2] Capital One disputes that it made telephone calls to Olson, but Olson's testimony is sufficient to permit a reasonable jury to conclude that he received phone calls from Capital One in the summer of 2011.

[3] Capital One asserts that claims relating to Plaintiffs' calls to Capital One are time-barred under California Code of Civil Procedure § 340(a).  Even if the calls to Capital One are time-barred, Plaintiffs have provided sufficient evidence of calls made by Capital One such that their claim is not time-barred in its entirety.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

burden is not a light one." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010). In ruling on a summary judgment motion, the Court must construe the evidence in the light most favorable to the non-moving party. Nolan v. Heald College, 551 F.3d 1148, 1154 (9th Cir. 2009).

A non-moving party who bears the burden of proof at trial as to an element essential to its case must make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element of the case or be subject to summary judgment. See Celotex Corp., 477 U.S. at 322.

### III.   DISCUSSION

The central issue in this case is whether the phone calls constitute "confidential communications" within the meaning of California Penal Code § 632(a).[4] "The California Supreme Court has concluded that a conversation is confidential within the meaning of Section 632 'if a party to that conversation has an objectively reasonable expectation that the conversation is not being overheard or recorded.'" Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (quoting Kearney v. Salomon Smith Barney, Inc., 39 Cal. 4th 95, 117 n. 7 (2006)). "The standard of confidentiality is 'an objective one defined in terms of reasonableness.'" Id. (quoting Frio v. Super. Ct., 203 Cal. App. 3d 1480, 1488 (1988)). Under California law:

> The issue whether there exists a reasonable expectation that no one is secretly listening to a phone conversation is generally a question of fact that may depend on numerous specific factors, such as whether the call was initiated by the consumer or whether a corporate employee telephoned a customer, the length of the customer-business relationship, the customer's prior experiences with business communications, and the nature and timing of any recorded disclosures.

Kight v. CashCall, Inc., 200 Cal. App. 4th 1377, 1396 (2011). Considering these factors, the Court concludes that a reasonable jury could find that the phone calls at issue constituted "confidential communications." This conclusion is further supported by the

---

[4] Capital One contends that § 632(a) does not apply to cellular telephone calls. Section 632(a) applies to "communication . . . by means of a . . . telephone, or other device." While § 632(a) excepts "a radio" from its coverage, Capital One's claim that "radio" includes a cellular phone is meritless. The Court finds persuasive the reasoning from Perea v. Humana Pharmacy, Inc., No. SACV 12–1881 JST (ANx), at 9–10 (C.D. Cal. Jan. 23, 2013) (concluding that a plain reading of § 632 and § 632.7 indicates that the term "radios" does not include cellular phones).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

California Supreme Court's observation that "California consumers are accustomed to being informed at the outset of a telephone call whenever a business entity intends to record the call," Kearney, 39 Cal. 4th at 118 n.10. Defendants are not entitled to summary judgment.[5]

Capital One claims that federal law preempts the application § 632(a) to interstate calls. On the facts here, applying § 632(a) to California citizens receiving calls in California, it is clear that § 632(a) is not preempted. As explained in depth in Leong v. Carrier IQ, Inc., Nos. CV 12–01562 GAF (MRWx), CV 12–01564 GAF (MRWx), 2012 WL 1463313, at *3–5 (C.D. Cal. Apr. 17, 2012), federal law and, in particular, the Federal Wiretap Act, 18 U.S.C. §§ 2510 *et seq.*, part of the 1986 Electronic Communications Privacy Act (ECPA), does not preempt the California Invasion of Privacy Act. Leong is well-reasoned and, while it considered whether a California Penal Code § 631 claim was preempted, the Court believes its reasoning applies with equal force as to § 632(a). Leong concluded:

> In light of the clarity of the 1968 and 1986 Senate Reports that the federal law is intended to establish minimum standards and not to preempt state laws that meet these standards; the long-standing view of the States and courts that States are free to enact legislation that is more restrictive than the federal law; and the rarity with which preemption applies, see Bruesewitz v. Wyeth, 561 F.3d 233, 240 (3d Cir. 2009) ("When faced with two equally plausible readings of statutory text, we 'have a duty to accept the reading that disfavors preemption.'") (quoting Bates v. Dow Agrosciences, 544 U.S. 431, 449, 125 S. Ct. 1788, 161 L. Ed. 2d 687 (2005)), the Court concludes that the Federal Wiretap Act does not completely preempt California's Invasion of Privacy Act.

