Paul R. Kiesel, State Bar No. 119854
 *kiesel@Kiesel-Law.com*
Jeffrey A. Koncius, State Bar No. 189803
 *koncius@Kiesel-Law.com*
Matthew A. Young, State Bar No. 266291
 *young@Kiesel-Law.com*
KIESEL LAW LLP
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel:   310-854-4444
Fax:   310-854-0812

[*Additional Counsel for Plaintiffs Listed on Signature Page*]

Attorneys for Plaintiff, STANLEY NADER, on behalf of himself and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STANLEY NADER, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (U.S.A.), N.A. and DOES 1 through 20,<br><br>Defendants.<br><br>AND RELATED CONSOLIDATED CASES | Case No. CV-12-01265-DSF (RZx) [Consolidated with Case Nos. CV-12-1772-DSF (RZx) and CV-12-4906-DSF (RZx)]<br><br>CLASS ACTION<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**<br><br>Judge:   Hon. Dale S. Fischer<br>Date:    April 21, 2014<br>Time:    1:30 p.m.<br>Crtrm.:  840 - Roybal |

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 21, 2014, at 1:30 p.m., or as soon thereafter as the matter may be heard in the Courtroom of the Honorable Dale S. Fischer, United States District Court, Central District of California, Western Division, Plaintiffs Stanley Nader and Jarett Olson (collectively, "Plaintiffs") will and hereby do move the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the entry of an Order:

1. Certifying the stipulated Class for settlement purposes;

2. Granting preliminary approval of the Settlement;

3. Approving the proposed form of notice and scheduling the dissemination of notice;

4. Scheduling a hearing for final approval of the Settlement; and

5. Scheduling a hearing for Class Counsel's motion for an award of attorneys' fees and costs.

The grounds for this motion are that the proposed Class settlement is within the range of being finally approved as fair, adequate, and reasonable.

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities in support thereof, the Declarations of Class Counsel, the pleadings and papers on file in this action, and such oral and documentary evidence as may be presented at the hearing on this motion.

DATED: March 24, 2014          **KIESEL LAW, LLP**


By:  /s/ Jeffrey A. Koncius
              PAUL R. KIESEL
              JEFFREY A. KONCIUS
              MATTHEW A. YOUNG
              Attorneys for Plaintiffs and the Class

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS SETTLEMENT

# **TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT .................................................................1

II.   BACKGROUND ...................................................................................2

    A.   STATEMENT OF FACTS ..........................................................2

    B.   PERTINENT PROCEDURAL HISTORY ...................................2

    C.   THE NATURE OF THE  SETTLEMENT NEGOTIATIONS .............3

III.   SETTLEMENT TERMS ........................................................................4

    A.   NARROWLY TAILORED RELEASE ..................................................6

    B.   ATTORNEYS' FEES AND COSTS AND ENHANCEMENT AWARDS ...................................................................6

    C.   COMPREHENSIVE NOTICE PROGRAM ...........................7

    D.   CY PRES DISTRIBUTION OF COMMON FUND REMAINDER .............................................7

IV.   LEGAL ANALYSIS ............................................................................7

    A.   STANDARD FOR PRELIMINARY APPROVAL ....................7

    B.   THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED .............................................9

       1.   The Strength of Plaintiff's Case Compared to the Risk, Expense, Complexity, and Likely Duration of Further Litigation ...........................................9

       2.   The Risk of Maintaining Class Action Status Throughout the Trial ...........................................10

       3.   The Amount Offered in Settlement ...............................10

       4.   The Extent of Discovery Completed and the Stage of the Proceedings ...........................................11

       5.   The Experience and Views of Counsel .........................11

    C.   INDIVIDUAL NOTICE MORE THAN SATISFIES RULE 23 .........12

    D.   THE COURT SHOULD CERTIFY A SETTLEMENT CLASS FOR SETTLEMENT PURPOSES ............................14

       1.   The Requirements of Rule 23(a) Are Satisfied ...........14

          a.   Numerosity ...........................................15

          b.   Commonality ...........................................15

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

i   **PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

       c.    Typicality........................................................................16

       d.    Adequacy of Representation ............................................16

    2.    The Requirements of Rule 23(b)(3) Are Satisfied ....................17

V.    ATTORNEYS' FEES AND COSTS AND ENHANCEMENT AWARDS..........................................................................18

VI.    THE COURT SHOULD SET A FINAL APPROVAL HEARING SCHEDULE ............................................................................19

VII.    CONCLUSION ........................................................................20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

# TABLE OF AUTHORITIES

## CASES

*Amchem Prods., Inc. v. Windsor*
    521 U.S. 591 (1997) ...................................................................... 12, 14

*Churchill Vill., L.L.C. v. Gen. Elec.*
    361 F.3d 566 (9th Cir. 2004) ............................................................ 8, 9

*Faulkner v. ADT Security Servs., Inc.*
    706 F.3d 1017 (9th Cir. 2013) ............................................................. 9

*Gen. Tel. Co. of Sw. v. Falcon*
    457 U.S. 147 (1982) .......................................................................... 15

*Hanlon v. Chrysler Corp.*
    150 F.3d 1011 (9th Cir. 1998) ............................................... 8, 10, 16

*Hanon v. Dataproducts Corp.*
    976 F.2d 497 (9th Cir. 1992) .............................................................. 16

*In re Mercury Interactive Corp. Sec. Litig.*
    618 F.3d 988 (9th Cir. 2010) .............................................................. 19

*In re Syncor ERISA Litig.*
    516 F.3d 1095 (9th Cir. 2008) .............................................................. 8

*Nat'l Super Spuds, Inc. v. New York Mercantile Exchange*
    660 F.2d 9 (2d Cir. 1981) ...................................................................... 6

