1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11   STANLEY NADER, on behalf of          CASE NO.  CV12-1265 DSF (RZx)
     himself and all others similarly     [Consolidated with
12   situated,                            Case No. CV12-1772 DSF (RZx) and
                                          Case No. CV12-4906 DSF (RZx)]
13                        Plaintiff,
                                          **ORDER GRANTING**
14         v.                             **PRELIMINARY APPROVAL OF**
                                          **CLASS ACTION SETTLEMENT,**
15   CAPITAL ONE BANK (USA), N.A.,         **CONDITIONALLY CERTIFYING A**
     and DOES 1 through 20,                **SETTLEMENT CLASS,**
16                                         **APPROVING FORM OF NOTICE**
                        Defendants.        **TO THE CLASS AND SETTING**
17                                         **HEARING ON FINAL APPROVAL**
                                          **OF SETTLEMENT**
18
                                          NOTE CHANGES BY COURT
19
     AND RELATED CONSOLIDATED
20   CASES

21

22

23

24

25

26

27

28

On April 21, 2014, at 1:30 p.m., the Court, the Honorable Dale S. Fischer presiding, conducted a hearing regarding the motion brought by Plaintiffs Stanley Nader and Jarett Olson ("Class Representatives") for Preliminary Approval of Class Action Settlement, Conditionally Certifying a Settlement Class, Approving Form of Notice to the Class, and Setting Hearing on Final Approval of Settlement. The parties appeared by their respective counsel of record.

After considering the papers and the arguments of counsel, and good cause appearing, IT IS ORDERED THAT:

1. For purposes of this Order, the Court adopts and incorporates all definitions set forth in the Settlement Agreement and Release ("Settlement Agreement").

2. Class Representatives are ordered to file a Second Amended Consolidated Class Action Complaint in the form attached as Exhibit F to the Settlement Agreement.  Capital One Bank (USA), N.A.'s ("CAPITAL ONE") answer on file to the Amended Consolidated Class Action Complaint shall be deemed to be its answer to the Second Amended Consolidated Class Action Complaint.

3. The Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure and other laws and rules applicable to preliminary settlement approval of class actions have been satisfied, and the Court preliminarily approves the settlement of this Action as memorialized in the Settlement Agreement, which is incorporated by this reference, as being fair, just, reasonable, and adequate to the Settlement Class and its members, subject to further consideration at the Final Fairness and Approval Hearing described below, and thus:

(a) conditionally certifies for purposes of implementing the Settlement Agreement only the Class consisting of all persons in California, Florida, Maryland, Nevada, and New Hampshire (the "Covered States") who received one or more telephone calls from and spoke with a representative of CAPITAL ONE between

1   July 13, 2006 and March 31, 2012 (the "Class Period"), and were not provided with

2   notice that the call may be recorded or monitored;

3             (b) appoints Class Representatives as the representatives of the Class;

4   and,

5             (c) appoints the following as attorneys for the Class for purposes of

6   settlement and finds for the purposes of settlement that these attorneys are qualified

7   to represent the Class:  Kiesel Law LLP, Paul R. Kiesel and Jeffrey A. Koncius,

8   8648 Wilshire Boulevard, Beverly Hills, California, 90211; Law Offices of

9   Kenneth M. Lipton, Kenneth M. Lipton, 5900 Sepulveda Blvd., Suite 400, Van

10  Nuys, California 91411; The Wentz Law Firm, Richard B. Wentz and Jean M.

11  Wentz, 2955 East Hillcrest Rd., Suite 123, Thousand Oaks, California 91362;

12  Cohen Milstein Sellers and Toll PLLC, Andrew N. Friedman and Mary

13  Bortscheller, 1100 New York Avenue NW, Suite 500, Washington, DC, 20005;

14  Kearney Littlefield, LLP, Thomas A. Kearney and  Prescott Littlefield, 633 West

15  5th Street, 28th Floor, Los Angeles, California 90071; and, Ringler & Associates,

16  Jerome L. Ringler and Catherine Burke Schmidt, 233 Wilshire Boulevard, Suite

17  900, Santa Monica, California 90401. For purposes of the giving of notice to Class

18  Counsel under this Order or in connection with the Settlement Agreement, such

19  notices need only be served on the attorneys at Kiesel Law LLP;

20        4.    A hearing (the "Final Fairness and Approval Hearing") shall be held

21  on **November 3, 2014**, at 1:30 p.m. before the Honorable Dale S. Fischer in Court

22  Room 840 of the United States District Court for the Central District of California

23  located in the Edward R. Roybal Federal Building and United States Courthouse,

24  255 East Temple Street, Los Angeles, CA, 90012 ("the Final Fairness and Approval

25  Hearing").   At that time, the Court shall determine: (a) whether the proposed

26  settlement of the Action on the terms and conditions provided for in the Settlement

27  Agreement is fair, just, reasonable, and adequate and should be finally approved;

28  (b) whether judgment as provided in the Settlement Agreement should be entered;

and (c) whether to approve Class Counsel's application for an award of attorney's fees and costs, and Class Representatives' application for incentive awards.  The Court may continue or adjourn the Final Fairness and Approval Hearing without further notice to members of the Class.

