1  Paul R. Kiesel, State Bar No. 119854
     *kiesel@Kiesel-Law.com*
2  Jeffrey A. Koncius, State Bar No. 189803
     *koncius@Kiesel-Law.com*
3  Matthew A. Young, State Bar No. 266291
     *young@Kiesel-Law.com*
4  KIESEL LAW LLP
   8648 Wilshire Boulevard
5  Beverly Hills, California 90211-2910
   Tel:   310-854-4444
6  Fax:   310-854-0812

7  Attorneys for Plaintiff, STANLEY
   NADER, on behalf of himself and all
8  others similarly situated.

9  [*Additional Counsel for Plaintiffs Listed
   on Signature Page*]

10

11              **UNITED STATES DISTRICT COURT**

12      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| 13  STANLEY NADER, on behalf of himself and all others similarly situated, | Case No. CV-12-01265-DSF (RZx) [Consolidated with Case Nos. CV-12-1772-DSF (RZx) and CV-12-4906-DSF (RZx)] |
| 14  Plaintiff, | |
| 15  v. | CLASS ACTION |
| 16 | |
| 17  CAPITAL ONE BANK (U.S.A.), N.A. and DOES 1 through 20, | **SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR INVASION OF PRIVACY IN VIOLATION OF CALIFORNIA PENAL CODE SECTIONS 630 *ET SEQ.*** |
| 18  Defendants. | |
| 19 | |
| 20  AND RELATED CONSOLIDATED CASES | |
| 21 | **DEMAND FOR JURY TRIAL** |
| 22 | |
| 23 | Judge:  Hon. Dale S. Fischer Crtrm.: 840 - Roybal |
| 24 | Trial Date:      None |
| 25 | |

26        Plaintiffs Stanley Nader and Jarett Olson, on behalf of themselves and the Class

27  of all other similarly situated persons defined below, demand a trial by jury and hereby

28  complain and allege upon information and belief as follows:

**INTRODUCTION**

1.      This Consolidated Class Action Complaint challenges the policy and business practice of Defendant CAPITAL ONE BANK (U.S.A.), N.A. ("CAPITAL ONE" or "Defendant"), who surreptitiously records telephone conversations with consumers in violation of California law.  Defendant's policy and practice violates the rights of consumers under California's Invasion of Privacy Act, California Penal Code Section 630 *et seq.* (the "Privacy Act").

2.      California's Constitution enshrines privacy as a protected, inalienable right:

> *All people* are by nature free and independent and *have inalienable rights. Among these are* enjoying and defending life and liberty, acquiring, possessing, and protecting property, and *pursuing and obtaining* safety, happiness, and *privacy.*

Cal. Const. art. I, § 1 (emphasis added).

3.      The Privacy Act enhances and specifically protects the right to privacy by establishing specific protections against unlawful intrusions into private communications, as explained in Penal Code Section 630:

> The Legislature hereby declares that advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society. The Legislature by this chapter intends to protect the right of privacy of the people of this state.

4.      The Privacy Act specifically prohibits secret recording of telephone conversations:

> Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine . . . .

Cal. Penal Code § 632(a).

SECOND AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT

1    5.    Florida, Maryland, Nevada, and New Hampshire (the "Similar States")

2 have similar laws.  *See* Fla. Stat. § 934.03, MD Cts. & Jud. Proc. Code § 10-402, Nev.

3 Rev. Stat. §§ 200.610 et seq., and N.H. Rev. Stat. § 570-A-2.

4    6.    Defendant has systematically and repeatedly violated the Privacy Act by

5 surreptitiously recording "outbound" telephone conversations initiated by Defendant's

6 employees, agents or representatives to California consumers.

7    7.    Under California law, a telephone conversation is a confidential

8 communication that may not be recorded, regardless of the content of the conversation

9 or the type of telephone involved, unless the recording party first informs all parties to

10 the conversation that it will be recorded.  The Similar States have similar laws.  As set

11 forth herein, telephone users have objectively reasonable expectations that their

12 telephone conversations will not be overheard or recorded.  Informing all parties to a

13 telephone conversation of the intent to record the conversation permits a party who

14 does not wish to be recorded to hang up or, if the party decides to continue participating

15 in the recorded conversation, to modify their tone or speech to account for the fact that

16 the conversation is being recorded.

