Paul R. Kiesel, State Bar No. 119854
  *kiesel@Kiesel-Law.com*
Jeffrey A. Koncius, State Bar No. 189803
  *koncius@Kiesel-Law.com*
Matthew A. Young, State Bar No. 266291
  *young@Kiesel-Law.com*
KIESEL LAW LLP
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel:   310-854-4444
Fax:  310-854-0812

[*Additional Counsel for Plaintiffs Listed
on Signature Page*]

Attorneys for Plaintiff, STANLEY
NADER, on behalf of himself and all
others similarly situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| STANLEY NADER, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (U.S.A.), N.A. and DOES 1 through 20,<br><br>Defendants.<br><br>_____<br><br>AND RELATED CONSOLIDATED CASES | Case No. CV-12-01265-DSF (RZx) [Consolidated with Case Nos. CV-12-1772-DSF (RZx) and CV-12-4906-DSF (RZx)]<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**<br><br>Judge:   Hon. Dale S. Fischer<br>Date:    November 3. 2014<br>Time:    1:30 p.m.<br>Crtrm.:  840 - Rovbal |

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 3, 2014, at 1:30 p.m., or as soon thereafter as the matter may be heard in the Courtroom of the Honorable Dale S. Fischer, United States District Court, Central District of California, Western Division, Plaintiffs Stanley Nader and Jarett Olson (collectively, "Plaintiffs") will and hereby do move the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the entry of an Order granting final approval to the class settlement reached herein.

This Motion is unopposed by Defense Counsel, all counsel have had communications regarding the filing of the instant Motion and it is being filed at the direction of the Court so that the parties have substantially complied with Local Rule 7.3.

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities in support thereof, the Declarations of Class Counsel and the Claims Administrator, the pleadings and papers on file in this action, and such oral and documentary evidence as may be presented at the hearing on this Motion.

DATED: August 13, 2014          **KIESEL LAW LLP**


By:  /s/ Jeffrey A. Koncius
     _____
     PAUL R. KIESEL
     JEFFREY A. KONCIUS
     MATTHEW A. YOUNG
     Attorneys for Plaintiffs and the Class

**PLAINTIFFS' NOTICE OF MOTION AND
MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT**

# **TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ........................................................................1

II.     BACKGROUND ...........................................................................................2

    A.      STATEMENT OF FACTS ..................................................................2

    B.      PERTINENT PROCEDURAL HISTORY ..........................................2

    C.      THE NATURE OF THE  SETTLEMENT NEGOTIATIONS .............3

III.    SETTLEMENT TERMS ................................................................................4

    A.      NARROWLY TAILORED RELEASE ...............................................4

    B.      ATTORNEYS' FEES AND COSTS AND ENHANCEMENT
         AWARDS ...........................................................................................5

    C.      *CY PRES* DISTRIBUTION OF COMMON FUND
         REMAINDER ....................................................................................6

    D.      PRELIMINARY SETTLEMENT APPROVAL, NOTICE AND
         CLASS REACTION TO DATE .........................................................6

IV.     LEGAL ANALYSIS .....................................................................................7

    A.      STANDARD FOR FINAL APPROVAL ...........................................7

    B.      THE SETTLEMENT SHOULD BE FINALLY APPROVED .............9

         1.      The Strength of Plaintiffs' Case Compared to the Risk,
              Expense, Complexity, and Likely Duration of Further
              Litigation.........................................................................................9

         2.      The Risk of Maintaining Class Action Status Throughout
              the Trial........................................................................................ 10

         3.      The Amount Offered in Settlement ............................................ 11

         4.      The Extent of Discovery Completed and the Stage of the
              Proceedings ................................................................................... 11

         5.      The Experience and Views of Counsel........................................ 12

         6.      The Reaction of the Class Has Been Overwhelmingly
              Positive.......................................................................................... 13

         7.      There Are No Indicia of Collusion ............................................. 13

    C.      UNDISTRIBUTED MONIES SHOULD BE DISTRIBUTED
         TO THE CLASS *CY PRES* ......................................................... 14

    D.      PURSUANT TO RULE 23 NOTICE WAS GIVEN TO THE
         CLASS WHICH ALLOWED CLASS MEMBERS TO OBJECT

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

i

OR EXCLUDE THEMSELVES FROM THE SETTLEMENT ..........15

E.     THE COURT SHOULD FINALLY CERTIFY A
       SETTLEMENT CLASS FOR SETTLEMENT PURPOSES ...............18

       1.     The Requirements of Rule 23(a) Are Satisfied .........................18

       2.     The Requirements of Rule 23(b)(3) Are Satisfied ....................21

V.     CONCLUSION ............................................................................22

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ii

**PLAINTIFFS' NOTICE OF MOTION AND
MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT**

# TABLE OF AUTHORITIES

## CASES

*Amchem Prods., Inc. v. Windsor*
  521 U.S. 591 (1997) ...................................................................... 16, 18

*Churchill Vill., L.L.C. v. Gen. Elec.*
  361 F.3d 566 (9th Cir. 2004) ............................................................ 8, 9

*Faulkner v. ADT Security Servs., Inc.*
  706 F.3d 1017 (9th Cir. 2013) ............................................................... 9

*Gen. Tel. Co. of Sw. v. Falcon*
  457 U.S. 147 (1982) .......................................................................... 19

*Gulf Oil Co. v. Bernard*
  452 U.S. 89 (1981) ............................................................................ 18

*Hanlon v. Chrysler Corp.*
  150 F.3d 1011 (9th Cir. 1998) ....................................................... passim

*Hanon v. Dataproducts Corp.*
  976 F.2d 497 (9th Cir. 1992) ............................................................. 20

*In re Synocor ERISA Litig.*
  516 F.3d 1095 (9th Cir. 2008) ............................................................. 7

*Laguna v. Coverall N. Am., Inc.*
  No. 12-55479, 2014 U.S. App. LEXIS 10259 (9th Cir. June 3, 2014) .......... 14

*Lane v. Facebook, Inc.*
  696 F.3d 811 (9th Cir. 2012) ............................................................. 14

