Matthew Kurilich California Bar Number 30172
17321 Irvine BLVD STE 115
Tustin CA 92780
Telephone    714-734-3715
Facsimile    714-734-3716
mattkurilich@gmail.com

Attorney for Objector
Chuck Congdon

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| STANLEY NADER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (U.S.A.), N.A. and DOES 1 through 20,<br><br>Defendants.<br><br>AND RELATED CONSOLIDATED CASES | Case No. CV-12-01265-DSF (RZx)<br>[Consolidated with Case Nos. CV-12-1772-DSF (RZx) and CV-12-4906-DSF (RZx)]<br><br>*Honorable Judge Dale S. Fischer*<br><br><u>CLASS ACTION</u><br><br>**OBJECTIONS TO CLASS ACTION SETTLEMENT** |

Class member, Chuck Congdon, pursuant to the proposed settlement makes the following statement:

    a. My name is CHUCK CONGDON;
    b. I am a member of the Telephone Recording Statement as evidenced by the notice of settlement received from the Settlement Administrator. *See* Exhibit A;

1

  c. I made an online claim on the Telephone Recording Statement website. *See* Exhibit A.

Class member, Chuck Congdon, makes the following objections to the settlement in this case:

## OBJECTIONS

### I.  Settlement is Unfair

The settlement is unfair because Capital One openly violated privacy laws against the public and paid a de minimis amount of money relative to the flagrant violation of the law and disregard to their customers' privacy.  A settlement of $3,000,000 relative to revenues of $24.176 BILLION is offensive.  The notice explains the violations of Captial One, but fails to address Capital One's future behavior with respect to these violations.  It appears Capital One is free to commit the same violations prior to the lawsuit.  As discussed below, even the cy pres provision fails to address the future of Capital One's behavior.  The true beneficiaries here are Capital One and class counsel.

### II.  Cy Pres

The purpose of cy pres is to right a wrong.  Here, a multi-billion dollar corporation violated consumer privacy laws without any regard to the law.  The Berkman Center for Internet and Society is more of a research organization focused on the Internet than an organization that might wright the wrong of Capital One.  More appropriate would be to give all cy pres to Electronic Frontier Foundation or another more appropriate consumer watchdog organization that actively takes action and fights corporate abuse.  Specifically, cy pres should go to an organization with an agreement to monitor Capital One and other organizations for such abuse to increase the probability it will not happen again.

### III.  Potential Recovery

The limited amount of information in the notice does not give class members enough information to evaluate the settlement.  Class members are entitled to know the

**OBJECTIONS TO CLASS ACTION SETTLMENT;** Stanley Nader, et. al. v. Capital One Bank, et. al.**, Case No. CV-12-01265-DSF (RZx)**

potential recovery if this case was litigated and this information is not provided. Moreover, there is no estimate of the number of calls made to give some sense of the potential recovery. Therefore, it is not possible for class members to compare an estimate of recovery at trial against promised payments so there is no way of knowing whether or not the proposed settlement is fair.

## IV.  Time to Opt Out

There needs to be more time for class members to evaluate the settlement. The opt-out deadline was August 1, 2014 and the objection deadline was September 12, 2014 and such dates are confusing and forces class members to make a decision of opting out without being able to read objections. The Court should extend the opt-out deadline allowing class members to fully evaluate the settlement and make a better decision.

## V.  Attorneys' Fees Excessive

Class members have no way of knowing whether or not attorneys' fees in excess of the 25% benchmark is reasonable without any information around the amount of recovery per claimant. This case was resolved without a trial and one mediation and the benefits to class members is de minimis with no safeguards against such future behavior by Capital One. The courts have the power to deviate up or down from the benchmark and there is no reason to deviate up and more of a reason to deviate down from the benchmark under these circumstances.

## Conclusion

For the foregoing reasons we object to the proposed class action settlement.

Date: 9-2-14

                        Matthew Kurilich

                        /s/ Matthew Kurilich

By: _____

                        Matthew Kurilich

                        Attorney for Objector

Objector

*/s/ Chuck Congdon*

Chuck Congdon

**EXHIBIT A**

**LEGAL NOTICE BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

*Stanley Nader v. Capital One Bank (USA), N.A.*, United States District Court for the Centr[al]

4

*District of California Case No. CV-12-1265-DSF (RZx)*

Name: **CHUCK CONGDON**

Notice Number: **0F23-3247-74D3**

**Thank You – Your Claim has been Accepted.   Print this page for your reference or record the Claimant Number displayed.**

    **Claimant Number:** 10037927

    **Date of Submission:** 08/30/2014

    **Time of Submission:** 5:22 PM (EST)

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic filing service on September 2, 2014.

Copies also sent via email to:
**settlementadministrator@telephonerecordingsettlement.com**
**kiesel@kbla.com**
**Edward.totino@dlapiper.com**

**DATE:  9-2-14**

                Matthew Kurilich

                /s/ Matthew Kurilich

        By: _____

                Matthew Kurilich

**OBJECTIONS TO CLASS ACTION SETTLMENT;** Stanley Nader, et. al. v. Capital One Bank, et. al.**, Case No. CV-12-01265-DSF (RZx)**