JS 6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY NADER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A., and DOES 1 through 20,<br><br>Defendants. | CASE NO. CV12-1265 DSF (RZx)<br>[Consolidated with<br>Case No. CV12-1772 DSF (RZx) and<br>Case No. CV12-4906 DSF (RZx)]<br><br>**ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT** |
| AND RELATED CONSOLIDATED CASES | |

The Court conducted a hearing regarding the fairness and final approval of the Settlement Agreement and Release and Plaintiff's application for approval of attorneys' fees and costs and Class Representatives' Incentive Awards on November 3, 2014, at 1:30 p.m.

The parties appeared by their respective counsel of record. There was no appearance by the objectors.

After considering the papers and the arguments of counsel, as well as the papers filed by objectors, and good cause appearing, the Court OVERRULES the objections, except as indicated below, and GRANTS Plaintiff's Motion for Final Approval and Judgment, and Plaintiff's Application for Approval of Attorneys' Fees and Costs and Class Representatives' Incentive Awards as follows.

IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. The Settlement Agreement and Release (Settlement Agreement) and all definitions set forth therein are incorporated in and made part of this Final Order Approving Class Action Settlement and Judgment (Final Order and Judgment).

2. This Court has jurisdiction over the subject matter of this Action and all parties to this Action, including the settlement Class Members, as defined in Section 1 of the Settlement Agreement, and defendant Capital One Bank (USA), N.A. (Capital One). Specifically, the members of the Class that are subject to this Final Order and Judgment are all persons in California, Florida, Maryland, Nevada, and New Hampshire (the Covered States) who received one or more telephone calls from and spoke with a representative of Capital One between July 13, 2006 and March 31, 2012 (the Class Period), and were not provided with notice that the call may be recorded or monitored.

3. The Settlement Agreement previously filed in this action, and the terms set forth therein, are found to be fair, reasonable, and adequate, and are approved and ordered to be performed by all parties, as noted below.

-1-

4.     The Court finds that the form, manner, and content of the Class Notice specified in Section 5 of the Settlement Agreement and Exhibits B, D, and E thereto provided a means of notice reasonably calculated to apprise the Class Members of the pendency of the action and the proposed settlement, and met the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, as well as due process under the United States Constitution and any other applicable law, and constituted due and sufficient notice to all Class Members entitled thereto. Specifically, individual notice was provided to those potential Class Members who are current or former Capital One cardholders whom Capital One's records identify as having received a call from and spoken with a representative of Capital One during the Class Period at a time when the cardholder's mailing address in Capital One's records was located in one of the Covered States, and class notice was provided to all other potential Class Members by publishing such notice in the USA Today (in the editions published in Covered States) for at least a period of three days and an advertisement size of at least 1/4 of a page. The Court finds that Capital One has satisfied the notice requirements set forth in the Class Action Fairness Act and any other applicable law.

5.     This Final Order and Judgment applies to all claims or causes of action settled under the terms of the Settlement Agreement, and shall be fully binding with respect to all Class Members who did not properly request exclusion pursuant to the Order Granting Preliminary Approval of Class Action Settlement entered by this Court on April 30, 2014. Only the individuals listed on the attached Exhibit 1 have properly excluded themselves from the Class.

6.     Class Representatives Stanley Nader and Jarret Olson and all Class Members who did not properly request exclusion are barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, any claims released under the Settlement Agreement which they had, or have, to the extent provided in the Settlement Agreement. All claims of Class

Representatives and all Class Members shall be conclusively deemed released and discharged as to Capital One, and its related entities, to the extent provided in the Settlement Agreement.

7. The Settlement Administrator shall conduct all administration of the Common Fund. The Settlement Administrator shall disburse attorneys' fees and costs to the Class Counsel from the Common Fund as ordered by the Court or direct Capital One to do so. The Settlement Administrator or Capital One shall prepare and issue all disbursements of the Individual Settlement Amounts from the Common Fund to Authorized Claimants within the time period specified in the Settlement Agreement, and any remaining funds to Charitable Organization(s) as described in the Settlement Agreement. The Court finds that the claims submitted after the deadline for submission of claims that were discussed at the hearing shall be treated as timely.