2012 WL 1463313, at *5. Notably, Leong explicitly referenced the California Supreme Court's detailed and well-reasoned opinion in Kearney in which the California Supreme

---

[5] Capital One has provided Customer Agreements that indicate that Nader and Olson were informed at least once that Capital One "may monitor or record any calls we make or receive." (Decl. of Fran Steinberger in Supp. of Capital One's Mot. for Summ. J. (Steinberger Decl.) Ex. A at 6 & Ex. D. at 14.) These Agreements tend to undercut Plaintiffs' arguments that they had an objectively reasonable expectation that their phone calls were not being recorded - but they are not dispositive. A reasonable jury could still conclude that Capital One violated § 632(a). See also Kight, 200 Cal. App. 4th at 1399 (explaining that "even assuming [defendant's] argument is correct that each plaintiff heard the warning message 'at the outset' of his or her 'borrower/lender relationship' with [defendant], this fact does not establish as a matter of law plaintiffs were adequately warned that subsequent calls would be monitored").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Court concluded that federal law did not preempt § 632.  39 Cal. 4th at 105–106.  While Kearny is not binding on this issue, the Court finds its reasoning compelling.  Kearney provides further support for the conclusion that federal law does not preempt § 632.

Capital One next claims that the negative or dormant Commerce Clause prohibits the application of § 632 to recordings that are made outside of California.  Other courts have considered and rejected Capital One's argument.  E.g. Zephyr v. Saxon Mortg. Servs, Inc., 873 F. Supp. 2d 1223 (E.D. Cal. 2012) (considering the application of § 632 to a situation in which a call made to a California resident was originated and recorded in Texas and finding that § 632 does not violate the dormant Commerce Clause); Kearney, 106–07 (same result).  Those decisions correctly rejected the exact dormant Commerce Clause argument Capital One raises here.[6]

Finally, Capital One claims that the calls at issue here are customer service calls for which it cannot be held liable under § 632 pursuant to an exemption in California Penal Code § 632(e)(2).  Section 632(e)(2) provides that § 632 "does not apply . . . to the use of any instrument, equipment, facility, or service furnished and used pursuant to the tariffs of a public utility."  Section 632(e)(2) does not apply here because no such equipment or service was used to record calls and, as Capital One admits, "it is now illegal for a telecommunications carrier to provide telephone equipment pursuant to their tariffs." (Capital One Mem. of P. & A. 23 (citations omitted)).  Capital One argues that the Court should expand the § 632(e)(2) exemption to cover all equipment or services used "pursuant to the contract of a company that provides telecommunication related equipment or services."  (Id. at 24.)  Capital One's argument is meritless — particularly when considering the absence of any California law construing § 632(e)(2) as Capital One does, and where 17 years have passed without action from the California legislature.

---

[6] Capital One puts forth several arguments, (Capital One Mem. of P. & A. 17–22), in an attempt to move the dormant Commerce Clause analysis away from its proper focus — that § 632 operates even-handedly and does not unduly burden interstate commerce in a manner that is excessive in relation to its putative local benefits.  As Zephyr explains, "California §§ 632 and 632.7 do not regulate conduct that occurs in entirely another state as [the-out-of state party's] calls are made to California residents' telephones and the conversations are with California residents."  873 F. Supp. 2d at 1230 (footnote omitted).  "Furthermore, the purpose of California's Privacy Act does not appear to be to regulate out-of-state commerce or conduct, but to protect California residents from having their conversations recorded by either instate or out-of-state callers without all parties' consent.  Id. at 1231 (citing Kearney, 39 Cal. 4th at 115).  As in Zephyr, the Court concludes that Capital One has not presented any compelling evidence to conclude that the burden on interstate commerce so outweighs the benefit to California residents that § 632 must be declared unreasonable, irrational, and void as a violation of the dormant commerce clause.  See id. at 1231–32 (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

## IV.   CONCLUSION

Capital One's motion for summary judgment is DENIED.

IT IS SO ORDERED.