*Radcliffe v. Experian Info. Solutions, Inc.*
    715 F.3d 1157 (9th Cir. 2013) .............................................................. 19

*Staton v. Boeing Co.*
    327 F.3d 938 (9th Cir. 2003) ................................................................ 16

*Torrisi v. Tucson Elec. Power Co.*
    8 F.3d 1370 (9th Cir. 1993) .................................................................... 6

*Van Ba Ma v. Covidien Holding, Inc.*
    2014 U.S. Dist. LEXIS 13296 (C.D. Cal. Jan. 31, 2014) ................. 8

*Wal-Mart Stores, Inc. v. Dukes*
    131 S. Ct. 2541 (2011) .................................................................. 14, 15

*Weiner v. ARS Nat'l Servs.*
    887 F. Supp. 2d 1029 (S.D. Cal. 2012) ................................................ 9

*Zinser v. Accufix Research Inst., Inc.*
    253 F.3d 1180 (9th Cir. 2001) .............................................................. 18

## STATUTES

Cal. Penal Code § 630 .............................................................................. 2

iii       **PLAINTIFFS' MOTION FOR PRELIMINARY**
**APPROVAL OF CLASS SETTLEMENT**

Cal. Penal Code § 632(a)..............................................................................9

**RULES**

Fed. R. Civ. P. 23...................................................................................1, 7

Fed. R. Civ. P. 23(a) ...............................................................10, 14, 15, 17

Fed. R. Civ. P. 23(a)(1)............................................................................15

Fed. R. Civ. P. 23(a)(2)............................................................................15

Fed. R. Civ. P. 23(a)(3)............................................................................16

Fed. R. Civ. P. 23(a)(4)............................................................................16

Fed. R. Civ. P. 23(b)................................................................................14

Fed. R. Civ. P. 23(b)(3) .............................................................10, 14, 17, 18

Fed. R. Civ. P. 23(c)(2)(B).....................................................................12, 13

Fed. R. Civ. P. 23(c)(3)............................................................................14

Fed. R. Civ. P. 23(e) .................................................................................7

Fed. R. Civ. P. 23(e)(1)............................................................................12

**TREATISES**

1 Newberg & Conte, *Newberg on Class Actions* (4th ed. 2002)...........................6, 15

**OTHER AUTHORITIES**

Manual for Complex Litig. (4th ed. 2004) ......................................................14

Moore's Fed. Prac. (3d ed. 2009) ................................................................8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs respectfully submit this Memorandum of Law in support of their Motion for Preliminary Approval of Class Action Settlement, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

## I.   PRELIMINARY STATEMENT

Rather than needlessly expend both party and judicial resources in litigating this matter any further, the parties in this action engaged in settlement negotiations so that if this matter could be resolved on a classwide basis, such relief could be provided in an expeditious and economical fashion. As a result of arm's-length negotiations, which included an all-day mediation session with the Honorable Edward A. Panelli (Ret.) of Judicial Arbitration and Mediation Services and numerous phone conferences, the parties have entered into a settlement agreement resolving this matter (hereinafter, the "Settlement"). Pursuant to the Settlement Agreement and Release entered into by the parties (the "Settlement Agreement," a copy of which is attached as Exhibit "1" to the Declaration of Paul R. Kiesel ("Kiesel Decl.")), Defendant Capital One Bank (U.S.A.) N.A. ("Capital One" or "Defendant") has agreed, among other things, to create a $3 million Common Fund[1] to pay claims for alleged violations of various state privacy statutes to the members of the Class, and, additionally, to incur the costs associated with providing notice to Class Members and for claims administration.

The Settlement satisfies all of the criteria for preliminary settlement approval and falls well within the range of reasonableness. Accordingly, Plaintiffs request that the Court certify the stipulated Class for settlement purposes, grant preliminary

---

[1] Unless otherwise defined herein, all capitalized terms have the definition set forth in the Settlement Agreement.

**PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS SETTLEMENT**

approval of the proposed Settlement, and direct distribution to the Class of the proposed notice in the manner agreed to and set out below. Plaintiffs also request that the Court schedule a final approval hearing and other dates pertinent to these proceedings.

## II.   BACKGROUND

### A.   STATEMENT OF FACTS

Plaintiffs in these consolidated class actions are cardholders of Capital One who received telephone calls from it. Plaintiffs allege that Capital One recorded those calls but did not warn Plaintiffs about the recordings, thereby violating the plain terms of California's Privacy Act (Cal. Penal Code §§ 630, et seq.; the "Privacy Act"). Plaintiffs' proposed Second Amended Consolidated Complaint asserts causes of action for invasion of privacy in violation of the Privacy Act, as well as similar statutes in Florida, Maryland, Nevada, and New Hampshire, which require all parties to consent to the recording of a telephone call.[2] Specifically, Plaintiffs allege that Capital One, having failed to obtain such consent at the outset of each call, is liable to Plaintiffs and the members of the proposed Class who received outbound calls from Capital One.

Through this lawsuit, Plaintiffs sought to enforce and protect their right to privacy. Capital One vigorously denies all of these allegations.

### B.   PERTINENT PROCEDURAL HISTORY

Multiple class actions were initially filed and then consolidated. After that occurred, Defendant filed a Motion to Dismiss the operative Consolidated Complaint. That Motion was granted in part and denied in part. After Plaintiffs filed

---

[2] The Settlement Agreement provides that a Second Amended Consolidated Class Action Complaint will be filed as part of the Settlement. *See* Settlement Agreement ¶¶ 1(m), 2 and Ex. F.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1  their First Amended Consolidated Class Action Complaint to address the issues

2  raised by the Court in its first Motion to Dismiss ruling, Defendant again moved for

3  dismissal. That Motion was denied. Defendant then moved for Summary Judgment,

4  which too was denied. Defendant moved to have the Court reconsider its Summary

5  Judgment Order, and that motion was also denied. Finally, Plaintiffs' Class

6  Certification motion has been fully briefed, but in light of this pending Settlement,

7  the motion has not been heard.