5.      The Court approves, as to form and content, the Class Notice attached as Exhibit A to this Order, the Post Card Class Notice attached as Exhibit B to this Order, the Publication Notice attached as Exhibit C to this Order, the Online Claim Form attached as Exhibit D to this Order, and the Paper Claim Form attached as Exhibit E to this Order. The Court finds that distribution of the Class Notice, the Post Card Class Notice and the Publication Notice in the manner set forth in this Order and the Settlement Agreement constitutes the best notice practicable under the circumstances, and constitutes valid, due and sufficient notice to all members of the Class, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable laws.  The forms of notice in this Order and in the Settlement Agreement provide a means of notice reasonably calculated to apprise the Class Members of the pendency of the action and the proposed settlement, and meet the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, as well as due process under the United States Constitution and any other applicable law, and shall constitute due and sufficient notice to all Class Members entitled to notice.  Specifically, individual notice will be provided to those current and former cardholders of CAPITAL ONE whom CAPITAL ONE's records identify as having received a call from and spoken with a representative of CAPITAL ONE during the Class Period at a time when the cardholder's mailing address in CAPITAL ONE's records was located in one of the Covered States by sending such Class Notice by email to such cardholders' email addresses or, if no email address is available, by sending the Post Card Class Notice by regular mail to such persons' last known  mailing addresses, and class notice will be provided to all other potential class members by

1  publishing such notice in the USA Today (in the editions published in the Covered

2  States or nationally) for at least a period of three days and an advertisement size of

3  at least 1/4 of a page.

4      6.     The Court approves the selection of BrownGreer PLC to be the

5  Settlement Administrator. The Settlement Administrator will administer the

6  applicable provisions of the Settlement Agreement in accordance with the terms of

7  the Settlement Agreement, including, but not limited to, distributing and providing

8  the Class Notice, receiving and examining claims, calculating claims against the

9  Common Fund, preparing and issuing or working with CAPITAL ONE to issue all

10 disbursements of the Common Fund to Authorized Claimants, and handling

11 inquiries about the calculation of the Individual Settlement Amounts. All

12 reasonable fees and costs of the Settlement Administrator shall be paid by

13 CAPITAL ONE and shall not be deducted from the Common Fund.

14     7.     No later than twenty-one (21) days after the date of this Order,

15 CAPITAL ONE shall provide the Settlement Administrator with a list ("Class

16 List") of all current and former cardholders of CAPITAL ONE whom CAPITAL

17 ONE's records identify as having received a call from and spoken with a

18 representative of CAPITAL ONE during the Class Period at a time when the

19 cardholder's mailing address in CAPITAL ONE's records was located in one of the

20 Covered States.  This Class List shall state the name, social security or taxpayer

21 identification number and last known mailing and email address (if available) for

22 each such cardholder.   In addition, if CAPITAL ONE has additional email

23 addresses for any cardholders, that information shall be included in the Class List.

24     8.     No later than fifty-one (51) days after the date of this Order, the

25 Settlement Administrator shall email the Class Notice to the last known email

26 address of each person in the Class List for whom an email address was provided.

27 The email containing the Class Notice shall bear a phrase in the subject heading

28 that is in bold type, and that attracts attention and sufficiently describes the

importance of the legal notice and class action settlement, such as: "NOTICE OF CLASS ACTION SETTLEMENT." The email shall also include a hyperlink to the Claim Form available on the Settlement Administrator's website.  No later than fifty-one (51) days after the date of this Order, the Settlement Administrator shall send the Post Card Notice by regular mail to those persons on the Class List for whom an email address was not provided in the Class List.

9.     With respect to those persons whose Class Notice by email is returned to the Settlement Administrator as undeliverable, the Settlement Administrator shall promptly verify that the email address used was that provided in the Class List and resend the email at least two additional times and, if another email address for that person was provided by CAPITAL ONE to the Settlement Administrator, also send the Class Notice by email to that address.  With respect to those persons whose Post Card Notice by regular mail is returned to the Settlement Administrator as undeliverable, the Settlement Administrator shall (1) mail the Post Card Notice to any forwarding address provided by the U.S. Postal Service; (2) if no forwarding address was provided by the U.S. Postal Service, or the mailing to the forwarding address is returned as undeliverable, obtain an updated address from LexisNexis and mail the Post Card Notice to that updated address; and, (3) for any Post Card Notices returned as undeliverable after such efforts are made, mail the Post Card Notice to the mailing address provided by CAPITAL ONE in the Class List if the Post Card Notice has not already been mailed to that address.  If the email and/or regular mail attempts at notice are unsuccessful, and/or a Class Member otherwise fails to follow the procedures set forth in this Agreement for submitting a claim or requesting exclusion from the Class, the notice procedures for Class Members not identified in the Class List shall be deemed to apply and the Class Member shall automatically be deemed a member of the Class whose rights and claims with respect to the issues raised in the Second Amended Consolidated Class Action Complaint are determined by the Court's final Order approving the settlement of

the class claim and this Action, and the Judgment, and by the other rulings in the Action.

10.    No later than sixty (60) days after the date of this Order, notice also will be provided by publication of the Publication Notice in the USA Today for a period of no less than three days and an advertisement size of no less than 1/4 of a page, which shall include the web address of the Settlement Administrator's website, where the Claim Form must be accessed, filled out, and submitted.

11.    No later than thirty (30) days after the third day of publication of the Publication Notice in the USA Today, the Settlement Administrator shall provide Defense Counsel and Class Counsel with a declaration attesting to completion of the publication notice process and the individual notice process (except for any ongoing attempt to obtain and verify valid e-mail or mailing addresses for, and the re-sending of, any returned notices). Class Counsel shall promptly file this declaration with the Court.

12.    Any person may request to be excluded from the Class by mailing a letter, by first class mail, return receipt requested, to the Settlement Administrator and copying Class Counsel and Defense Counsel, containing a statement that he or she requests to be excluded from the Class. Any such request must be made in accordance with the terms set forth in the Class Notice and will be timely only if postmarked no later than eighty (80) days and received by the Settlement Administrator no later than ninety (90) days after the date of this Order (said ninety (90) day period being the "Exclusion Period"). No later than five (5) days after the Exclusion Period, the Settlement Administrator shall provide Defense Counsel and Class Counsel with a list of the Class Members who have requested exclusion from the Class.