17    8.    California Penal Code Section 632 and the laws of the Similar States are

18 violated the moment the recording is made without the consent of all parties thereto,

19 regardless of whether it is subsequently disclosed.  The only intent required by such

20 laws is that the act of recording itself be done intentionally.  There is no requisite intent

21 on behalf of the party doing the surreptitious recording to break the law, or to invade

22 the privacy rights of any other person.

23    9.    A person who suffers a privacy violation under California Penal Code

24 Section 632 or the laws of the Similar States may bring a private action to recover

25 statutory damages.  The injured party need not have suffered, or be threatened with,

26 actual damages.

27    10.    A plaintiff in such an action may also seek to enjoin further violations of

28 the Privacy Act.

SECOND AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT

1      11.     Plaintiffs Stanley Nader and Jarett Olson ("Plaintiffs") bring this
2  Complaint on behalf of themselves and all other persons located in California, Florida,
3  Maryland, Nevada, and New Hampshire whose outbound telephone conversations were
4  surreptitiously recorded by Defendant between July 13, 2006 and March 31, 2012 (the
5  "Class Period").

6      12.     Plaintiffs and the Class could not, and did not, consent to Defendant's
7  recording of their outbound telephone conversations because Defendant did not warn
8  Plaintiffs and the Class, at the outset of the calls, that these conversations were being
9  recorded.

10     13.     Like all members of the public, Plaintiffs and the Class had an objectively
11 reasonable expectation that their telephone conversations were confidential
12 communications that would not be overheard or recorded.  Firstly, reasonable persons
13 do not assume their calls are being recorded.  Secondly, Plaintiffs and the Class were
14 not warned that the calls would be recorded – as is the case when calls are placed to, or
15 received from, other businesses that record telephone conversations.  Indeed, no
16 warnings were ever given on outbound telephone calls from Defendant that those calls
17 were being recorded and, therefore, there was no reason for the recipients of such calls
18 to think such recording was taking place.  Thirdly, while warnings were given on
19 inbound telephone calls made to Defendant, the lack of warnings on outbound calls
20 made by Defendant to Plaintiffs and the Class only served to reinforce the objectively
21 reasonable expectation that such calls were not being recorded.  Finally, due to the
22 nature of the relationship between Plaintiffs and the Class, on the one hand, and the
23 Defendant, on the other, telephone calls placed by credit issuers such as Defendant to
24 individuals would be considered to be confidential by objectively reasonable persons,
25 as Defendant itself recognizes on its  website: "Capital One understands how important
26 security and confidentiality are to our customers". http://www.capitalone.com/identity-
27 protection/privacy/faq/
28 / / /

SECOND AMENDED CONSOLIDATED CLASS
                                                          ACTION COMPLAINT

1    14.    Defendant thus violated the statutory rights to privacy of Plaintiffs and the

2 Class under the Privacy Act and similar laws.  Accordingly, Plaintiffs, on behalf of

3 themselves and the Class, pray for statutory damages and injunctive relief pursuant to

4 California Penal Code Section 637.2 and the laws of the Similar States.

5    15.    All of the allegations contained in this Complaint are based upon

6 information and belief, except for those pertaining to Plaintiffs and their counsel.

7 Plaintiffs' information and belief are based upon, among other things, the investigation

8 that Plaintiffs and their counsel have conducted to date.  The allegations in this

9 Complaint are substantiated by evidentiary support, or are likely to be substantiated by

10 evidentiary support upon further investigation and discovery.

11                              **PARTIES**

12    16.    Plaintiff Stanley Nader is, and at all material times has been, a California

13 citizen residing in the County of Los Angeles, State of California.

14    17.    Plaintiff Jarett Olson is, and at all material times has been, a California

15 citizen residing in the County of Los Angeles, State of California.