*Larsen v. Trader Joe's Co.*
  No. 11-cv-05188-WHO, 2014 U.S. Dist. LEXIS 95538 (N.D. Cal. July 11, 2014) ......................................................................................... 13

*Linney v. Cellular Alaska P'ship*
  151 F.3d 1234 (9th Cir. 1998) ........................................................... 11

*Me. State Ret. Sys. v. Countrywide Fin. Corp.*
  No. 2:12-CV-05122 MRP (MANx), 2013 U.S. Dist. LEXIS 179190 (C.D. Cal. Dec. 5, 2013) ................................................................... 13

*Nachshin v. AOL, LLC*
  663 F.3d 1034 (9th Cir. 2011) ........................................................... 14

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*
  221 F.R.D. 523 (C.D. Cal. 2004) ....................................................... 13

*Nat'l Super Spuds, Inc. v. New York Mercantile Exchange*
  660 F.2d 9 (2d Cir. 1981) ................................................................... 5

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

*Officers for Justice v. Civil Serv. Comm'n*
    688 F.2d 615 (9th Cir. 1982) ...................................................................... 11

*Six (6) Mexican Workers v. Arizona Citrus Growers*
    904 F.2d 1301 (9th Cir. 1990) .................................................................... 14

*Staton v. Boeing Co.*
    327 F.3d 938 (9th Cir. 2003) ...................................................................... 20

*Wal-Mart Stores, Inc. v. Dukes*
    131 S. Ct. 2541 (2011) ......................................................................... 18, 19

*Weiner v. ARS Nat'l Servs.*
    887 F. Supp. 2d 1029 (S.D. Cal. 2012) ........................................................ 9

*Zinser v. Accufix Research Inst., Inc.*
    253 F.3d 1180 (9th Cir. 2001) .................................................................... 22

## STATUTES

28 U.S.C. § 1715 ................................................................................................ 9

Cal. Penal Code § 630 ....................................................................................... 2

Cal. Penal Code § 632(a) ................................................................................. 9

## RULES

Fed. R. Civ. P. 23 .............................................................................................. 1

Fed. R. Civ. P. 23(a) ....................................................................... 10, 18, 19, 21

Fed. R. Civ. P. 23(a)(1) ................................................................................... 19

Fed. R. Civ. P. 23(a)(2) ................................................................................... 19

Fed. R. Civ. P. 23(a)(3) ................................................................................... 20

Fed. R. Civ. P. 23(a)(4) ................................................................................... 20

Fed. R. Civ. P. 23(b) ....................................................................................... 18

Fed. R. Civ. P. 23(b)(3) .................................................................. 10, 18, 21, 22

Fed. R. Civ. P. 23(c)(2)(B) ....................................................................... 16, 17

Fed. R. Civ. P. 23(e) ......................................................................................... 7

Fed. R. Civ. P. 23(e)(1) ................................................................................... 16

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

iv

PLAINTIFFS' NOTICE OF MOTION AND
MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT

1

## **TREATISES**

2

Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice
    and Procedure § 1780 (2d ed. 1986) ...............................................................22

3

Manual for Complex Litigation § 21.632 (4th ed. 2004) ...........................................8

4

Newberg & Conte, *Newberg on Class Actions* (4th ed. 2002)...................................5

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

v

**PLAINTIFFS' NOTICE OF MOTION AND
MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT**

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs respectfully submit this Memorandum of Law in support of their Motion for Final Approval of Class Action Settlement, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

## I.   PRELIMINARY STATEMENT

After extensive litigation, and with a Motion for Class Certification pending, the parties reached agreement on settling this matter. Indeed, rather than needlessly expend both party and judicial resources in litigating this matter any further, the parties engaged in settlement negotiations so that if this matter could be resolved on a classwide basis, such relief could be provided in an expeditious and economical fashion. Toward that end, and as a result of arm's-length negotiations, which included an all-day mediation session with the Honorable Edward A. Panelli (Ret.) of Judicial Arbitration and Mediation Services and numerous phone conferences, the parties entered into a settlement agreement resolving this matter in its entirety (hereinafter, the "Settlement"). Pursuant to the Settlement Agreement and Release entered into by the parties (the "Settlement Agreement," a copy of which is attached as Exhibit "1" to the Declaration of Paul R. Kiesel ("Kiesel Decl.")), Defendant Capital One Bank (U.S.A.) N.A. ("Capital One" or "Defendant") has agreed, among other things, to create a $3 million Common Fund[1] to pay claims for alleged violations of various state privacy statutes to the members of the Class, and, additionally, to incur the costs associated with providing notice to Class Members and for claims administration.

---

[1] Unless otherwise defined herein, all capitalized terms have the definition set forth in the Settlement Agreement.

PLAINTIFFS' NOTICE OF MOTION AND
MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT

This Court has previously found that the Settlement satisfies all of the criteria for preliminary settlement approval and, it is now submitted, that in light of the tens of thousands of claims that have been made, and no objections, this Court should grant final approval. Accordingly, Plaintiffs request that the Court finally certify the stipulated Class for settlement purposes, grant final approval of the proposed Settlement, and direct distribution to the Class of the proceeds accordingly.[2]

## II.   BACKGROUND

### A.   STATEMENT OF FACTS

Plaintiffs in these consolidated class actions are cardholders of Capital One who received telephone calls from it. Plaintiffs allege that Capital One recorded those calls but did not warn Plaintiffs about the recordings, thereby violating the plain terms of California's Privacy Act (Cal. Penal Code §§ 630, et seq.; the "Privacy Act"). Plaintiffs' Second Amended Consolidated Class Action Complaint [Doc. No. 132] asserts causes of action for invasion of privacy in violation of the Privacy Act, as well as similar statutes in Florida, Maryland, Nevada, and New Hampshire, which require all parties to consent to the recording of a telephone call. Specifically, Plaintiffs allege that Capital One, having failed to obtain such consent at the outset of each call, is liable to Plaintiffs and the members of the proposed Class who received outbound calls from Capital One.

Through this lawsuit, Plaintiffs sought to enforce and protect their right to privacy. Capital One vigorously denies all of these allegations.