8. All claims asserted by Class Representatives and the Class Members in this Action are dismissed with prejudice.

9. The Court finds that Class Counsel are qualified to represent the settlement Class. The Court grants Class Counsel's request for an award of attorney's fees and costs in the amount of $766,189.34 to be paid from the Common Fund. The amount of fees is 25% of the common fund, and therefore is in accord with the Ninth Circuit benchmark. See, e.g., Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048 (9th Cir. 2002). The Court declines to adopt counsel's purported lodestar calculations, and under the circumstances of this case is not required to perform a lodestar analysis. See In re HP Inkjet Printer Litig., 716 F.3d 1173, 1189 (9th Cir. 2013). The Court finds that the amount of this award is fair and reasonable in light of the efforts expended by Class Counsel in prosecuting this Action and the results obtained.

10. The Court finds that the request for Class Representative awards (including Albert O. Benkert) is excessive. The precise amount of time expended

by the Class Representatives is not documented, and is described in rather general and formulaic terms.  It appears to be adequate (at least as to Mr. Nader and to a lesser degree Mr. Olson), but is by no means extraordinary.  The Court finds that Plaintiff Stanley Nader is entitled to an incentive award of $7,500 and Jarett Olson is entitled to an award of $5,000 from the Common Fund, which amounts shall include their compensation for the telephone calls they claim were recorded without notice or consent as well as the compensation for instituting, prosecuting, and bearing the laboring oar and risk of this litigation.  The Court sees little reason to approve an incentive award to Mr. Benkert, who appears to have done little in connection with this litigation but to sit back and wait to see what happened in the California actions.  This is not a criticism.  It was an appropriate strategic position.  Nevertheless, even his counsel spent only 28 hours with regard to the litigation.  Mr. Benkert's participation appears to have been minimal.  The Court awards him $500. This shall be the only consideration paid to the Class Representatives and the plaintiff in the Florida Action.  The Court notes that it always carefully evaluates class representative requests and was not assisted in the regard by the objectors.

11.   Capital One shall pay all reasonable costs and expenses of the Settlement Administrator incurred in providing notice to the Class and administering the Settlement.

12.   Without affecting the finality of this Final Order and Judgment in any way, the Court retains continuing jurisdiction over the parties for the purpose of construing, enforcing, and administering this Final Order and Judgment, and the terms of the Settlement Agreement.

1      IT IS SO ORDERED.

2        11/17/14

3 Dated:

                                          HON. DALE S. FISCHER
                                          United States District Judge

-5-

# **EXHIBIT 1**

| | Nader v. Capital One Bank (USA), N.A. Settlement Exclusion Requests | | | | |
|---|---|---|---|---|---|
| **Row** | **Last Name** | **First Name** | **MI** | **City** | **State** |
| 1. | Atkin | Andrew | S. | Pasadena | California |
| 2. | Bennett | Merry | C. | Odenton | Maryland |
| 3. | Coppola, Sr. | Ralph. | | Reno | Nevada |
| 4. | Craig | James | W. | North Fort Myers | Florida |
| 5. | Dieckmeyer | Joanne | K. | Adelanto | California |
| 6. | Haussener | James | M. | Castro Valley | California |
| 7. | Jay | Ruth | | Palm Harbor | Florida |
| 8. | Jenkins | Julian | M. | Lancaster | California |
| 9. | Joyner | Linda | | Lafayette | Colorado |
| 10. | Keller | Kristy | M. | Ramona | California |
| 11. | Koepke | Ted | J. | Lake Forest | California |
| 12. | Lamont | Andrea | V. | Lauderhill | Florida |
| 13. | Mascorro | Sandra | Y. | Glendora | California |
| 14. | May | Samuel | J. | Alpine | Utah |
| 15. | Steinhoff | Erik | B. | Los Angeles | California |
| 16. | White | Nicole | | El Centro | California |