8      **C.**    **THE NATURE OF THE  SETTLEMENT NEGOTIATIONS**

9      Plaintiffs' counsel in this case are, or have also been, counsel of record in

10  several other putative class actions pending in this District and in California state

11  courts which involve the surreptitious recording of outbound telephone calls to

12  California residents. *See Stone v. Howard Johnson Int'l, Inc., et al.*, Case No. 12-cv-

13  01684 (pending before the Honorable Philip S. Gutierrez); *Mount v. Wells Fargo*

14  *Bank, N.A.,* California Superior Court, Los Angeles County, Case No. BC395959

15  (pending before the Honorable Amy D. Hogue); *Greenberg v. E-TRADE Fin. Corp.*,

16  California Superior Court, Los Angeles County, Case No. BC360102; *Raymond v.*

17  *CarsDirect.com Inc.*, California Superior Court, Los Angeles County, Case No.

18  BC256282. Class Counsel's experience in the above litigation has enabled them to

19  be very conversant with the various legal and factual issues presented in this case

20  and to approach settlement negotiations with a wealth of relevant knowledge gained

21  from the other litigation.

22      Only after the above-described, hard-fought litigation, the parties retained

23  Justice Panelli to serve as a third party neutral. A full-day mediation session, and

24  multiple, smaller negotiation sessions between the parties thereafter taking place on

25  the phone, ultimately resulted in the Settlement now being presented to the Court.

26  Kiesel Decl. ¶ 4

27  / / /

28  / / /

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

## III.    **SETTLEMENT TERMS**

The proposed settlement Class consists of all persons in California, Florida, Maryland, Nevada, and New Hampshire (the "Covered States") who received one or more telephone calls from and spoke with a representative of Capital One between July 13, 2006, and March 31, 2012, and were not provided with notice that the call may be recorded or monitored. *See* Settlement Agreement ¶ 1(f). So as to compensate those Class Members, Capital One will make available a Common Fund[3] of $3,000,000 (less attorneys' fees, costs, and the amount awarded to the Class Representatives, if approved by the Court) as follows:

    a.    The Individual Settlement Amount shall be calculated by taking the Common Fund less the amount awarded by the Court to Class Counsel as attorney's fees and costs, less the amount awarded to the Class Representatives, and dividing that remainder by the number of Authorized Claimants. Settlement Agreement ¶ 3.3

    b.    Each Authorized Claimant who, as of the date that Judgment in the Action becomes final ("Effective Date"), (1) does not have a credit card account with Capital One, and (2) does not owe Capital One money, shall be entitled to a one-time distribution payment from the cash portion of the Common Fund which is equal to the Individual

---

[3] Capital One shall establish the Common Fund by using, at its discretion, cash, statement credits, and/or debt forgiveness that, in the aggregate, amount to $3,000,000.  The portion of the Common Fund that is cash shall be no less than the sum of (1) all attorneys' fees and costs that are ordered by the Court to be paid to Class Counsel, (2) the amount of the payments to the Class Representatives that are approved by the Court, and (3) the aggregate amount necessary to pay an Individual Settlement Amount or portion of an Individual Settlement Amount in cash to each Authorized Claimant who will be receiving a settlement check. Settlement Agreement ¶ 3.1

**PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS SETTLEMENT**

Settlement Amount. This payment shall be in the form of a check issued by the Settlement Administrator or Capital One. Settlement Agreement ¶ 3.4

c.   Each Authorized Claimant who, as of the Effective Date, has a credit card account with Capital One shall be entitled to a one-time distribution payment from the Common Fund which is equal to the Individual Settlement Amount. This payment shall be made either: (1) as a credit on one or more of the Authorized Claimant's credit card statement(s) for any credit card(s) issued by Capital One, or (2) by check issued by the Settlement Administrator or Capital One. Settlement Agreement ¶ 3.5

d.   Each Authorized Claimant who, as of the Effective Date, (1) does not have an open credit card account with Capital One, and (2) is identified on Capital One's records as owing money to Capital One as a result of, at the time of distribution, a legally-enforceable obligation shall be entitled to a one-time distribution from the Common Fund which is equal to the Individual Settlement Amount. This distribution shall be made either: (1) as payment of the debt owed to Capital One by the Authorized Claimant in the amount of the lesser of (a) the Individual Settlement Amount and (b) the amount owed by the Authorized Claimant to Capital One; or (2) by check issued by the Settlement Administrator or Capital One. Should the Individual Settlement Amount be greater than the amount owed to Capital One by the Authorized Claimant, and should Capital One choose to apply the Settlement Amount to the debt owed, then the difference between the Individual Settlement Amount and the amount of the paid debt shall be paid to the Authorized Claimant by check issued by the Settlement Administrator or Capital One. Settlement Agreement ¶ 3.6

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

## A.   NARROWLY TAILORED RELEASE

The Settlement Agreement contains a narrowly tailored release that is specifically limited to claims arising out of the allegations in this case relating to the intercepting, monitoring and/or recording of telephone calls or other communications. *See* Settlement Agreement ¶ 14.1. The release comports with the applicable law, which holds that a class action lawsuit may release all claims "that may arise out of the transactions or events pleaded in the complaint." *See* Conte & Newberg, 4 *Newberg on Class Actions* (4th ed. 2010) ("Newberg") § 12:15, at 312; *see also Nat'l Super Spuds, Inc. v. New York Mercantile Exchange,* 660 F.2d 9, 16-18 (2d Cir. 1981).