13.    If more than two hundred fifty (250) persons  request exclusion from the Class within the Exclusion Period, CAPITAL ONE shall have the option to terminate the Settlement Agreement and the settlement proceedings, and this Order

shall be null and void and the settlement of no force and effect.  CAPITAL ONE shall give notice of such termination in writing to Class Counsel and the Settlement Administrator no later than fourteen (14) days after the day it receives the list of Class Members who have requested exclusion from the Class. The notice of termination shall then promptly be filed with the Court by Class Counsel.

14.     In order to be an authorized claimant entitled to a portion of the Common Fund, the Claim Form must be submitted no later than one hundred sixty (160) days after the date of this Order ("Claim Period") to the Settlement Administrator online, or sent by fax or by email, or postmarked if mailed in paper form.

15.     Promptly upon expiration of the Claim Period, the Settlement Administrator shall provide copies or summaries of the submitted Claim Forms, in a readable format, to Class Counsel and Defense Counsel, by email or overnight mail.  CAPITAL ONE shall have thirty (30) days from its receipt of the Claims Forms or summaries thereof to notify Class Counsel and the Settlement Administrator that it is exercising its option to research the basis of each or any claimant's claim, including the accuracy of the information provided on the Claim Form, to verify the propriety and accuracy of each claim.  If CAPITAL ONE exercises this option, its review process shall be completed within one hundred twenty (120) days after exercising the option.  If CAPITAL ONE determines that the information provided on any Claim Form is inaccurate or incomplete, CAPITAL ONE shall notify Class Counsel and the Settlement Administrator and the Claim Form shall be deemed deficient. The claimant shall have thirty (30) days from the date of notice of the deficiency to cure the defective or incomplete information on the Claim Form.

16.     Class Counsel shall file a motion for final approval of settlement no later than one hundred five (105) days after the date of this Order. Any motion by Class Counsel for an award of attorney's fees or reimbursement of costs from the

Common Fund shall be filed at the same time and that request shall be accompanied by all supporting evidence. The motion for final approval of settlement and motion for attorney's fees shall be posted on the website of the Settlement Administrator so that it may be reviewed and printed out by any member of the Class. Capital One may file an opposition to the motion for attorney's fees and/or reimbursement of costs no later than one hundred thirty-five (135) days after the date of this Order.

17.     Any Class Members wishing to object to the approval of the Settlement or the award of attorneys' fees and reimbursement of costs to Class Counsel ("Objecting Class Members") shall no later than one hundred thirty-five (135) days after the date of this Order inform Class Counsel, Defense Counsel, and the Settlement Administrator in writing of his or her objections by sending objections and copies of any papers and briefs desired to be considered, together with proof of membership in the Settlement Class, in the manner set forth in the Class Notice, to each of the following:

**Class Counsel**:

  Paul R. Kiesel, Esq.

  Kiesel Law LLP

  8648 Wilshire Boulevard

  Beverly Hills, California 90211

**Defendant's Counsel**:

  Edward D. Totino, Esq.

  DLA Piper LLP (US)

  2000 Avenue of the Stars

  North Tower, 4th Floor

  Los Angeles, California 90067

8

**Settlement Administrator**:

> BrownGreer PLC
>
> 250 Rocketts Way
>
> Richmond, Virginia 23231

On the expiration of the time for filing objections, Class Counsel will submit, by ECF filing, a final compendium of objections to the Court for its consideration.

Any Class Member who has filed and served such written objections may, but is not required to, appear himself or herself, or through counsel, at the Final Fairness and Approval Hearing and object to the approval of the Settlement or the award of attorney's fees and reimbursement of costs to Class Counsel.  No Class Member, or any other person, shall be heard or entitled to contest the approval of the proposed Settlement, the judgment to be entered approving the same, or the award of attorney's fees and reimbursement of costs to Class Counsel, unless that Class Member has filed and served written objections together with proof of membership in the Settlement Class in the manner set forth in this Order.  The Parties shall file any response to the objections submitted by Objecting Class Members no later than one hundred sixty (160) days after the date of this Order.

18.     Any settlement Class Member who does not make his or her objection(s) in the manner provided in this Order and in the Class Notice shall be deemed to have waived such objection(s) and shall forever be foreclosed from making any objection(s) to the fairness or adequacy of the proposed Settlement as incorporated in the Settlement Agreement and the award of attorney's fees and reimbursement of costs to counsel and the right to appeal any related orders, unless otherwise ordered by the Court.

19.     If the Settlement Agreement is terminated or for any reason does not occur (in whole or in part), the filing of the Second Amended Consolidated Class Action Complaint, the Court's Order allowing the filing of same, and all

preliminary and/or final findings regarding the Court's Order allowing the filing of same, shall be automatically vacated on notice to the Court of the termination of the Settlement Agreement, and this Action shall proceed as though the Second Amended Consolidated Class Action Complaint was not filed.

20.     The Court reserves the right to adjourn the date of the Final Fairness and Approval Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the settlement. The Court may approve the settlement, with such modifications as may be agreed to by the parties to the settlement, if appropriate, without further notice to the Class.