16    18.    Defendant CAPITAL ONE is, and at all material times has been, a national

17 banking association organized and existing under the National Bank Act, 12 U.S.C. §§

18 21 *et seq*., and is a citizen of the State of Virginia, with both its main office, as set forth

19 in its articles of association, and principle place of business, in Glen Allen, Virginia.

20 CAPITAL ONE is legally operating and authorized to so legally operate and conduct

21 business under the laws of the State of California and the Similar States and regularly

22 conducts business in such locations.

23    19.    In this Complaint, Defendant CAPITAL ONE is sometimes referred to as

24 "Defendant."

25                       **JURISDICTION AND VENUE**

26    20.    This Court has original jurisdiction over this action under the Class Action

27 Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which (i) the

28 proposed class consists of more than 100 members; (ii) at least some members of the

1   proposed class are citizens of a state different from at least one of the defendants; and

2   (iii) the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

3       21.     Venue is proper in the Central District of California, Western Division,

4   pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events that give rise to

5   the claims herein occurred in this District.

6                              **FACTUAL BACKGROUND**

7       22.     Plaintiffs are informed, believe, and thereupon allege that during the Class

8   Period, Defendant  utilized certain computer hardware and software technology ("Call

9   Recording Technology") to execute a company-wide policy and practice of recording

10  all telephone conversations with consumers.

11      23.     Plaintiffs are further informed, believe, and thereupon allege that

12  Defendant installed and/or utilized Call Recording Technology on all of its consumer-

13  facing telephone lines.  This Call Recording Technology enabled Defendant to record

14  all of its telephone conversations with consumers, and allowed it to store and listen to

15  these recordings for various business purposes.

16      24.     Plaintiffs are further informed, believe, and thereupon allege that

17  Defendant's employees, agents, and representatives were directed, trained, and

18  instructed to, and did, record telephone conversations with consumers.

19      25.     Plaintiffs are further informed, believe, and thereupon allege that

20  consumers who made inbound telephone calls to the Defendant during the Class Period

21  were provided automated, pre-recorded warnings by the Defendant, at the outset of

22  each inbound telephone conversation, warning all parties to the call that the telephone

23  conversation was recorded.

24      26.     Plaintiffs are further informed, believe, and thereupon allege that, by

25  contrast, during the Class Period, Defendant did not provide any verbal warnings or

26  automated, pre-recorded warnings to consumers who received outbound telephone calls

27  from Defendant that the telephone conversation was recorded.  Plaintiffs are further

28  informed, believe, and thereupon allege that, during the Class Period, Defendant did not

1    provide any periodically repeated, audible "beep tone" or other sound throughout the

2    duration of an outbound telephone conversation to warn consumers who received the

3    call from Defendant that the call was recorded.  For the reasons stated herein, the nature

4    of telephone communication, the Defendant's position as credit issuers, and the lack of

5    any warning that outbound calls would be recorded led Plaintiffs and the Class to

6    reasonably conclude that their telephone conversations were not being recorded.

7         27.    Beginning in or about August 2011, Plaintiff Stanley Nader received a

8    series of telephone calls from employees, agents, or representatives of Defendant. Mr.

9    Nader is informed, believes, and thereupon alleges that Defendant recorded these

10   outbound telephone conversations.  Defendant failed to verbally warn Mr. Nader, at the

11   outset of each telephone conversation, of Defendant's intent to record the conversation.

12   Defendant failed to provide an automated, pre-recorded warning or a periodically

13   repeated beep tone or other sound to warn Nader on each such call that the conversation

14   was being recorded.  Mr. Nader, therefore, reasonably concluded that the calls were not

15   being recorded and as a result he did not provide Defendant with consent to record

16   these telephone conversations.

17        28.    In or about the summer of 2011, Plaintiff Jarett Olson received a telephone

18   call from an employee, agent, or representative of the Defendant. Mr. Olson is

19   informed, believes, and thereupon alleges that Defendant recorded this outbound

20   telephone conversation.  Defendant failed to verbally warn Mr. Olson, at the outset of

21   the telephone conversation, of Defendant's intent to record the conversation.