### B.   PERTINENT PROCEDURAL HISTORY

Multiple class actions were initially filed and then consolidated. Thereafter,

---

[2] By way of a separate motion, Plaintiffs seek payment for their attorneys' costs and expenses, as well as for incentive awards.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**

Defendant filed a Motion to Dismiss the operative Consolidated Complaint. That Motion was granted in part and denied in part. After Plaintiffs filed their First Amended Consolidated Class Action Complaint to address the issues raised by the Court in its first Motion to Dismiss ruling, Defendant again moved for dismissal. That Motion was denied. Defendant then moved for Summary Judgment, which too was denied. Defendant moved to have the Court reconsider its Summary Judgment Order, and that Motion was also denied. Finally, Plaintiffs' Motion for Class Certification was fully briefed at the time settlement negotiations occurred but in light of the Settlement, the Motion was not heard.

## C.    THE NATURE OF THE  SETTLEMENT NEGOTIATIONS

Plaintiffs' counsel in this case are, or have also been, counsel of record in several other putative class actions pending in this District and in California state courts which involve the surreptitious recording of outbound telephone calls to California residents. *See, e.g., Stone v. Howard Johnson Int'l, Inc., et al.*, Case No. 12-cv-01684 (pending before the Honorable Philip S. Gutierrez); *Mount v. Wells Fargo Bank, N.A.,* California Superior Court, Los Angeles County, Case No. BC395959 (pending before the Honorable Amy D. Hogue); *Greenberg v. E-TRADE Fin. Corp.*, California Superior Court, Los Angeles County, Case No. BC360102; *Raymond v. CarsDirect.com Inc.*, California Superior Court, Los Angeles County, Case No. BC256282. Class Counsel's experience in such litigation has enabled them to be very conversant with the various legal and factual issues presented in this case and to approach settlement negotiations with a wealth of relevant knowledge gained from the other litigation.

Only after the above-described, hard-fought litigation, the parties retained Justice Panelli to serve as a third-party neutral. A full-day mediation session, and multiple, smaller negotiation sessions between the parties thereafter taking place on the phone, ultimately resulted in the Settlement. Kiesel Decl. ¶ 6.

/ / /

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

3

## III.  <u>SETTLEMENT TERMS</u>

The proposed settlement Class consists of all persons in California, Florida, Maryland, Nevada, and New Hampshire (the "Covered States") who received one or more telephone calls from and spoke with a representative of Capital One between July 13, 2006, and March 31, 2012, and were not provided with notice that the call may be recorded or monitored. *See* Settlement Agreement ¶ 1(f). So as to compensate those Class Members, Capital One will make available a Common Fund[3] of $3,000,000 in cash (less attorneys' fees, costs, and the amount awarded to the Class Representatives, if approved by the Court) as follows:

a.  The Individual Settlement Amount shall be calculated by taking the Common Fund less the amount awarded by the Court to Class Counsel as attorneys' fees and costs, less the amount awarded to the Class Representatives, and dividing that remainder by the number of Authorized Claimants. Settlement Agreement ¶ 3.3; and

b.  Each Authorized Claimant shall then be entitled to a one-time distribution payment from the cash portion of the Common Fund which is equal to the Individual Settlement Amount. This payment shall be in the form of a check issued by the Settlement Administrator or Capital One. Settlement Agreement ¶¶ 3.4 - 3.6.

### A.  NARROWLY TAILORED RELEASE

The Settlement Agreement contains a narrowly tailored release that is

---

[3] Pursuant to the Settlement Agreement, Capital One is to establish the Common Fund by using, at its discretion, cash, statement credits, and/or debt forgiveness that, in the aggregate, amount to $3,000,000. Settlement Agreement ¶ 3.1. Capital One has now agreed that the Common Fund, and all payments under the Settlement, shall be in cash.

specifically limited to claims arising out of the allegations in this case relating to the intercepting, monitoring and/or recording of telephone calls or other communications. *See* Settlement Agreement ¶ 14.1. The release comports with the applicable law, which holds that a class action lawsuit may release all claims "that may arise out of the transactions or events pleaded in the complaint." *See* Conte & Newberg, 4 *Newberg on Class Actions* (4th ed. 2010) ("Newberg") § 12:15, at 312; *see also Nat'l Super Spuds, Inc. v. New York Mercantile Exchange,* 660 F.2d 9, 16-18 (2d Cir. 1981).

## B. ATTORNEYS' FEES AND COSTS AND ENHANCEMENT AWARDS

The Settlement Agreement allows Class Counsel to make an application to the Court for an award of attorneys' fees and costs, payable from the Common Fund. As those amounts were not discussed during mediation, Capital One may dispute or contest the amount of attorneys' fees and litigation expenses and costs requested by Class Counsel. Settlement Agreement ¶ 3.8(a). The Settlement Agreement does not contain a "clear sailing" provision.

The Plaintiffs, Stanley Nader and Jarett Olson, are allowed to make an application to the Court for an enhancement award of $25,000 each. That amount is intended as compensation for the telephone calls they claim were recorded without notice or consent as well as their compensation for instituting, prosecuting and bearing the laboring oar and risk of this litigation as Class Representatives including their responding to extensive written discovery, sitting for their depositions, communicating with Class Counsel throughout the litigation as well as Plaintiff Nader's physical attendance at the mediation, and Plaintiff Olson's telephonic participation therein. Settlement Agreement ¶ 3.7. Plaintiff Albert O. Benkert, represented by Eaton Wolk PL and the Law Offices of Leo W. Desmond, who filed a class action Complaint against Capital One in the Circuit Court of the 11th Judicial Circuit in Miami-Dade County, Florida (Case No. 12-23018 CA 13), will seek a

PLAINTIFFS' NOTICE OF MOTION AND
MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

similar award.

As stated, the basis for Plaintiffs' motion relating to the payment of fees, costs and incentive awards is set forth in a separate filing.