## B.   ATTORNEYS' FEES AND COSTS AND ENHANCEMENT AWARDS

The Settlement Agreement allows Class Counsel to make an application to the Court for an award of attorneys' fees and costs, payable from the Common Fund. As those amounts were not discussed during mediation, Capital One may dispute or contest the amount of attorneys' fees and litigation expenses and costs requested by Class Counsel. Settlement Agreement ¶ 3.8(a). Class Counsel will seek an award of attorneys' fees not to exceed $750,000, in addition to reimbursement for costs. *See Torrisi v. Tucson Elec. Power Co*., 8 F.3d 1370, 1376 (9th Cir. 1993) (establishing 25% of the common fund as the "benchmark" award for attorney fees in the Ninth Circuit.). The Settlement Agreement does not contain a "clear sailing" provision.

The Plaintiffs, Stanley Nader and Jarret Olson, will also be allowed to make an application to the Court for an enhancement award of $25,000 each, which is intended as compensation for the telephone calls they claim were recorded without notice or consent as well as their compensation for instituting, prosecuting and bearing the laboring oar and risk of this litigation as Class Representatives including their responding to extensive written discovery, sitting for their depositions,

communicating with Class Counsel throughout the litigation as well as Plaintiff Nader's physical attendance at the mediation, and Plaintiff Olson's telephonic participation therein. Settlement Agreement ¶ 3.7. Plaintiff Albert O. Benkert, who filed a class action Complaint against Capital One in the Circuit Court of the 11th Judicial Circuit in Miami-Dade County, Florida (Case No. 12-23018 CA 13), will seek a similar award.

### C.   COMPREHENSIVE NOTICE PROGRAM

To alert Class Members of their rights under the Settlement, the Settlement Agreement provides for a comprehensive notice program that allows for notice to be sent by email, which will be substantially in the form of the Class Notice, or by regular mail. *See* Settlement Agreement ¶¶ 5.1-5.3. In addition, notice will be publicized in USA Today for at least three days in an advertisement size of at least ¼ of a page. *Id*. As set forth in detail below, the notice program satisfies the requirements of Rule 23 and ensures that all – or substantially all – of the Class Members will receive notice of the Settlement.

### D.   CY PRES DISTRIBUTION OF COMMON FUND REMAINDER

In the event that any portion of the Common Fund remains unclaimed, or any check sent to any Authorized Claimant remains uncashed for more than 180 days after issuance, then such unclaimed or uncashed funds will become part of the Common Fund for cy pres distribution to the Berkman Center for Internet & Society at Harvard University and the Electronic Frontier Foundation, in equal amounts. *See* Kiesel Decl. ¶¶ 5-7. Under no circumstances will any portion of the Common Fund revert to Capital One.

## IV.   <u>LEGAL ANALYSIS</u>

### A.   STANDARD FOR PRELIMINARY APPROVAL

Rule 23(e) requires court approval of any settlement of claims on behalf of a certified class. In the Ninth Circuit, "there is a strong judicial policy that favors

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1 settlements, particularly where complex class action litigation is concerned." *In re*

2 *Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008).

3     To grant preliminary approval of a class action settlement, a court need only

4 find that the settlement is within "the range of reasonableness" to justify publishing

5 and sending notice of the settlement to class members and scheduling final approval

6 proceedings. *See Van Ba Ma v. Covidien Holding, Inc.*, 2014 U.S. Dist. LEXIS

7 13296, *10 (C.D. Cal. Jan. 31, 2014). The approval of a proposed class action

8 settlement "is committed to the sound discretion of the trial judge." *Hanlon v.*

9 *Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). In exercising this discretion,

10 the trial court must give "proper deference to the private consensual decision of the

11 parties," as "the court's intrusion upon what is otherwise a private consensual

12 agreement negotiated between the parties to a lawsuit must be limited to the extent

13 necessary to reach a reasoned judgment that the agreement is not the product of

14 fraud or overreaching by, or collusion between, the negotiating parties, and the

15 settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Id.*

16 at 1027.

17     In making a preliminary determination of the fairness, reasonableness, and

18 adequacy of a class action settlement, the trial court must balance a number of

19 factors, including:

20     (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and
likely duration of further litigation; (3) the risk of maintaining class action

21 status throughout the trial; (4) the amount offered in settlement; (5) the extent
of discovery completed and the stage of the proceedings; (6) the experience

22 and views of counsel; (7) the presence of a governmental participant; and (8)
the reaction of the class members to the proposed settlement.

23

24 *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). At the

25 preliminary approval stage, a final analysis of the settlement's merits is not

26 warranted. Instead, a more detailed assessment is reserved for final approval, after

27 class notice has been sent and class members have had the opportunity to object to,

28 or opt out of, the settlement. *See Moore's Fed. Prac.* ¶ 23.165 (3d ed. 2009).

## B.   THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED

Counsel for Plaintiffs and the Class have substantial experience in class action litigation, privacy rights, and, in particular, similar litigation currently pending in other class actions involving call recording. In their view, the proposed Settlement at this juncture is well within "the range of reasonableness" and is fundamentally fair, adequate, and reasonable when analyzed using the *Churchill* factors, as set out below.[4]

### 1.   The Strength of Plaintiff's Case Compared to the Risk, Expense, Complexity, and Likely Duration of Further Litigation

Although Class Counsel's opinion is that this case is a strong one, it must be noted that there has not been a ruling on the substantive issue underlying the litigation – whether the phone calls at issue in this case constitute "confidential communications" within the meaning of California Penal Code § 632(a). Should the Settlement not be approved, further litigation would ensue over whether there exists a reasonable expectation that no one was secretly listening to Plaintiffs' phone conversations with Capital One and the merits of Plaintiffs' legal and damages theories.[5] While the continuation of this litigation would not likely result in an

---

[4] The last two *Churchill* factors are not addressed since they are, respectively, not applicable (there is no government participant), or are premature (the Class has not yet received notice).