**IT IS SO ORDERED.**

4/30/14

Dated: _____

_____
DALE S. FISCHER
United States District Judge

## NOTICE OF CLASS ACTION SETTLEMENT

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY NADER, et al.<br><br>                    Plaintiffs,<br><br>        v.<br><br>CAPITAL ONE BANK (USA), N.A.<br><br>                    Defendant. | Case No. CV-12-01265-DSF (RZx)<br><br>**NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION** |

## ATTENTION ALL PERSONS IN CALIFORNIA, FLORIDA, MARYLAND, NEVADA AND NEW HAMPSHIRE WHO RECEIVED TELEPHONE CALLS FROM CAPITAL ONE AND WERE NOT INFORMED THAT THE CALLS MAY BE RECORDED OR MONITORED:  YOU MAY BE ENTITLED TO COMPENSATION

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get compensation. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Capital One about the legal claims in this case. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up your rights. |

o      These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

o      The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

WEST\247166383.7

## 1. Why Should You Read This Notice?

You should read this notice because you may be eligible to claim compensation from a class action settlement if you are a member of the Settlement Class as defined below:

> All persons in California, Florida, Maryland, Nevada, and New Hampshire (the "Covered States") who received one or more telephone calls from and spoke with a representative of Capital One Bank (U.S.A.), N.A. between July 13, 2006 and March 31, 2012, and were not provided with notice that the call may be recorded or monitored.

If you are a member of the Settlement Class, you are a Class Member and may be entitled to compensation by way of a statement credit on your Capital One credit card, the forgiveness of debt owed to Capital One or the payment of money.

## 2. What Is The Case About?

The Court in charge of this case is the United States District Court for the Central District of California, and the case is known as *Stanley Nader, on behalf of himself and all others similarly situated v. Capital One Bank (USA), N.A.*, Case No. CV-12-01265-DSF (RZx). There is also a similar case in state court in Florida known as *Albert O. Benkert v. Capital One Bank (USA), N.A.*, Circuit Court of the 11th Judicial District in and for Miami-Dade County, Florida, Circuit Civil Division Case No. 12-23018 CA 13. The people who sued are called Plaintiffs, and the company they sued, Capital One, is called the Defendant.

The lawsuit claims that telephone calls made by representatives of Capital One regarding credit card accounts were recorded or monitored without providing verbal notice at the beginning of the calls that the calls may be recorded or monitored. Capital One has denied and continues to deny any liability, and there has been no finding that Capital One has violated any laws.

The parties have nonetheless decided to negotiate a settlement of this action in order to avoid the burden, expense, and uncertainty of further litigation.  The parties, after a thorough investigation of the facts and applicable law concerning all claims and defenses, have agreed that the proposed settlement is in the best interest of all members of the Settlement Class and that the proposed settlement is fair, reasonable, and adequate.

## 3. Why Is This A Class Action?

In a class action, one or more people called Class Representatives (in this case Stanley Nader and Jarret Olson) sue on behalf of people who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. U.S. District Judge Dale S. Fischer is in charge of this class action.

## 4. The Proposed Settlement.

Without admitting liability, Capital One will pay a total of three million dollars ($3,000,000) in the aggregate in the form of credits on Capital One credit card statements, forgiveness of debt owed to Capital One, and cash to create a common fund ("Common Fund").  The Common Fund, less the incentive awards of not more than $25,000 each that will be paid to each of the two Class Representatives and the plaintiff in the Florida Action, less any amount of attorney's fees and costs awarded by the Court to be paid from the Common Fund to class counsel ("Class Counsel"), will be distributed pro-rata to the Settlement Class members who submit valid and timely Claim Forms.  The actual amount received by each Settlement Class member will depend on the number of valid and timely claims submitted by the Settlement Class members, the amount of the incentive awards, and the amount of attorney's fees and costs awarded to Class Counsel by the Court. If a Settlement Class member has a credit card account at Capital One or owes money to Capital One, the pro rata amount paid to that member may, at Capital One's option, be paid by way of a credit on that member's Capital One credit card statement or the forgiveness of debt owed to Capital One.

If any of the Common Fund remains after payment of all valid and timely claims, such as for settlement checks that remain uncashed for more than 180 days, then such funds will be paid to the Berkman Center for Internet & Society at Harvard University and the Electronic Frontier Foundation, or otherwise distributed as ordered by the Court.

### 5.  *What Am I Giving Up To Get A Payment Or Stay In The Class?*

Unless you exclude yourself, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Capital One about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you.

If the Court approves the proposed settlement, it will enter a final judgment in the Action on the merits as to all members of the Settlement Class who do not request to be excluded from the Settlement Class.  All members of the Settlement Class who submit claims and all members of the Settlement Class who do not validly and timely request to be excluded from the proposed settlement shall be subject to a binding judgment.  All such members of the Settlement Class shall be forever barred from prosecuting their own lawsuits and shall have released Capital One and its related companies and agents from any and all claims, which were or could have been asserted in the Action and are related to the claims asserted in the Action, including, without limitation, any all claims relating to the intercepting, monitoring and/or recording of telephone calls or other communications, and any and all claims for violation of the California Invasion of Privacy Act (including without limitation Cal. Penal Code §§ 630, 631, 632,  and 632.7) or any laws of Florida, Maryland, New Hampshire, and/or Nevada that regulate, govern, prohibit or restrict the intercepting, recording or monitoring of telephone calls or other communications (including without limitation, Fla. Stat. § 934.03, MD Cts. & Jud. Proc. Code § 10-402, Nev. Rev. Stat. §§ 200.610 *et seq*., and/or N.H. Rev. Stat. § 570-A:2) (hereafter, collectively, the "Released Claims").

### 6.  *Do I Have A Lawyer In This Case?*

The Court has appointed the following attorneys (collectively, "Class Counsel") as counsel for the Settlement Class and you  are represented by them if you are a member of the Settlement Class:   Kiesel Law LLP, Paul R. Kiesel, and Jeffrey A. Koncius, 8648 Wilshire Boulevard, Beverly Hills, CA, 90211, Law Offices of Kenneth M. Lipton, Kenneth M. Lipton, 5900 Sepulveda Blvd., Suite 400, Van Nuys, California 91411, The Wentz Law Firm, Richard B. Wentz and Jean M. Wentz, 2955 East Hillcrest Rd., Suite 123, Thousand Oaks, California 91362, Cohen Milstein Sellers and Toll PLLC, Andrew N. Friedman and Mary Bortscheller, 1100 New York Avenue NW, Suite 500, Washington, DC, 20005, Kearney Littlefield, LLP, Thomas A. Kearney and  Prescott Littlefield, 633 West 5th Street, 28th Floor, Los Angeles, CA 90071, and Ringler & Associates, Jerome L. Ringler and Catherine Burke Schmidt, 233 Wilshire Boulevard, Suite 900, Santa Monica, California 90401. You will not have to pay Class Counsel as they will be paid from the Common Fund.  You may retain your own counsel, if you choose, at your own expense.