22   Defendant failed to provide an automated, pre-recorded warning or a periodically

23   repeated beep tone or other sound to warn Mr. Olson on the call that the conversation

24   was being recorded.  Mr. Olson, therefore, reasonably concluded that the call was not

25   being recorded and as a result he did not provide Defendant with consent to record this

26   telephone conversation.

27   / / /

28   / / /

SECOND AMENDED CONSOLIDATED CLASS
                                    ACTION COMPLAINT

1

## CLASS ACTION ALLEGATIONS

2      29.    Plaintiffs bring this action, on behalf of themselves and all others similarly

3 situated, as a class action pursuant to Federal Rule of Civil Procedure 23.  This action

4 may be brought and properly maintained as a class action because Plaintiffs satisfy the

5 numerosity, adequacy, typicality, and commonality pre-requisites for suing as

6 representative parties pursuant to Rule 23:

7      30.    **Class Definition**. The proposed, plaintiff Class that Plaintiffs seek to

8 represent is composed of and defined as follows:

9
10        All persons in California, Florida, Maryland, Nevada, and New
        Hampshire who received one or more telephone calls from and spoke with
11        a representative of Capital One Bank (U.S.A.), N.A., between July 13,
        2006 and March 31, 2012 and were not provided with notice that the call
        may be recorded or monitored.
12

13     31.    Excluded from the Class is Defendant named herein; officers and directors

14 of Defendant; members of the immediate family of Defendant; any judges or justices to

15 whom this action is assigned and their immediate families; and the legal

16 representatives, heirs, successors, or assigns of any such excluded party.

17     32.    Plaintiffs reserve the right to amend or otherwise alter the Class definition

18 presented to the Court at the appropriate time, or propose or eliminate sub-classes, in

19 response to facts learned through discovery, legal arguments advanced by Defendant, or

20 otherwise.

21     33.    **Numerosity and Ascertainability**. The members of the Class are so

22 numerous that joinder of all members is impracticable.  Although the precise number of

23 Class members is unknown to Plaintiffs at this time, Plaintiffs estimate that there are

24 more than 100 and it is likely that there are thousands of putative Class members.

25 Moreover, the precise number of Class members and their addresses may be obtained

26 from a review of Defendant's own records.  This information may then be used to

27 contact potential Class members.

28 / / /

SECOND AMENDED CONSOLIDATED CLASS
                                         ACTION COMPLAINT

1        34.    **Typicality**. Plaintiffs are members of the Class.  Their claims are typical

2  of the claims of other members of the Class that they seek to represent.  Plaintiffs allege

3  that Defendant systematically recorded outbound telephone conversations without

4  warning all parties thereto that these confidential communications were recorded, in

5  violation of the privacy rights of Plaintiffs and the Class under the Privacy Act and the

6  similar laws of the Similar States.  The harm that Plaintiffs and all other Class members

7  suffered arose from, and was caused by, the same conduct by Defendant.  Defendant

8  has acted, or refused to act, on grounds generally applicable to the Class, thereby

9  making injunctive relief and statutory damages pursuant to California Penal Code

10  Section 637.2 appropriate with respect to the Class as a whole.

11        35.    **Adequacy of Representation**. Plaintiffs will fairly and adequately

12  represent and protect the interests of the Class members.  Plaintiffs have retained

13  counsel that are each competent and experienced in consumer class action litigation to

14  ensure such protection.  Plaintiffs and their counsel intend to prosecute this action

15  vigorously for the benefit of the Class.  Plaintiffs have no interests that are antagonistic

16  to those of the Class. Plaintiffs have no interests that are in conflict with those of the

17  Class.

18        36.    **Superiority**. A class action is superior to other available methods for the

19  fair and efficient adjudication of this controversy for several reasons.  First, it is

20  unlikely that putative Class members will pursue individual litigation because, unless

21  notice is sent to each putative Class member whose telephone conversation was