### C.   *CY PRES* DISTRIBUTION OF COMMON FUND REMAINDER

In the event that any portion of the Common Fund remains unclaimed, or any check sent to any Authorized Claimant remains uncashed for more than 180 days after issuance, then such unclaimed or uncashed funds will become part of the Common Fund for *cy pres* distribution to the Berkman Center for Internet & Society at Harvard University and the Electronic Frontier Foundation, in equal amounts.

Under no circumstances will any portion of the Common Fund revert to Capital One.

### D.   PRELIMINARY SETTLEMENT APPROVAL, NOTICE AND CLASS REACTION TO DATE

On April 30, 2014, the Court entered an Order that granted preliminary approval of the Settlement, directed notice to Class members, and scheduled a hearing on final approval. Doc. No. 131. The Preliminary Approval Order was then amended twice by stipulation. On May 30, 2014, notice was ordered to be given by mail to those individuals who previously indicated to Defendant that they did not want to communicate by e-mail. Doc. No. 136. On July 21, 2014, the exclusion deadline was extended to August 1, 2014. Doc. No. 139.

As of August 10, 2014, 31,890[4] claims have been submitted, no Class members have objected to the Settlement and only 15 have chosen to exclude

_____

[4] Direct notice was given by postcard and email to 1,896,044 Class Members, of which 1,218,739 were sent by e-mail and 677,305 by postcard. Declaration of William G. Atkinson, executed August 12, 2014, ("Atkinson Decl.") ¶ 21. Follow up emails were also sent to individuals and notice was also published in the regional editions of USA Today in all relevant markets. *Id.*

1   themselves from the Settlement. Atkinson Dec. ¶¶ 25-27. Thus, the reaction of the

2   Class to the proposed Settlement has been overwhelmingly positive.

3          As set out herein, due to the procedural posture of the case, Class Counsel

4   was able to evaluate settlement versus trial on a fully-informed basis and all legal

5   and factual issues were examined in reaching the Settlement. After having done so,

6   Class Counsel believes that the Settlement satisfies all of the criteria for final

7   approval as it is fair, reasonable and adequate and in the best interests of the Class.

8   Kiesel Decl. ¶ 4. As such, the Settlement should be finally approved and this Motion

9   granted.

10  **IV.   <u>LEGAL ANALYSIS</u>**

11         **A.    STANDARD FOR FINAL APPROVAL**

12         Rule 23(e) requires court approval of any settlement of claims on behalf of a

13  certified class. In the Ninth Circuit, "there is a strong judicial policy that favors

14  settlements, particularly where complex class action litigation is concerned." *In re*

15  *Synocor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). Indeed, the *Synocor*

16  Court further recognized, "[t]his policy is also evident in the Federal Rules of Civil

17  Procedure and the Local Rules of the United States District Court, Central District

18  of California, which encourage facilitating the settlement of cases". *Id.* (citing

19  various Local Rules of the United States District Court, Central District of

20  California, relating to settlement). The approval of a proposed class action

21  settlement "is committed to the sound discretion of the trial judge." *Hanlon v.*

22  *Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). In exercising this discretion,

23  the trial court must give "proper deference to the private consensual decision of the

24  parties" as "the court's intrusion upon what is otherwise a private consensual

25  agreement negotiated between the parties to a lawsuit must be limited to the extent

26  necessary to reach a reasoned judgment that the agreement is not the product of

27  fraud or overreaching by, or collusion between, the negotiating parties, and the

28

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

PLAINTIFFS' NOTICE OF MOTION AND
MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1 | settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Id.*
2 | at 1027.

3 |       The process for the approval of a class settlement is made up of three parts.
4 | At the first, preliminary approval, the court "must make a preliminary determination
5 | on the fairness, reasonableness, and adequacy of the settlement terms and must
6 | direct the preparation of notice of the certification, proposed settlement, and date of
7 | the final fairness hearing." *See* Manual for Complex Litigation § 21.632 (4th ed.
8 | 2004). Next, the class is given notice of the litigation and the final hearing so as to
9 | advise them of the settlement and the ability to object or opt out of the settlement.
10 | *Id.* § 21.633. The last step, the final fairness hearing, allows for individuals to be
11 | heard in support of, and opposition to, the proposed settlement and at which the
12 | court is tasked with determining whether the proposed settlement is "fair,
13 | reasonable, and adequate." *Id.* § 21.634.

14 |       The first two parts have been completed. This Court has found the Settlement
15 | within the range of reasonableness and has granted Preliminary Approval. Doc. No.
16 | 131. Further, the Claims Administrator has given the requisite notice as required.
17 | Atkinson Decl. ¶¶ 5, 9, 16-20. Thus, this Court must now make a final determination
18 | of the fairness, reasonableness, and adequacy of the settlement by balancing a
19 | number of factors, including:

> (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.

24 | *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). Plaintiffs
25 | submit that a review of those factors should result in final approval herein being
26 | granted.
27 | / / /
28 | / / /

PLAINTIFFS' NOTICE OF MOTION AND
MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT

## B.   THE SETTLEMENT SHOULD BE FINALLY APPROVED

Counsel for Plaintiffs and the Class have substantial experience in class action litigation, privacy rights, and, in particular, similar litigation currently pending in other class actions involving call recording. In their view, the proposed Settlement at this juncture is well within "the range of reasonableness" and is fundamentally fair, adequate, and reasonable when analyzed using the *Churchill* factors, as set out below.[5]

### 1.   The Strength of Plaintiffs' Case Compared to the Risk, Expense, Complexity, and Likely Duration of Further Litigation

Although Class Counsel's opinion continues to be that this case is a strong one, it must be noted that there has not been a ruling on the substantive issue underlying the litigation – whether the phone calls at issue in this case constitute "confidential communications" within the meaning of California Penal Code § 632(a). Should the Settlement not be approved, further litigation would ensue over whether there exists a reasonable expectation that no one was secretly listening to Plaintiffs' phone conversations with Capital One and the merits of Plaintiffs' legal and damages theories.[6] While the continuation of this litigation would not likely

---

[5] The "presence of a governmental participant" factor is inapplicable here. However, appropriate notice was given to state officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 (*see*, Def.'s Notice of Compliance with Section 3 of the Class Action Fairness Act, 28 U.S.C. § 1715. [Doc. No. 127]), and to date none has objected to the Settlement.