[5] Indeed, the legal claims asserted herein have not always been met with successful results. *See*, *e.g.*, *Faulkner v. ADT Security Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013) (plaintiff's allegations insufficient to infer an objectively reasonable expectation of confidentiality on a phone conversation he had with defendant.); *see also Weiner v. ARS Nat'l Servs.*, 887 F. Supp. 2d 1029, 1033 (S.D. Cal. 2012) (circumstances surrounding plaintiff's phone conversation with defendant showed he did not have "an objectively reasonable expectation that the conversation was not

(footnote continued)

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1  increased benefit to the Class (and Capital One would argue it would resolve on the

2  merits in its favor), it would lead to a very substantial expenditure in attorneys' fees

3  and costs by both parties. Indeed, should this matter proceed and Plaintiffs prevail,

4  whether through a trial on the merits or through motion practice, Capital One would

5  likely appeal to the Ninth Circuit resulting in further expense and delay. In reality,

6  should this matter not be settled at this juncture, the only certainty is years of

7  litigation.

8  **2.    The Risk of Maintaining Class Action Status Throughout the Trial**

9  
10  As set out more fully below, Plaintiffs submit that this action could be

    properly maintained as a class action. First, the numerosity, commonality, typicality,

11  and adequacy of representation requirements under Rule 23(a) are met. Next, Rule

12  23(b)(3) is satisfied because "[w]hen common questions present a significant aspect

13  of the case and they can be resolved for all members of the class in a single

14  adjudication, there is clear justification for handling the dispute on a representative

15  rather than on an individual basis." *Hanlon*, 150 F.3d at 1022 (internal quotation and

16  citation omitted). However, Plaintiffs recognize that there are significant hurdles to

17  class certification in this case. For example, Capital One has argued that variations

18  among the Class Members' individual expectations of whether their calls were being

19  recorded preclude certification under Rule 23(b)(3). *See* Opp'n to Pls.' Mot. for

20  Class Cert. [Doc. 109] at 13-19. Although Plaintiffs are confident that this action

21  can be maintained as a class action, the risk of maintaining class action status

22  throughout trial weighs in favor of preliminary approval.

23  **3.    The Amount Offered in Settlement**

24  Under the Settlement, Class Members who make claims will be compensated

25  _____

26  
27  being recorded.").

28

for the telephone calls they claim were recorded without notice or consent. Thus, the amount offered in settlement, arrived at after intensive arm's-length negotiations, is a significant recovery for the Class in light of the risks of further litigation and Capital One's likely defenses. In addition, Capital One has agreed to separately pay the costs associated with notifying the Class of the Settlement and administering it, an added benefit conferred upon the Class.

### 4.    The Extent of Discovery Completed and the Stage of the Proceedings

Significant discovery was undertaken in this action, including, but not limited to numerous sets of interrogatories and requests for production propounded by Capital One on each Plaintiff, and Plaintiffs' propounding of interrogatories and requests for production on Capital One, resulting in Capital One's production of nearly 3,000 pages of documents. Additionally, the depositions of each Plaintiff were taken, and Capital One's corporate designee on matters relating to the identities of persons Capital One called and recorded was taken in Virginia. Kiesel Decl. ¶ 8. This information provided the parties with sufficient evidence to evaluate the strengths and weaknesses of Plaintiffs' claims and the benefits of the proposed Settlement. *Id*.

It is also significant that this action has been subject to extensive motion practice, including multiple dispositive motions, such as the two motions to dismiss and for summary judgment. Kiesel Decl. ¶ 9. Additionally, Plaintiffs' motion for class certification was fully briefed and awaiting oral argument at the time the Settlement was reached. *Id*. Thus, the parties were well informed not only of the basis for the claims and allegations herein, but also of Capital One's defenses.

### 5.    The Experience and Views of Counsel

Plaintiffs and the Class Members are represented in this case by counsel who have significant experience in complex class action litigation, have negotiated numerous other substantial settlements, and have the ability to litigate this case on a

**PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS SETTLEMENT**

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

classwide basis if a fair settlement were not offered. *See* Kiesel Decl. ¶ 10; Declaration of Andrew N. Friedman (hereinafter "Friedman Decl.") ¶¶ 4-5; Declaration of Richard B. Wentz (hereinafter "Wentz Decl.") ¶¶ 5-7; Declaration of Kenneth M. Lipton (hereinafter "Lipton Decl.") ¶¶ 4-5; Declaration of Prescott Littlefield (hereinafter "Littlefield Decl.") ¶ 2; Declaration of Jerome L. Ringler (hereinafter "Ringler Decl.") ¶¶ 4-5. Class Counsel include attorneys highly experienced in privacy rights and class action litigation, and their expertise helped inform the settlement negotiations and the drafting of the Settlement Agreement. In negotiating the Settlement, Class Counsel drew on their considerable experience, skill, and expertise in determining that the Settlement was fair, reasonable, and adequate. Kiesel Decl. ¶ 10.

## C.   INDIVIDUAL NOTICE MORE THAN SATISFIES RULE 23

Rule 23(e)(1) states that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise."  Notice to the class must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. Proc. 23(c)(2)(B); *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997). The notice must contain the following information: (1) the nature of the action; (2) the definition of the class; (3) the class claims, issues, or defenses; (4) that any class member may appear at the fairness hearing through an attorney; (5) that the court will exclude from the class any member who requests exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a judgment on class members. Fed. R. Civ. Proc. 23(c)(2)(B).