The exact amount of the attorney's fees to be sought or the costs to be reimbursed has not yet been determined, but the amounts will be set forth in a motion for attorney's fees and costs which, along with supporting documentation, will be posted on the website of the Settlement Administrator no later than _____, 2014.

### 7.  *How Will The Lawyers Be Paid?*

Class Counsel will ask the Court for attorneys' fees and costs up to $800,000, and a payment of $25,000 to each the Class Representatives, Stanley Nader and Jarret Olson, and the plaintiff in the Florida case. The Court may award less than these amounts. Capital One will also separately pay the costs to administer the settlement.

### 8.  *How Can I Get Compensation?*

**To qualify for compensation from the Common Fund, you <u>must</u> complete and submit a Claim Form**

WEST\247166383.7

**online or submit a paper Claim Form no later than _____, 2014.**

Subject to the approval of the settlement by the Court, if you want to participate in the settlement, you must complete and submit online the Claim Form that is available on the Internet at the web address www.telephonerecordingsettlement.com no later than _____, 2014.  In the alternative, you may print out a paper Claim Form from that website, or contact the Settlement Administrator to request that a paper Claim Form be sent to you, so that you may complete such paper Claim Form and submit it to the Settlement Administrator by mail, facsimile or email.  Paper Claim Forms must be received by facsimile or email, or postmarked if sent by mail, no later than _____, 2014.

If you choose to participate in the settlement by submitting a Claim Form, you will be bound by all of the provisions of the Settlement Agreement and Release, including a full release of claims as described above that will prevent you from separately suing Capital One and its related companies, representatives and agents.

### 9.  What Happens If I Do Nothing?

**If you do nothing, you will not receive any compensation**.  You will still be deemed part of the Settlement Class, and you will be releasing all claims you may have related to the allegations in this case as more fully described below.

### 10.  How Do I Get Out Of The Settlement?

If you don't want a payment from this settlement, but you want keep the right to sue or continue to sue Capital One, on your own, about the legal issues in this case, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as opting out of the settlement Class.

If you wish to be excluded, you must complete and send a written letter ("Request for Exclusion"), containing your name, address, signature, a statement that you meet the criteria of the Settlement Class but wish to be excluded from the Settlement Class, and a short statement of your reason for wanting to be excluded from the Settlement Class, postmarked no later than _____, 2014, to the Settlement Administrator, with copies sent to Class Counsel and Capital One's counsel ("Defense Counsel"), at the addresses in Section 14 below.

### 11.  If I Don't Exclude Myself, Can I Sue Capital One For The Same Thing Later?

No. Unless you exclude yourself, you give up the right to sue Capital One for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is _____, 2014.

### 12.  If I Exclude Myself, Can I Get Money From This Settlement?

No. If you exclude yourself, do not send in a claim form to ask for any money. But, you may sue, continue to sue, or be part of a different lawsuit against Capital One.

### 13.  How Do I Tell The Court That I Don't Like The Settlement?

You can tell the Court that you don't agree with the settlement or some part of it.

If you wish to object to the settlement, you must, no later than _____, 2014, serve on the Settlement Administrator, Class Counsel and Defense Counsel at the addresses set forth in Section 14 below a written objection to the settlement which must state, in clear and concise terms, the legal and factual arguments supporting the objection and include proof of membership in the Settlement Class.  Class Counsel will file all written objections that they receive with the Court.  Class Members who serve a written objection may also appear at the final approval hearing described below.  If your objection is overruled, you will be bound by the final judgment as if you had not objected.

Members of the Settlement Class who do not timely make their objections in this manner will be deemed to have waived all objections and will not be entitled to be heard at the settlement approval hearing. You may, but need not, enter an appearance through counsel of your choice. If you do, you will be responsible for your personal attorney's fees and costs.

**14.** *What Are The Addresses Of The Attorneys And The Settlement Administrator?*

| **Settlement Administrator** | **Plaintiff and Class Counsel** | **Defense Counsel** |
|---|---|---|
| BrownGreer PLC<br>250 Rocketts Way<br>Richmond, Virginia 23231 | Paul Kiesel, Esq.<br>Jeffrey A. Koncius, Esq.<br>KIESEL LAW LLP<br>8648 Wilshire Boulevard<br>Beverly Hills, California 90211 | Edward D. Totino, Esq.<br>DLA PIPER LLP (US)<br>2000 Avenue of the Stars,<br>Suite 400 North Tower<br>Los Angeles, California 90067 |

**15.** *Notice Of Hearing On Final Approval And Objections To Class Action Settlement.*

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

The Settlement is subject to final Court approval and a hearing for that purpose has been scheduled for _____, 2014 at ___ _.m. before the Honorable Dale S. Fischer in Court Room 840 of the United States District Court for the Central District of California located in the Edward R. Roybal Federal Building and United States Courthouse, 255 East Temple Street, Los Angeles, CA, 90012 ("the Final Fairness and Approval Hearing"). At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Fischer will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take. You are currently represented by the appointed Class Counsel described above in Section 6, but may retain your own counsel, if you choose, at your own expense. Capital One may oppose Class Counsel's attorneys' fees request.