22  recorded, most Class members will have no way to know that their privacy rights under

23  the Privacy Act were violated.  The very nature of Defendant's surreptitious recording

24  likely precludes knowledge of these privacy violations.  Second, since the harm

25  suffered by each Class member is too small to warrant individual pursuit, especially in

26  light of technical issues regarding Defendant's call recording and retention systems, a

27  class action is the only viable method to obtain damages and other relief from

28  Defendant for its violations of the Privacy Act.  Third, class treatment would be

  SECOND AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT

1 superior to adjudicating individual cases due to the much greater expense and burden

2 that individual litigation would impose upon the courts.  Fourth, if the Class members

3 sought relief through individual actions, inconsistent or varying adjudications in their

4 individual cases could establish incompatible standards of conduct for the Defendant.

5        37.    **Predominance of Common Questions of Law and Fact**. There exists a

6 well-defined community of interest in the questions of law and fact involved in this

7 case against Defendant, and in obtaining appropriate relief for Defendant's statutory

8 violations of the Privacy Act.  The following questions of law and fact common to the

9 Class predominate over any individualized issues and the answers to those questions

10 are apt to drive the resolution of the litigation:

11            a.    Whether, during the Class Period, Defendant had a policy and

12                  practice of recording all telephone conversations with

13                  consumers, including all outbound telephone conversations with

14                  consumers;

15            b.    Whether, during the Class Period, Defendant installed Call

16                  Recording Technology to implement their policy of recording all

17                  telephone conversations with consumers, including all outbound

18                  telephone conversations with consumers;

19            c.    Whether, during the Class Period, the Defendant's employees,

20                  agents, or representatives were directed, trained, and instructed

21                  to, and did, record all of the Defendant's telephone conversations

22                  with consumers, including all outbound telephone conversations

23                  with consumers, in order to implement the Defendant's policy

24                  and practice of recording all telephone conversations with

25                  consumers;

26            d.    Whether, during the Class Period, Defendant's policy and

27                  practice of recording all telephone conversations with

28                  consumers, including all outbound telephone conversations with

SECOND AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT

1          consumers, included a policy and practice of warning Class

2          members, including the Plaintiffs, at the outset of each recorded

3          telephone conversation that the telephone conversation was

4          recorded;

5       e.      Whether, during the Class Period, Defendant failed to warn Class

6          members who participated in an outbound telephone

7          conversation with the Defendant that the telephone conversation

8          was recorded;

9       f.      Whether Defendant's recording of Plaintiffs' and Class

10          members' outbound telephone conversations without warning

11          during the Class Period constitutes violations of California Penal

12          Code Section 632;

13       g.      Whether Plaintiffs and Class members are entitled to recover

14          statutory damages in the amounts provided by California Penal

15          Code Section 637.2(a)(1) and the laws of the Similar States; and

16       h.      Whether Plaintiffs and Class members are entitled to injunctive

17          relief pursuant to California Penal Code Section 637.2(b) and the

18          laws of the Similar States to enjoin or restrain the Defendant

19          from committing further violations of Penal Code Section 632.

20      38.     The core factual and legal issues are the same for all Class members:

21 whether the Class member received one or more outbound telephone calls from an

22 employee, agent, or representative of Defendant during the Class Period; whether, at

23 the outset of this telephone conversation, Defendant warned the Class member that the

24 telephone conversation was recorded; and a formulaic calculation of statutory damages

25 plus injunctive relief pursuant to California Penal Code Section 637.2 and the laws of

26 the Similar States.

27      39.     Plaintiffs are unaware of any difficulties that are likely to be encountered

28 in the management of this action that would preclude its maintenance as a class action.

SECOND AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT

40.    The nature of notice to the proposed Class is contemplated to be by direct mail and/or email upon certification of the Class or, if such notice is not practicable, by the best notice practicable under the circumstance including, *inter alia*, publication in major newspapers and on the internet.