[6] Indeed, the legal claims asserted herein have not always been met with successful results. *See*, *e.g.*, *Faulkner v. ADT Security Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013) (plaintiff's allegations insufficient to infer an objectively reasonable expectation of confidentiality on a phone conversation he had with defendant); *see also Weiner v. ARS Nat'l Servs.*, 887 F. Supp. 2d 1029, 1033 (S.D. Cal. 2012) (circumstances surrounding plaintiff's phone conversation with defendant showed
(footnote continued)

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

PLAINTIFFS' NOTICE OF MOTION AND
MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT

result in an increased benefit to the Class (and Capital One would argue it would resolve on the merits in its favor), it would lead to a very substantial expenditure in attorneys' fees and costs by both parties. Indeed, should this matter proceed and Plaintiffs prevail, whether through a trial on the merits or through motion practice, Capital One would likely appeal to the Ninth Circuit, resulting in further expense and delay. In reality, should this matter not be settled at this juncture, the only certainty is years of litigation.

### 2. The Risk of Maintaining Class Action Status Throughout the Trial

As set out more fully below, Plaintiffs submit that this action could be properly maintained as a class action. First, the numerosity, commonality, typicality, and adequacy of representation requirements under Rule 23(a) are met. Next, Rule 23(b)(3) is satisfied because "[w]hen common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022 (internal quotation and citation omitted). However, Plaintiffs recognize that there are significant hurdles to class certification in this case. For example, Capital One has argued that variations among the Class Members' individual expectations of whether their calls were being recorded preclude certification under Rule 23(b)(3). *See* Opp'n to Pls.' Mot. for Class Cert. [Doc. No. 109] at 13-19. Although Plaintiffs are confident that this action can be maintained as a class action, the risk of maintaining class action status throughout trial weighs in favor of preliminary approval.

---

he did not have "an objectively reasonable expectation that the conversation was not being recorded.").

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

PLAINTIFFS' NOTICE OF MOTION AND
MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

### 3.      The Amount Offered in Settlement

Under the Settlement, Class Members who make claims will be compensated, pro rata, for the telephone calls they claim were recorded without notice or consent. Thus, the amount offered in settlement, arrived at after intensive arm's-length negotiations, which took place after much litigation, should be viewed as a significant recovery for the Class in light of the very real risks of further litigation and Capital One's likely defenses. In that regard, the Ninth Circuit has held that "it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements. The proposed settlement is not to be judged against a hypothetical or speculative measure of what *might* have been achieved by the negotiators." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). The court there continued, "the very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Id.* at 624 (citations omitted). Further, the "fact that a proposed settlement may only amount to a fraction of the potential recovery does not, in and of itself, mean that the proposed settlement is grossly inadequate and should be disapproved." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) (internal citation omitted). Here, the class will be getting a monetary recovery payable by check, with no funds reverting to Capital One and, in addition, Capital One agreed to separately pay the costs associated with notifying the Class of the Settlement and administering it.

### 4.      The Extent of Discovery Completed and the Stage of the Proceedings

Significant discovery was undertaken in this action including, but not limited to, numerous sets of interrogatories and requests for production propounded by Capital One on each Plaintiff, and Plaintiffs' propounding of interrogatories and requests for production on Capital One, resulting in Capital One's production of nearly 3,000 pages of documents. Additionally, the depositions of each Plaintiff

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

were taken, and Capital One's corporate designee on matters relating to the identities of persons Capital One called and recorded was taken in Virginia. Kiesel Decl. ¶ 5. This information provided the parties with sufficient evidence to evaluate the strengths and weaknesses of Plaintiffs' claims and the benefits of the proposed Settlement. *Id.*

It is also significant that this action has been subject to extensive motion practice, including multiple dispositive motions, such as the two motions to dismiss and for summary judgment. Kiesel Decl. ¶ 6. Additionally, Plaintiffs' motion for class certification was fully briefed and awaiting oral argument at the time the Settlement was reached. *Id.* Thus, the parties were well informed not only of the bases for the claims and allegations herein, but also of Capital One's defenses.

### 5. The Experience and Views of Counsel

Plaintiffs and the Class Members are represented in this case by counsel who have significant experience in complex class action litigation, have negotiated numerous other substantial settlements, and have the ability to litigate this case on a classwide basis if a fair settlement were not offered. *See* Kiesel Decl. ¶ 3; Declaration of Andrew N. Friedman (hereinafter "Friedman Decl.") ¶¶ 4-5; Declaration of Richard B. Wentz (hereinafter "Wentz Decl.") ¶¶ 2-4; Declaration of Kenneth M. Lipton (hereinafter "Lipton Decl.") ¶¶ 2-3, 5; Declaration of Prescott Littlefield (hereinafter "Littlefield Decl.") ¶ 2; Declaration of Jerome L. Ringler (hereinafter "Ringler Decl.") ¶¶ 4, 6. Class Counsel include attorneys highly experienced in privacy rights and class action litigation, and their expertise helped inform the settlement negotiations and the drafting of the Settlement Agreement. In negotiating the Settlement, Class Counsel drew on their considerable experience, skill, and expertise in determining that the Settlement was fair, reasonable, and adequate. *See* Kiesel Decl. ¶ 4; Friedman Decl. ¶ 6; Wentz Decl. ¶ 6; Lipton Decl. ¶ 4; Littlefield Decl. ¶ 3; and Ringler Decl. ¶ 5; *see also*, Declaration of Doug Eaton ¶ 5; Declaration of Leo Desmond ¶ 5.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**6.**      **The Reaction of the Class Has Been Overwhelmingly Positive**