Here, the Parties anticipate that the vast majority of the members of the Class can be identified and located from the records of Capital One, as they are or were cardholders of Capital One. Capital One will compile a Class List of each of its current and former cardholders who its records identify as having received a call

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

from and spoken with a representative of Capital One during the Class Period at a time when the cardholder's mailing address was located in one of the Covered States. Settlement Agreement ¶1(h). If a Class Member is identified in the Class List, and if Capital One has an email address for the Class Member, then notice of the proposed Settlement will be provided either by (1) an email substantially in the form of the Class Notice that includes a hyperlink to the Claim Form, or (2) by regular mail in the form of the Postcard Notice containing instructions that the Claim Form can be (a) accessed, filled out and submitted on the website of the Settlement Administrator, or (b) accessed on the website of the Settlement Administrator, printed out and returned by regular mail. Settlement Agreement ¶5.2. If Capital One does not have an email address for a Class Member, then notice will be provided by regular mail in the form of the Postcard Notice. *Id.* Before sending notice through mail, names and addresses will be run through the National Change of Address Database and, if applicable, the mailing address will be adjusted accordingly. *Id.*

As for Class Members who are not identified in the Class List, notice will be provided by publication substantially in the form of the Publication Notice in USA Today (in the editions published in the Covered States or nationally) for at least a period of three days and an advertisement size of at least 1/4 of a page, which shall include the web address of the Settlement Administrator's website. Settlement Agreement ¶5.3. The above methods of notice satisfy all due process requirements.

In addition to the manner of giving notice to the Class, the contents of the notice itself satisfy Rule 23(c)(2)(B), as the notice includes all required elements: "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule

**PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS SETTLEMENT**

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

23(c)(3)." *See* Class Notice, attached as Exhibit B to the Settlement Agreement.

Accordingly, the form of notice and the manner of giving notice should be approved.

### D. THE COURT SHOULD CERTIFY A SETTLEMENT CLASS FOR SETTLEMENT PURPOSES

Before granting preliminary approval of a settlement, the Court must determine that the proposed Settlement Class is a proper class for settlement purposes. Manual for Complex Litig. (4th ed. 2004) § 21.632; *Amchem Prods.*, 521 U.S. at 620. Certification is appropriate where the proposed class and the proposed class representatives meet the four requirements of Rule 23(a) – numerosity, commonality, typicality and adequacy of representation – and one of the three requirements of Rule 23(b).

Plaintiffs seek certification of a settlement Class, pursuant to Rules 23(a) and 23(b)(3), on behalf of all persons in California, Florida, Maryland, Nevada, and New Hampshire who received one or more telephone calls from and spoke with a representative of Capital One between July 13, 2006, and March 31, 2012, and were not provided with notice that the call may be recorded or monitored. Settlement Agreement ¶ 1(f). For the reasons set out below, all of the required elements of class certification are satisfied.

#### 1. The Requirements of Rule 23(a) Are Satisfied

"Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011). Under Rule 23(a), the party seeking certification must demonstrate that:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1   Fed. R. Civ. Proc. 23(a).

2                  *a.      Numerosity*

3        Rule 23(a)(1) requires that the class be "so numerous that joinder of all

4   members is impracticable." Fed. R. Civ. Proc. 23(a)(1). If "general knowledge and

5   common sense indicate [the class] is large, the numerosity requirement is satisfied."

6   1 Newberg & Conte, *Newberg on Class Actions*, § 3.3 (4th ed. 2002). Here, Capital

7   One made more than one thousand telephone calls to California residents related to

8   collections activity in a one-year period. *See* Declaration of Brad Mason [Doc. 4] ¶

9   4. On that basis alone, the numerosity requirement is satisfied.

10                  *b.      Commonality*

11        Rule 23(a)(2) requires that there be "questions of law or fact common to the

12   class." Fed. R. Civ. Proc. 23(a)(2). "Commonality requires the plaintiff to

13   demonstrate that the class members 'have suffered the same injury.'" *Dukes*, 131 S.

14   Ct. at 2551 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)).

15   Class members' claims "must depend upon a common contention . . . that is capable

16   of classwide resolution – which means that determination of its truth or falsity will

17   resolve an issue that is central to the validity of each one of the claims in one

18   stroke." *Id.* at 2545. "What matters to class certification . . . is not the raising of

19   common 'questions' – even in droves – but, rather the capacity of a classwide

20   proceeding to generate common *answers* apt to drive the resolution of the

21   litigation." *Id.* at 2551.

22        Here, the claims of all Class Members depend upon a common contention that

23   the secret recording of telephone calls with Class members violated the Privacy Act

24   and the rights of Plaintiffs and Class Members. Plaintiffs' claims are based upon the

25   same conduct by Capital One, based on common practices and procedures

26   applicable to all members of the Class, resulting in the litigation of common legal

27   issues. Further, the common questions of law and fact presented in this case could

28   only be effectively and efficiently resolved in a classwide proceeding that would

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

15   **PLAINTIFFS' MOTION FOR PRELIMINARY**
**APPROVAL OF CLASS SETTLEMENT**

1  generate common answers to those questions.

2                  *c.     Typicality*

3        Rule 23(a)(3) requires that "the claims or defenses of the representative

4  parties are typical of the claims or defenses of the class". Fed. R. Civ. Proc.

5  23(a)(3). The Ninth Circuit has observed this standard to be "permissive" and has

6  held that "representative claims are 'typical' if they are reasonably co-extensive

7  with those of absent class members; they need not be substantially identical."