**16.** *What Happens If I Do Nothing At All?*

If you do nothing, you'll get no money from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Capital One about the legal issues in this case, ever again.

**17.** *How Do I Get More Information?*

This Notice summarizes the proposed settlement. The full terms of the settlement are in the Settlement Agreement and Release on file with the Clerk of the Court, and available on the settlement website at www.telephonerecordingsettlement.com. Other filings with the Court may also be available on this website. The Settlement Agreement and Release shall govern where there is any conflict between it and this Notice.

This description of the action is general and does not cover all of the issues and proceedings thus far. In order to see the complete file, you should visit the office of the Clerk of the Court. The Clerk will inform you as to how to obtain the file relating to this lawsuit for inspection and copying at your own expense.

YOU MAY CONTACT THE SETTLEMENT ADMINISTRATOR WITH ANY QUESTIONS AT [TOLL FREE NUMBER] OR WWW.TELEPHONERECORDINGSETTLEMENT.COM. YOU MAY REQUEST

A COPY OF THE COMPLAINT, THE SETTLEMENT AGREEMENT AND RELEASE, OR ANY OTHER FILING IN THE LAWSUIT.  YOU MAY ALSO VIEW THE FILES FOR THE CASE BY VISITING THE COURT CLERK'S OFFICE.

## **PLEASE DO NOT CONTACT THE COURT**
## **OR DEFENSE COUNSEL WITH ANY QUESTIONS**

WEST\247166383.7

**LEGAL NOTICE**

*Stanley Nader v. Capital One Bank (USA), N.A.*, United States District Court for the Central District of California Case No. CV-12-1265-DSF (RZx)

If you received a telephone call from a representative of Capital One between July 13, 2006 and March 31, 2012 while you were in California, Florida, Maryland, Nevada, or New Hampshire and were not told that the call may be monitored or recorded, your rights could be affected by a class action settlement. A settlement has been proposed in the lawsuit referenced above which is pending in the United States District Court for the Central District of California ("Court"). The settlement will also affect a separate action pending in state court in Florida alleging similar claims and captioned *Albert O. Benkert v. Capital One Bank (USA), N.A.*, Circuit Court of the 11th Judicial District in and for Miami-Dade County, Florida, Circuit Civil Division Case No. 12-23018 CA 13 (the "Florida Action").

**Who is Included?** You are a Class Member if during the period between July 13, 2006 and March 31, 2012, you were in California, Florida, Maryland, Nevada, or New Hampshire (the "Covered States"), received one or more telephone calls from and spoke with a representative of Capital One Bank (USA), N.A. ("Capital One"), and were not provided with notice that the call may be monitored or recorded.

**Summary Of The Settlement:** Capital One will pay a total of three million dollars ($3,000,000) in the aggregate in the form of credits on Capital One credit card statements, forgiveness of debt owed to Capital One, and cash to create a common fund ("Common Fund"). The Common Fund, less the incentive awards of not more than $25,000 each that will be paid to each of the two Class Representatives and the plaintiff in the Florida Action, less any amount of attorney's fees awarded by the Court to be paid from the Common Fund to class counsel ("Class Counsel"), will be distributed pro-rata to the Settlement Class members who submit valid and timely Claim Forms. Class Counsel intend to request that the Court award them from the Common Fund attorney's fees and reimbursement of costs in an amount not to exceed $800,000. Capital One may oppose this request. The actual amount received by each Settlement Class member will depend on the number of valid and timely claims submitted by the Settlement Class members, the amount of the incentive awards, and the amount of attorneys' fees and costs awarded to Class Counsel by the Court. If any of the Common Fund remains after payment of all valid and timely claims, such as from settlement checks that remain uncashed for more than 180 days, then such funds will be paid to the Berkman Center for Internet & Society at Harvard University and the Electronic Frontier Foundation, or otherwise distributed as ordered by the Court.

**How Do I Make a Claim?** You can make a claim by completing and submitting online the Claim Form that is available on the Internet at the following web address: www.telephonerecordingsettlement.com no later than _____, 2014.

**Do I Have A Lawyer?** Yes. The Court has appointed the following lawyers to represent Class Members: Kiesel Law LLP, Paul R. Kiesel, and Jeffrey A. Koncius; Law Offices of Kenneth M. Lipton, Kenneth M. Lipton; The Wentz Law Firm, Richard B. Wentz and Jean M. Wentz; Cohen Milstein Sellers and Toll PLLC, Andrew N. Friedman and Mary Bortscheller; Kearney Littlefield, LLP, Thomas A. Kearney and Prescott Littlefield; and Ringler & Associates, Jerome L. Ringler and Catherine Burke Schmidt.

**What Should I Do?** You should get more information from the settlement website www.telephonerecordingsettlement.com or from the Settlement Administrator by calling the phone number below and make a decision about what your legal rights are. Basically, as a Class Member, you have four options:

(1) Do nothing.  If you do nothing, you will not receive a share of the Common Fund and you give up your rights to sue Capital One about the legal claims in the lawsuit.

(2) You can submit a Claim to the Settlement Administrator to request a share of the Common Fund by _____, 2014. You can submit a claim online at the following web address: www.telephonerecordingsettlement.com.

(3) You can remain a Class Member but object to the Settlement. To do so you must follow the procedures set forth in the Class Notice available on the settlement website no later than _____, 2014. You may choose to pay for and be represented by a lawyer who may submit the objection for you. See the Class Notice on the website for the requirements for objecting to the settlement or appearing at the hearing.

(4) You can exclude yourself from the Settlement, and be able to sue Capital One about the facts at issue in the lawsuit, by mailing a letter (not an e-mail) to the Settlement Administrator (not the Court), Class Counsel and Defendant's Counsel. You must state in writing your name, address, signature, your reason for excluding yourself, and a statement that you meet the criteria of the Class but wish to be excluded from the Class. The request must be postmarked no later than _____, 2014. See the Class Notice on the website for the requirements for excluding yourself from the Settlement.