41.    The delayed discovery doctrine applies to toll the claims of Class members.  Under the delayed discovery doctrine, the time for bringing these claims does not begin to run until a plaintiff discovers or should have discovered the injury.  Thus, the limitations period for claims of Class members does not begin to run until Defendants produce to them copies of their recorded telephone conversations or otherwise admit to them to recording their telephone conversations.  The very nature of Defendant's surreptitious recording precludes knowledge of these privacy violations.  Because the recording was secretive in nature, Class members did not suffer an obvious harm, where all essential facts are either known or knowable at the time the harm was caused, that would enable them to either know or suspect wrongdoing and therefore have sufficient knowledge to investigate and potentially assert claims.  In addition to the tolling afforded the Class by the delayed discovery rule, the time period is also tolled by the filing of this putative class action.

## COUNT ONE

### DEFENDANT'S STATUTORY INVASION OF PRIVACY

### IN VIOLATION OF CALIFORNIA PENAL CODE SECTION 632

42.    Plaintiffs re-allege and reincorporate herein by this reference all of the foregoing paragraphs, above, as though set forth in full herein.

43.    At all material times, Cal. Penal Code § 632, Fla. Stat. § 934.03, MD Cts. & Jud. Proc. Code § 10-402, Nev. Rev. Stat. §§ 200.610 et seq., and N.H. Rev. Stat. § 570-A-2 were in full force and effect and were binding upon Defendant, and existed for the benefit of the Class members, including Plaintiffs, all of whom are and/or were protected by the Privacy Act and the laws of the Similar States.

/ / /

1  44.  Plaintiffs are informed, believe, and thereupon allege that Defendant
2  installed and/or caused to be installed Call Recording Technology on the telephone
3  lines of all employees, agents, or representatives of Defendant who made or received
4  consumer-facing telephone calls during the Class Period.

5  45.  Plaintiffs are further informed, believe, and thereupon allege that
6  Defendants maintained and utilized this Call Recording Technology with the intent to
7  record each and every telephone conversation with consumers, and carry out
8  Defendant's policy of recording each and every telephone conversation with
9  consumers, during the Class Period.

10  46.  Plaintiffs are further informed, believe, and thereupon allege that
11  Defendant further directed, trained, and instructed their employees, agents, or
12  representatives to record all telephone conversations with consumers in order to carry
13  out this policy and practice during the Class Period.

14  47.  Plaintiffs are further informed, believe, and thereupon allege that
15  Defendant's policy and practice of recording all telephone conversations with
16  consumers failed to include a policy and practice that its employees, agents, or
17  representatives warn Class members, including Plaintiffs, who received outbound
18  telephone calls from Defendant during the Class Period, at the outset of each call that
19  the telephone conversation was being recorded by Defendants.

20  48.  Plaintiffs are further informed, believe, and thereupon allege that
21  Defendant failed to warn the Class members, including Plaintiffs, at the outset of each
22  and every outbound telephone conversation initiated by Defendant during the Class
23  Period that the conversation was recorded.

24  49.  Defendant violated California Penal Code Section 632 by recording
25  outbound telephone conversations with Class members, including Plaintiffs, initiated by
26  Defendant during the Class Period, without the consent of all parties to these
27  conversations.
28  / / /

13   SECOND AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT

50.     California Penal Code Section 637.2 and the laws of the Similar States are a manifestation of the various Legislature's determination that the privacy invasion arising from the non-consensual recording of a confidential communication constitutes an affront to human dignity that warrants a minimum amount of statutory damages per violation, even in the absence of proof of actual damages, as well as injunctive relief enjoining further violations.  Defendant's surreptitious recordings of the confidential communications of Plaintiffs and the Class caused injury to Plaintiffs and the Class in the form of an affront to their human dignity.