As set forth above, the reaction of the Class to date has been overwhelmingly positive. As of the date of this filing, only 15 out of the 1,896,044 Class Members have opted out and none have objected. This reaction weighs heavily in favor of approval. *See, e.g., Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) (finding, "[t]he absence of a single objection to the Proposed Settlement provides further support for final approval of the Proposed Settlement. It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."); *Me. State Ret. Sys. v. Countrywide Fin. Corp.*, Case No. 2:12-CV-05122 MRP (MANx), 2013 U.S. Dist. LEXIS 179190, 63 (C.D. Cal. Dec. 5, 2013) (granting final approval where 69 class members opted out after 52,883 class notices sent, observing "[p]roportionally, the number of exclusions represents only a small fraction of the class members"). Indeed, "[t]he fact that some members opted out also indicates that the class members read the notice and understood the settlement, such that they were able to make an informed decision whether to participate." *Larsen v. Trader Joe's Co.*, No. 11-cv-05188-WHO, 2014 U.S. Dist. LEXIS 95538, 16-17 (N.D. Cal. July 11, 2014) (granting final approval of settlement and noting that "a total of 59,830 class members have submitted claim forms, twenty-three have opted out, and sixteen have objected"). Finally, as the last date for objections to be filed is September 12, 2014, and October 7, 2014, is the last date to make a claim, Plaintiffs may file a supplemental pleading to address any issues to the extent it is necessary.

**7.**      **There Are No Indicia of Collusion**

The Ninth Circuit has highlighted "three settlement arrangements that could indicate collusion because they may improperly favor counsel at the expense of the plaintiffs" which would necessitate a higher degree of scrutiny. *Laguna v. Coverall N. Am., Inc.*, No. 12-55479, 2014 U.S. App. LEXIS 10259, at *15 (9th Cir. June 3,

PLAINTIFFS' NOTICE OF MOTION AND
MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT

2014). Those are: (1) a disproportionate distribution of the settlement to counsel or where counsel receives money but the class does not; (2) the presence of a "clear sailing" agreement; and (3) the reversion of funds to defendant. *Id.* As made clear above, none of those factors are present here.

### C. UNDISTRIBUTED MONIES SHOULD BE DISTRIBUTED TO THE CLASS *CY PRES*

The Ninth Circuit has noted that distribution of settlement monies to a Class may sometimes result in a balance remaining and that a *cy pres* donation may be ordered by the Court in such circumstances. *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1307-08 (9th Cir. 1990) (finding acceptable *cy pres* distribution for purpose of distributing unclaimed funds). The Ninth Circuit has described the *cy pres* remedy as the "'next best distribution' absent a direct monetary payment to absent class members." *Lane v. Facebook, Inc.*, 696 F.3d 811, 820 (9th Cir. 2012). Of note, the doctrine does not require "that settling parties select a *cy pres* recipient that the court or class members would find ideal. On the contrary, such an intrusion into the private parties' negotiations would be improper and disruptive to the settlement process." *Id.* at 821. Rather, a properly crafted *cy pres* distribution need only "(1) address the objectives of the underlying statutes, (2) target the plaintiff class, or (3) provide reasonable certainty that any member will be benefitted." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1040 (9th Cir. 2011). Here, it is submitted that the *cy pres* recipients are appropriate.

In light of the almost 30,000 claims that were submitted and to whom checks will be sent, it is likely, even after taking steps to confirm current addresses, that some of the checks sent to Class members will not be cashed within six months of issuance. Therefore, distribution of those remaining sums in a manner benefiting the Class can only be achieved by a *cy pres* distribution to the Class. So too, such a mechanism also ensures that settlement funds will not revert to the Defendant.

Class Counsel have carefully considered the proposed *cy pres* remedy and the

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

PLAINTIFFS' NOTICE OF MOTION AND
MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT

goal in formulating this proposal was to make a grant to organizations that represent the privacy interests of consumers in different ways, by providing education, research, data collection, legislative and administrative advocacy, etc. Both the Berkman Center for Internet & Society at Harvard University and the Electronic Frontier Foundation have requested funds to support and maintain long-term projects that will provide substantial benefits and a variety of services to consumers in the privacy space which of course includes the privacy rights involved here. Thus, the proposed *cy pres* remedy will provide indirect benefits to absent Class members. *See* Kiesel Decl. ¶ 20. Both organizations have submitted documentation in which the organization describes itself, its mission, and its experience and expertise in addressing privacy-related consumer issues, and describes the activities that will be undertaken with the *cy pres* funds. *See id.* Therefore, it is submitted that the proposed *cy pres* remedy was designed and carefully tailored to provide indirect benefits to Class members and the funds will allow the recipients to continue their work in a time of shrinking budgets. Accordingly, this Court should approve the *cy pres* distribution.

### D. PURSUANT TO RULE 23 NOTICE WAS GIVEN TO THE CLASS WHICH ALLOWED CLASS MEMBERS TO OBJECT OR EXCLUDE THEMSELVES FROM THE SETTLEMENT

Pursuant to this Court's Preliminary Approval Order, Class Members have received proper notice of the pendency of this class action and the Settlement so that they have an adequate opportunity to object or exclude themselves. Defendants retained BrownGreer PLC, an experienced class action administrator, to disseminate the notice approved by this Court in the Preliminary Approval Order. As described at length in the Declaration of William G. Atkinson, after being provided the class list it undertook to verify those addresses and then disseminated notice by e-mail to 1,218,739 individuals, by postcard to 677,305 individuals, and then by publication as well. Atkinson Decl. ¶ 21. In an effort to maximize email delivery rate, BrownGreer ensured that the email message used in this notice campaign did not

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**

contain content or parameters that would trigger "spam" filters and drive-down deliverability. *Id*. ¶ 10. For those emails that were not successfully delivered after the first delivery attempt, BrownGreer attempted to, (1) re-issue the email two additional times, (2) submit the email to an alternative email address, or (3) coordinate the issuance of Postcard Notices to these potential Class Members, if possible.

Rule 23(e)(1) states that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise." Notice to the class must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. Proc. 23(c)(2)(B); *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997). The notice must contain the following information: (1) the nature of the action; (2) the definition of the class; (3) the class claims, issues, or defenses; (4) that any class member may appear at the fairness hearing through an attorney; (5) that the court will exclude from the class any member who requests exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a judgment on class members. Fed. R. Civ. Proc. 23(c)(2)(B).