8  *Hanlon*, 150 F.3d at 1020; accord, *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir.

9  2003). Further, "[t]he test of typicality 'is whether other members have the same or

10  similar injury, whether the action is based on conduct which is not unique to the

11  named plaintiffs, and whether other class members have been injured by the same

12  course of conduct.' [Citation.]" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508

13  (9th Cir. 1992). Because the Class Representatives engaged in an outbound

14  telephone conversation with Capital One which was recorded without warning,

15  which is the identical scenario which gives rise to the claims of the other members

16  of the Class, the Class Representatives satisfy the typicality requirement. *Id.*

17  ("Typicality refers to the nature of the claim or defense of the class representative,

18  and not to the specific facts from which it arose or the relief sought.").

19                 *d.     Adequacy of Representation*

20        Rule 23(a)(4) permits class certification only if "the representative parties will

21  fairly and adequately protect the interests of the class." Fed. R. Civ. Proc. 23(a)(4).

22  In assessing whether this requirement has been met, the court asks: (1) whether the

23  proposed representative plaintiffs  and their counsel have conflicts of interest with

24  the proposed class, and (2) whether Plaintiffs are represented by qualified and

25  competent counsel. *See Hanlon*, 150 F.3d at 1020.

26        Plaintiffs do not have any conflicts of interest with the proposed Class.

27  Plaintiffs' claims are identical to the claims of other Class Members and arise from

28  the same conduct by Capital One. Plaintiffs and other Class Members have suffered

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF CLASS SETTLEMENT**

the same injury, and Plaintiffs seek relief equally applicable and beneficial to the Class.

Further, Plaintiffs are represented by qualified and competent counsel who have the experience and resources necessary to vigorously pursue this action. As evidenced by the firm resumes attached to the declarations of Messrs. Kiesel, Friedman, Wentz, Lipton, Littlefield and Ringler, the firms retained by Plaintiffs have substantial class action experience, including particular experience in litigating Privacy Act claims. *See* Kiesel Decl. ¶ 11; Friedman Decl. ¶¶ 4-5;  Wentz Decl. ¶¶ 5-7; Lipton Decl. ¶¶ 4-5; Littlefield Decl. ¶ 2; and Ringler Decl. ¶¶ 4-5. Plaintiffs and their counsel are able to fairly and adequately protect the interests of the Class.

### 2.      The Requirements of Rule 23(b)(3) Are Satisfied

In addition to meeting the prerequisites of Rule 23(a), a class action must satisfy at least one of the three conditions of Rule 23(b). Plaintiffs submit that the Settlement Class satisfies Rule 23(b)(3).

Under Rule 23(b)(3), a class action may be maintained if: "[1] the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and [2] that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. Proc. 23(b)(3). Here, common questions predominate over any individualized inquiries relating to Class Members. Plaintiffs' claims are based upon a common course of alleged conduct undertaken by Capital One with respect to every member of the Class: Defendant violated the Privacy Act by secretly recording telephone calls with Class Members. These liability issues are common to Plaintiffs and all members of the Class – and, in fact, if every Class member were to bring an individual action, they all would be required to prove the existence of the same alleged wrongful course of conduct on the part of Defendant in order to prove liability. Indeed, it is difficult to discern any liability issues that are not common to the claims of all members of the Class.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1    As for superiority, the inquiry focuses "'on the efficiency and economy
2    elements of the class action so that cases allowed under [Rule 23(b)(3)] are those
3    that can be adjudicated most profitably on a representative basis.'" *Zinser v. Accufix*
4    *Research Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001) (quoting 7A Charles Alan
5    Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1780
6    at 562 (2d ed. 1986)). "[T]he purpose of the superiority requirement is to assure that
7    the class action is the most efficient and effective means of resolving the
8    controversy." Federal Practice and Procedure, § 1779 at 174 (2005). This action
9    easily satisfies such requirements. First, the members of the class, should they even
10   learn of their respective claims, would likely not be interested in undertaking the
11   burden of litigating this case and filing their own action. Furthermore, competing
12   putative class actions were brought and consolidated into a single action. This shows
13   that one action is superior to duplicative actions, individual or otherwise.

14       Thus, this action is appropriate for class certification for settlement purposes,
15   embodying all the hallmarks, both in form and in substance, of class actions
16   routinely certified in this Circuit as has been discussed at length herein.

17   **V.    ATTORNEYS' FEES AND COSTS AND ENHANCEMENT AWARDS**

18       The Settlement Agreement states that Class Counsel may apply to the Court
19   for an award of attorneys' fees and costs, payable from the Fund. As those amounts
20   were not discussed or agreed upon during mediation, Capital One may dispute or
21   contest the amount of attorneys' fees and litigation expenses and costs requested by
22   Class Counsel. Settlement Agreement ¶ 3.8(a). Again, there is no "clear sailing"
23   provision.

24       Plaintiffs, and Mr. Benkert, will also be allowed to make an application to the
25   Court for an enhancement award of $25,000 each, which is intended as
26   compensation for the telephone calls they claim were recorded without notice or
27   consent as well as their compensation for instituting, prosecuting and bearing the
28   laboring oar and risk of this litigation as Class Representatives including Plaintiffs'

responding to extensive written discovery, sitting for their depositions, communicating with Class Counsel throughout the litigation as well as Plaintiff Nader's physical attendance at the mediation, and Plaintiff Olson's telephonic participation therein. Settlement Agreement ¶ 3.7. The enhancement award is designed to reward the Class Representatives for their service to the Class, and is consistent with Ninth Circuit precedent that holds enhancement awards cannot be conditioned on class representatives' support for the settlement. *See Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157, 1161 (9th Cir. 2013).