**Scheduled Hearing:** The United States District Court for the Central District of California located in the Edward R. Roybal Federal Building and United States Courthouse, 255 East Temple Street, Los Angeles, California, will conduct a hearing on whether to approve the Settlement and, if so, will determine what fees and costs should be award to Class Counsel and whether incentive awards should be awarded to the Class Representatives and the plaintiff in the Florida action. The hearing is presently scheduled for _____, 2014 at 10:30 a.m., in Court Room 840, Honorable Dale S. Fischer presiding but may be changed. Any Class Member may enter an appearance with the Court through an attorney.

For more information, visit : www.telephonerecordingsettlement.com or contact the Settlement Administrator at (###) ###-####, or write to Nader v. Capital One Settlement c/o BrownGreer PLC, [address].

**LEGAL NOTICE**

*Stanley Nader v. Capital One Bank (USA), N.A.,* Case No. CV-12-1265-DSF (RZx)

**If you received a telephone call from a representative of Capital One between July 13, 2006 and March 31, 2012 while you were in California, Florida, Maryland, Nevada, or New Hampshire and were not told that the call may be monitored or recorded, your rights could be affected by a class action settlement.   A settlement has been proposed in the lawsuit referenced above which is pending in the United States District Court for the Central District of California ("Court").  Complete information regarding the settlement is available on the following website: www.telephonerecordingsettlement.com**

**Who is Included?** You are a Class Member if during the period between July 13, 2006 and March 31, 2012, you were in California, Florida, Maryland, Nevada, or New Hampshire (the "Covered States"), received one or more telephone calls from and spoke with a representative of Capital One Bank (USA), N.A. ("Capital One"), and were not provided with notice that the call may be monitored or recorded.

**What Is The Case About?** This class action arose out of allegations that telephone calls made by Capital One regarding its credit card accounts were recorded or monitored without providing verbal notice at the beginning of the calls that the calls may be recorded.  Capital One has denied and continues to deny any liability, and there has been no finding that Capital One has violated any laws.

**Summary Of The Settlement:** Capital One will pay a total of three million dollars ($3,000,000) in the aggregate in the form of credits on Capital One credit card statements, forgiveness of debt owed to Capital One, and cash to create a common fund ("Common Fund").  The Common Fund, less the incentive awards of not more than $25,000 each that will be paid to each of the two Class Representatives and the plaintiff in a similar Florida lawsuit, less any amount of attorney's fees and costs awarded by the Court to be paid from the Common Fund to class counsel ("Class Counsel"), will be distributed pro-rata to the Settlement Class members who submit valid and timely Claim Forms.  The actual amount received by each Settlement Class member will depend on the number of valid and timely claims submitted by the Settlement Class members, the amount of the incentive awards, and the amount of attorney's fees and costs awarded to Class Counsel by the Court.

**How Do I Make a Claim?** You can make a claim by completing and submitting online the Claim Form that is available on the Internet at the following web address: www.telephonerecordingsettlement.com no later than _____, 2014.

**Do I Have A Lawyer?** Yes. The Court has appointed the following lawyers to represent Class Members:  Kiesel Law LLP, Paul R. Kiesel, and Jeffrey A. Koncius; Law Offices of Kenneth M. Lipton, Kenneth M. Lipton; The Wentz Law Firm, Richard B. Wentz and Jean M. Wentz; Cohen Milstein Sellers and Toll PLLC, Andrew N. Friedman and Mary Bortscheller; Kearney Littlefield, LLP, Thomas A. Kearney and  Prescott Littlefield; and Ringler & Associates, Jerome L. Ringler and Catherine Burke Schmidt.

**What Should I Do?** You should get more information from the settlement website and make a decision about what your legal rights are. Basically, as a Class Member, you have four options:

(1) Do nothing.  If you do nothing, you will not receive a share of the Common Fund and you give up your rights to sue Capital One about the legal claims in the lawsuit.

(2) You can submit a Claim to the Settlement Administrator to request a share of the Common Fund by _____, 2014. You will not have the right to sue separately about the issues in the lawsuit. You can submit a claim online at the following web address: www.telephonerecordingsettlement.com.

(3) You can remain a Class Member but object to the Settlement. To do so you must follow the procedures set forth in the Class Notice available on the settlement website no later than _____, 2014.

(4) You can exclude yourself from the Settlement, and be able to sue Capital One about the facts at issue in the lawsuit, by following the procedures set forth in the Class Notice, available on the settlement website, no later than _____, 2014.

**Scheduled Hearing:** The United States District Court for the Central District of California located in the Edward R. Roybal Federal Building and United States Courthouse, 255 East Temple Street, Los Angeles, California, will conduct a hearing on whether to approve the Settlement and, if so, will determine what fees and expenses should be awarded to Class Counsel and whether incentive awards should be awarded to the Class Representatives and the plaintiff in the Florida action. The hearing is presently scheduled for _____, 2014 at _____ a.m., in Court Room 840, Honorable Dale S. Fischer presiding.