51.     Based upon the foregoing, the Class members, including the Plaintiffs, are entitled to, and below do pray for, statutory damages for each of Defendant's violations of Cal. Penal Code § 632, Fla. Stat. § 934.03, MD Cts. & Jud. Proc. Code § 10-402, Nev. Rev. Stat. §§ 200.610 et seq., and N.H. Rev. Stat. § 570-A-2 and for injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, hereby pray that the Court determine that this action may be maintained as a class action and further pray that the Court enter judgment in their favor and against the Defendant, as follows:

1.     For statutory damages pursuant to California Penal Code Section 637.2(a)(1) and the laws of the Similar States;

2.     For entry of a preliminary and permanent injunction prohibiting the Defendants from continuing to violate Cal. Pen. Code § 632 and Fla. Stat. § 934.03, MD Cts. & Jud. Proc. Code § 10-402, Nev. Rev. Stat. §§ 200.610 et seq., and N.H. Rev. Stat. § 570-A-2 ; and

3.     For such other and further relief as the Court may deem just and proper.

/ / /

/ / /

/ / /

DATED: May 6, 2014

Respectfully submitted,

KIESEL LAW LLP


By:        /s/ Jeffrey A. Koncius
        PAUL R. KIESEL
        JEFFREY A. KONCIUS
        MATTHEW A. YOUNG

COHEN MILSTEIN SELLERS & TOLL PLLC
        Andrew N. Friedman [admitted *Pro Hac Vice*]
        Douglas J. McNamara [admitted *Pro Hac Vice*]
        1100 New York Avenue NW
        Suite 500 West
        Washington, DC 20005
        Tel:  (202) 408-4600
        Fax: (202) 408-4699
        E-mail: *afriedman@cohenmilstein.com*
                *dmcnamara@cohenmilstein.com*

THE WENTZ LAW FIRM
        Richard B. Wentz, SBN 120380
        Jean M. Wentz, SBN 139340
        2955 East Hillcrest Rd., Suite 123
        Thousand Oaks, CA 91362
        Tel:  (805) 374-0060
        Fax: (888) 855-8124
        E-mail: *rick.wentz@gmail.com*
                *jean.wentz@gmail.com*

BRAUN LAW GROUP, P.C.
        Michael D. Braun, SBN 167416
        10680 Pico Blvd., Suite 280
        Los Angeles, CA 90064
        Tel:  (310) 836-6000
        Fax: (310) 836-6010
        E-mail: *mdb@braunlawgroup.com*

15    SECOND AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF KENNETH M. LIPTON
    Kenneth M. Lipton, SBN 82342
    5900 Sepulveda Blvd., Suite 400
    Van Nuys, CA 91411
    Tel:  (818) 780-3562
    Fax: (818) 366-7097
    E-mail: *kenlipton998431@aol.com*

Attorneys for Plaintiff, STANLEY NADER, on behalf of himself and all others similarly situated

KEARNEY ALVAREZ, LLP
    Thomas A. Kearney, SBN 90045
    Paul Alvarez, SBN 115350
    Prescott  W. Littlefield, SBN 259049
    633 W. Fifth Street, 28th Floor
    Los Angeles, CA 90071
    Tel:  (213) 473-1900
    Fax: (213) 473-1919
    E-mail: *tak@KAattorneys.com*
        *pa@KAattorneys.com*
        *pwl@KAattorneys.com*

RINGLER & ASSOCIATES
    Jerome L. Ringer, SBN 59918
    Catherine Burke Schmidt, SBN 212827
    233 Wilshire Boulevard, Suite 900
    Santa Monica, CA 90401
    Tel:  (310) 955-4105
    E-mail: *jlr@ringlerandassociates.com*
        *cbs@ringlerandassociates.com*

Attorneys for Plaintiff, JARETT OLSON, on behalf of himself and all others similarly situated

16   SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RINGLER & ASSOCIATES
Jerome L. Ringer, SBN 59918
Catherine Burke Schmidt, SBN 212827
233 Wilshire Boulevard, Suite 900
Santa Monica, CA 90401
Tel:  (310) 955-4105
E-mail: *jlr@ringlerandassociates.com*
            *cbs@ringlerandassociates.com*

Attorneys for Plaintiff, JARETT OLSON,
on behalf of himself and all others similarly
situated

SECOND AMENDED CONSOLIDATED CLASS
ACTION COMPLAINT