Here, the vast majority of the members of the Class were identified and located from the records of Capital One, as they are, or were, cardholders of Capital One. Capital One compiled a Class List of each of its current and former cardholders who its records identified as having received a call from and spoken with a representative of Capital One during the Class Period at a time when the cardholder's mailing address was located in one of the Covered States. Settlement Agreement ¶1(h). Then, if a Class Member was identified in the Class List, and if Capital One had an email address for the Class Member, notice of the proposed Settlement was provided either by, (1) an email substantially in the form of the Class Notice that includes a hyperlink to the Claim Form, or (2) by regular mail in

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

the form of the Postcard Notice containing instructions that the Claim Form could be (a) accessed, filled out and submitted on the website of the Settlement Administrator, or (b) accessed on the website of the Settlement Administrator, printed out and returned by regular mail. Settlement Agreement ¶5.2. If Capital One did not have an email address for a Class Member, then notice was provided by regular mail in the form of the Postcard Notice. *Id.*[7] Before sending notice through mail, names and addresses were run through the National Change of Address Database and, if applicable, the mailing address was adjusted accordingly. *Id.* Significantly, the "Notice Reach Rate" was 88.6% of the total number of Class Members. Atkinson Decl. ¶ 21.

As for Class Members who were not identified in the Class List, notice was provided by publication on June 18-20, 2014, in the regional editions of USA Today in the print markets of Atlanta, Boston, Denver, Los Angeles, New Orleans, North Central Florida, San Francisco, South Florida and Washington/Baltimore. The advertisement was 1/4 of a page and included the web address of the Settlement Administrator's website. Settlement Agreement ¶ 5.3; Atkinson Decl. ¶ 20. The above methods of notice satisfied all due process requirements.

In addition to the manner of giving notice to the Class, the contents of the notice itself satisfied Rule 23(c)(2)(B), as the notice included all required elements. *See* Class Notice, attached as Exhibit "B" to the Atkinson Decl.

Accordingly, the form of notice and the manner of giving notice was appropriate and properly given to the Class.

---

[7] So too, if the Class Member had previously advised Capital One it did not want to receive emails, notice was mailed. [Doc. No. 136.]

PLAINTIFFS' NOTICE OF MOTION AND
MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT

**E.    THE COURT SHOULD FINALLY CERTIFY A SETTLEMENT CLASS FOR SETTLEMENT PURPOSES**

Final certification is appropriate where the proposed class and the proposed class representatives meet the four requirements of Rule 23(a) – numerosity, commonality, typicality and adequacy of representation – and one of the three requirements of Rule 23(b). Here, Plaintiffs seek certification of a settlement Class, pursuant to Rules 23(a) and 23(b)(3), on behalf of all persons in California, Florida, Maryland, Nevada, and New Hampshire who received one or more telephone calls from and spoke with a representative of Capital One between July 13, 2006, and March 31, 2012, and were not provided with notice that the call may be recorded or monitored. Settlement Agreement ¶ 1(f). The United States Supreme Court emphatically confirmed the viability of such settlement classes in *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997), reiterating that the "dominant concern" that governs the proper analysis under each Rule 23 subsection is: "whether a proposed class has sufficient unity so that absent members can fairly be bound by decisions of class representatives." *Id.* at 621. The Court has also emphasized the importance of the class action procedure: "Class actions serve an important function in our system of civil justice" because they "'vindicat[e] the rights of individuals who otherwise might not consider it worth the candle to embark on litigation in which the optimum result might be more than consumed by the cost.' [Citation.]" *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99 & n.11 (1981). As all prerequisites to certification have been satisfied, the settlement class should be finally certified.

**1.    The Requirements of Rule 23(a) Are Satisfied**

"Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011). Under Rule 23(a), the party seeking certification must demonstrate that:

(1) the class is so numerous that joinder of all members is impracticable;

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class

Fed. R. Civ. Proc. 23(a).

### a.    Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. Proc. 23(a)(1). If "general knowledge and common sense indicate [the class] is large, the numerosity requirement is satisfied." 1 Newberg & Conte, *Newberg on Class Actions*, § 3.3 (4th ed. 2002). Here, Capital One provided the Class list to the Claims Administrator which "included a total of 1,896,044 records". Atkinson Decl. ¶ 6. On that basis alone, the numerosity requirement is satisfied.

### b.    Commonality

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. Proc. 23(a)(2). "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Dukes*, 131 S. Ct. at 2551 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). Class members' claims "must depend upon a common contention . . . that is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 2545. "What matters to class certification . . . is not the raising of common 'questions' – even in droves – but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* at 2551.

Here, the claims of all Class Members depend upon a common contention that the secret recording of telephone calls with Class members violated the Privacy Act and the rights of Plaintiffs and Class Members. Plaintiffs' claims are based upon the

PLAINTIFFS' NOTICE OF MOTION AND
MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

same conduct by Capital One, based on common practices and procedures applicable to all members of the Class, resulting in the litigation of common legal issues. Further, the common questions of law and fact presented in this case could only be effectively and efficiently resolved in a classwide proceeding that would generate common answers to those questions.

### c.   Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class". Fed. R. Civ. Proc. 23(a)(3). The Ninth Circuit has observed this standard to be "permissive" and has held that "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020; accord, *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Further, "[t]he test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.' [Citation.]" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Because the Class Representatives engaged in an outbound telephone conversation with Capital One which was recorded without warning, which is the identical scenario which gives rise to the claims of the other members of the Class, the Class Representatives satisfy the typicality requirement. *Id.* ("Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought.").

### d.   Adequacy of Representation

Rule 23(a)(4) permits class certification only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. Proc. 23(a)(4). In assessing whether this requirement has been met, the court asks: (1) whether the proposed representative plaintiffs and their counsel have conflicts of interest with the proposed class, and (2) whether Plaintiffs are represented by qualified and

20

competent counsel. *See Hanlon*, 150 F.3d at 1020.

Plaintiffs do not have any conflicts of interest with the proposed Class. Plaintiffs' claims are identical to the claims of other Class Members and arise from the same conduct by Capital One. Plaintiffs and other Class Members have suffered the same injury, and Plaintiffs seek relief equally applicable and beneficial to the Class.