The Notice will explain the forthcoming motion for attorneys' fees, costs, and enhancement awards so that Class Members will be aware of the proposed requests. The motion for attorneys' fees, costs, and enhancement awards will be filed a reasonable time before the deadline for objections. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 995 (9th Cir. 2010) (holding that class members should have adequate time to review motion for attorneys' fees before deadline for objections).

## VI.   THE COURT SHOULD SET A FINAL APPROVAL HEARING SCHEDULE

The last step in the class settlement approval process is the final approval hearing, at which the Court may hear all evidence and argument necessary to evaluate the proposed settlement. At that hearing, proponents of the settlement may explain and describe its terms and conditions and offer argument in support of settlement approval. Members of the Class, or their counsel, may be heard in support of or in opposition to the settlement. Plaintiffs propose the following schedule for final approval of the settlement as detailed in the accompanying proposed order:

/ / /

/ / /

/ / /

19   **PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

| ACTION | TIME |
|---|---|
| Last day for Capital One to provide the Settlement Administrator with the Class List | 21 days after preliminary approval |
| Last day for Settlement Administrator to mail and e-mail notice to Class Members | 51 days after preliminary approval |
| Last day for Settlement Administrator to complete publishing Publication Notice in a newspaper | 60 days after preliminary approval |
| Last day for requests for exclusion from the settlement to be postmarked by Class Members | 80 days after preliminary approval |
| Last day for Class Counsel to file motion(s) for final approval of settlement, Class Representatives' service payment and application for attorneys' fees and costs | 105 days after preliminary approval |
| Last day for Class Members to file objections to the settlement | 120 days after preliminary approval |
| Last day for the Parties to reply to any objections filed by Class Members | 135 days after preliminary approval |
| Hearing on motion for final approval of settlement, Class Representative's service payment, and application for attorneys' fees and costs | At least 160 days after preliminary approval |
| Last day for claims to be submitted by Class Members | 180 days after preliminary approval |

## VII.   CONCLUSION

For the reasons stated above, Plaintiffs respectfully submit that the proposed Settlement is fair, adequate, and reasonable, and in the best interests of the Class. Accordingly, they respectfully request that this Court: (a) certify the stipulated Class for settlement purposes; (b) grant preliminary approval of the Settlement; (c) approve the proposed form of notice; (d) schedule the dissemination of the notice; (e) schedule a hearing for final approval of the Settlement; and (f) schedule a

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

hearing for Class Counsel's motion for an award of attorney's fees, costs, and the requested enhancement awards.

DATED: March 24, 2014      Respectfully submitted,

                           KIESEL LAW LLP


                           By:   /s/ Jeffrey A. Koncius
                                 PAUL R. KIESEL
                                 JEFFREY A. KONCIUS
                                 MATTHEW A. YOUNG

                           COHEN MILSTEIN SELLERS & TOLL PLLC
                                 Andrew N. Friedman
                                 [Admitted *Pro Hac Vice*]
                                 Douglas J. McNamara
                                 [Admitted *Pro Hac Vice*]
                                 1100 New York Avenue NW
                                 Suite 500 West
                                 Washington, DC 20005
                                 Tel: (202) 408-4600
                                 Fax: (202) 408-4699
                                 E-mail: *afriedman@cohenmilstein.com*
                                 *dmcnamara@cohenmilstein.com*

                              THE WENTZ LAW FIRM
                                 Richard B. Wentz, SBN 120380
                                 Jean M. Wentz, SBN 139340
                                 2955 East Hillcrest Rd., Suite 123
                                 Thousand Oaks, CA 91362
                                 Tel: (805) 374-0060
                                 Fax: (888) 855-8124
                                 E-mail: *rick.wentz@gmail.com*
                                 *jean.wentz@gmail.com*

**PLAINTIFFS' MOTION FOR PRELIMINARY**
      **APPROVAL OF CLASS SETTLEMENT**

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1

2

BRAUN LAW GROUP, P.C.
Michael D. Braun, SBN 167416
10680 Pico Blvd., Suite 280

3

Los Angeles, CA 90064
Tel:  (310) 836-6000

4

Fax: (310) 836-6010

5

E-mail: *mdb@braunlawgroup.com*

6

7

LAW OFFICES OF KENNETH M. LIPTON
Kenneth M. Lipton, SBN 82342

8

5900 Sepulveda Blvd., Suite 400
Van Nuys, CA 91411

9

Tel:  (818) 780-3562

10

Fax: (818) 366-7097

11

E-mail: *kenlipton998431@aol.com*

12

Attorneys for Plaintiff, STANLEY NADER, on
behalf of himself and all others similarly

13

situated

14

15

KEARNEY LITTLEFIELD, LLP
Thomas A. Kearney, SBN 90045

16

Prescott  W. Littlefield, SBN 259049

17

633 W. Fifth Street, 28th Floor
Los Angeles, CA 90071

18

Tel:  (213) 473-1900

19

Fax: (213) 473-1919
E-mail: *tak@kearneylittlefield.com*

20

*pwl@kearneylittlefield.com*

21

22

23

24

25

26

27

28

22      **PLAINTIFFS' MOTION FOR PRELIMINARY**
**APPROVAL OF CLASS SETTLEMENT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

RINGLER & ASSOCIATES
Jerome L. Ringler, SBN 59918
Catherine Burke Schmidt, SBN 212827
233 Wilshire Boulevard, Suite 900
Santa Monica, CA 90401
Tel:  (310) 955-4105
E-mail: *jlr@ringlerandassociates.com*
*cbs@ringlerandassociates.com*

Attorneys for Plaintiff, JARETT OLSON,
on behalf of himself and all others similarly
situated