For more information, visit **www.telephonerecordingsettlement.com.**

Program Registration screen when Step 2 has a "Yes" Response:



Program Registration screen when Step 2 has a "No" Response:

Online Claim Form screen:

# TELEPHONE RECORDING SETTLEMENT

BG BROWNGREER
Claims Administrator

| Home |
| Documents |
| FAQs |
| Contact Us |

**Important Dates**

**June 1, 2014**
Deadline to request exclusion (opt-out) from the Settlement

**June 1, 2014**
Deadline to object to Settlement

**June 15, 2014**
Final Approval Hearing

**July 1, 2014**
Deadline to submit a Claim Form

## Online Claim Form

### Claimant Information

| Claimant Name: | Notice Number: |

You will need to submit a Claim Form by _____, 201_ to receive benefits. The information you provide below will be used for processing your claim and will not be used or released for any other purpose. Your Taxpayer Identification Number is necessary for identification purposes. **Unless otherwise indicated below, all fields are required. If you do not complete all required fields, or provide incomplete, incorrect, or inaccurate information, your claim may be denied.**

### Current Contact Information

Last Name: * [Last Name]   First Name: * [First Name]   M.I: [MI]

Taxpayer ID Number: * ⦿ SSN/TIN  ○ EIN  [   ] - [  ] - [     ]

Address 1: * [          ]   Address 2: [          ]

City: * [          ]   State: * [   ▼]

Zip Code: * [          ]   E-mail Address: [          ]

### Claim Information

1. Did you receive at least one telephone call from and speak with a representative of Capital One between July 13, 2006 and March 31, 2012?   * ○ Yes ○ No

2. Tell us where you received these calls. Check all that apply. *
   ☐ California ☐ Florida ☐ Maryland ☐ Nevada ☐ New Hampshire ☐ Any Other State

3. Tell us the approximate date(s) you received these calls. Even if you received more than three calls, list only three.

   |  | Month | Year |
   | Call #1: * | [   ▼] | [   ▼] |
   | Call #2: | [   ▼] | [   ▼] |
   | Call #3: | [   ▼] | [   ▼] |

4. Tell us at which telephone number(s) you received these calls. Even if you received these calls on more than three telephone numbers, list only three.

   Telephone Number #1:* [   ] - [   ] - [     ]
   Telephone Number #2: [   ] - [   ] - [     ]
   Telephone Number #3: [   ] - [   ] - [     ]

5. Were you informed on every telephone call that you received from Capital One that the call may be recorded or monitored?   * ○ Yes ○ No

### Certification, Authorization and Signature

By submitting this Claim Form, I attest under penalty of perjury under the laws of the United States the information provided in this Claim Form is true and correct.

*[Type the Full Name here]   Enter today's Date Here: *[4/16/2014]

* ○ I am the Class Member  ○ I am an authorized representative for the Class Member

[Back]   [Submit the Claim]

* Indicates required information

# CLAIM FORM

**Stanley Nader, on behalf of himself and all others similarly situated v. Capital One Bank (USA), N.A.**

## INSTRUCTIONS

A completed copy of this Claim Form, or an Online Claim Form, must be submitted no later than the Claim Period for all Claimants in the *Nader v. Capital One Bank (USA), N.A.* settlement (the "Settlement") outlined in the Settlement Agreement and Release of March 24, 2014 (the "Agreement").  More information is available at the official Settlement website, www.telephonerecordingsettlement.com.

Please print clearly in blue or black ink.  You will need to submit a Claim Form by ____, 201_ to receive benefits. The information you provide below will be used for processing your claim and will not be used or released for any other purpose.  Your Taxpayer Identification Number is necessary for identification purposes.  **Unless otherwise indicated below, all fields are required.  If you do not complete all required fields, or provide incomplete, incorrect, or inaccurate information, your claim may be denied.**

### I.  CLAIMANT INFORMATION

| | Last | First | Middle Initial |
|---|---|---|---|
| **1.  Claimant Name:** | | | |

**2.  Social Security Number:**
*or*
**Individual Taxpayer Identification Number:**
*or*
**Employer Identification Number:**

SSN or ITIN
|___|___|___| - |___|___| - |___|___|___|___|

EIN
|___|___| - |___|___|___|___|___|___|___|

| | Street/P.O. Box | | |
|---|---|---|---|
| **3.  Address** | City | State | Zip |

**4.  Email**
*(Not Required)*

### II.  CLAIM INFORMATION

**1.** Did you receive at least one telephone call from and speak with a representative of Capital One between July 13, 2006 and March 31, 2012?   **YES** ☐   **NO** ☐

**2.** Tell us where you received these calls.  Check all that apply.

☐ California   ☐ Florida   ☐ Maryland   ☐ Nevada   ☐ New Hampshire   ☐ Any Other State

**3.** Tell us the approximate date(s) you received these calls.  Even if you received more than three calls, list only three.

_____/_____
(Month/Year)

_____/_____
(Month/Year)

_____/_____
(Month/Year)

1

**4.** Tell us at which telephone number(s) you received these calls.  Even if you received these calls on more than three telephone numbers, list only three.

Telephone Number #1: (|___|___|___|) - |___|___|___| - |___|___|___|___|

Telephone Number #2: (|___|___|___|) - |___|___|___| - |___|___|___|___|

Telephone Number #3: (|___|___|___|) - |___|___|___| - |___|___|___|___|

| | |
|---|---|
| **5.** Were you informed on every telephone call that you received from Capital One that the call may be recorded or monitored? | **YES** ☐   **NO** ☐ |

### III. CERTIFICATION, AUTHORIZATION AND SIGNATURE

By submitting this Claim Form, I attest under penalty of perjury under the laws of the United States the information provided in this Claim Form is true and correct.

| Claimant's Signature | | **Date** | _____/_____/_____ <br> (month)   (day)   (year) |
|---|---|---|---|
| **Printed Name** | First | MI | Last |

### IV. SUBMISSION BY MAIL

This Claim Form must be postmarked and mailed to the address below by ▮▮▮▮, 201_.  For more information, or to submit an online Claim Form, visit www.telephonerecordingsettlement.com.

*Nader v. Capital One Bank (USA), N.A.* Settlement Administrator
P.O. Box ▮▮▮▮
Richmond, VA ▮▮▮▮

2