Further, Plaintiffs are represented by qualified and competent counsel who have the experience and resources necessary to vigorously pursue this action. As evidenced by the firm resumes attached to the declarations of Messrs. Kiesel, Friedman, Wentz, Lipton, Littlefield and Ringler, the firms retained by Plaintiffs have substantial class action experience, including particular experience in litigating Privacy Act claims. *See* Kiesel Decl. ¶ 3; Friedman Decl. ¶ 5; Wentz Decl. ¶¶ 2-6; Lipton Decl. ¶¶ 2-3, 5; Littlefield Decl. ¶ 2; Ringler Decl. ¶¶ 4, 6. Plaintiffs and their counsel are able to fairly and adequately protect the interests of the Class.

### 2.    The Requirements of Rule 23(b)(3) Are Satisfied

In addition to meeting the prerequisites of Rule 23(a), a class action must satisfy at least one of the three conditions of Rule 23(b). Plaintiffs submit that the Settlement Class satisfies Rule 23(b)(3).

Under Rule 23(b)(3), a class action may be maintained if: "[1] the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and [2] that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. Proc. 23(b)(3). Here, common questions predominate over any individualized inquiries relating to Class Members. Plaintiffs' claims are based upon a common course of alleged conduct undertaken by Capital One with respect to every member of the Class: Defendant violated the Privacy Act by secretly recording telephone calls with Class Members. These liability issues are common to Plaintiffs and all members of the Class – and, in fact, if every Class member were to

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**

bring an individual action, they all would be required to prove the existence of the same alleged wrongful course of conduct on the part of Defendant in order to prove liability. Indeed, it is difficult to discern any liability issues that are not common to the claims of all members of the Class.

As for superiority, the inquiry focuses "'on the efficiency and economy elements of the class action so that cases allowed under [Rule 23(b)(3)] are those that can be adjudicated most profitably on a representative basis.'" *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001) (quoting 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1780 at 562 (2d ed. 1986)). "[T]he purpose of the superiority requirement is to assure that the class action is the most efficient and effective means of resolving the controversy." Federal Practice and Procedure, § 1779 at 174 (2005). This action easily satisfies such requirements. First, the individual members of the Class, should they even learn of their respective claims, would likely not be interested in undertaking the burden of litigating this case and filing their own action. Furthermore, competing putative class actions were brought and consolidated into a single action. This shows that one action is superior to duplicative actions, individual or otherwise.

Thus, this action is appropriate for class certification for settlement purposes, embodying all the hallmarks, both in form and in substance, of class actions routinely certified in this Circuit as has been discussed at length herein.

## V.   **CONCLUSION**

For the reasons stated above, Plaintiffs respectfully submit that the proposed Settlement is fair, adequate, and reasonable, and in the best interests of the Class. Accordingly, they respectfully request that this Court: (a) finally certify the stipulated Class for settlement purposes; and (b) grant final approval of the Settlement.

PLAINTIFFS' NOTICE OF MOTION AND
MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1 | DATED: August 13, 2014        Respectfully submitted,

2                               KIESEL LAW LLP

3

4

5        By:     /s/ Jeffrey A. Koncius

6                PAUL R. KIESEL

7                JEFFREY A. KONCIUS
                 MATTHEW A. YOUNG

8        LAW OFFICES OF KENNETH M. LIPTON

9                Kenneth M. Lipton, SBN 82342

10               5900 Sepulveda Blvd., Suite 400
                 Van Nuys, CA 91411

11               Tel:  (818) 780-3562

12               Fax: (818) 366-7097
                 E-mail: *kenlipton998431@aol.com*

13       COHEN MILSTEIN SELLERS & TOLL PLLC

14               Andrew N. Friedman

15               [Admitted *Pro Hac Vice*]
                 Douglas J. McNamara

16               [Admitted *Pro Hac Vice*]

17               1100 New York Avenue NW
                 Suite 500 West

18               Washington, DC 20005

19               Tel:  (202) 408-4600
                 Fax: (202) 408-4699

20               E-mail: *afriedman@cohenmilstein.com*

21                       *dmcnamara@cohenmilstein.com*

22       THE WENTZ LAW FIRM

23               Richard B. Wentz, SBN 120380
                 Jean M. Wentz, SBN 139340

24               33 Via Ricardo

25               Newbury Park, CA 91320
                 Tel:  (818) 269-8007

26               Fax: (805) 480-9680

27               E-mail: *rick.wentz@gmail.com*
                         *jean.wentz@gmail.com*

28

**PLAINTIFFS' NOTICE OF MOTION AND
         MOTION FOR FINAL APPROVAL OF CLASS
         SETTLEMENT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

BRAUN LAW GROUP, P.C.
_____

Michael D. Braun, SBN 167416
10680 Pico Blvd., Suite 280
Los Angeles, CA 90064
Tel:  (310) 836-6000
Fax: (310) 836-6010
E-mail: *mdb@braunlawgroup.com*

Attorneys for Plaintiff, STANLEY NADER, on behalf of himself and all others similarly situated

KEARNEY LITTLEFIELD, LLP
_____

Thomas A. Kearney, SBN 90045
Prescott  W. Littlefield, SBN 259049
633 W. Fifth Street, 28th Floor
Los Angeles, CA 90071
Tel:  (213) 473-1900
Fax: (213) 473-1919
E-mail: *tak@kearneylittlefield.com*
          *pwl@kearneylittlefield.com*

RINGLER SCHMIDT, A LAW CORPORATION
_____

Jerome L. Ringler, SBN 59918
Catherine Burke Schmidt, SBN 212827
233 Wilshire Boulevard, Suite 900
Santa Monica, CA 90401
Tel:  (310) 955-4105
Fax: (310) 955-4106
E-mail: *jlr@ringlerschmidt.com*
          *cbs@ringlerschmidt.com*

Attorneys for Plaintiff, JARETT OLSON, on behalf of himself and all others similarly situated

**PLAINTIFFS' NOTICE OF MOTION AND
MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT**