1

```
              UNITED STATES DISTRICT COURT

              CENTRAL DISTRICT OF CALIFORNIA

                          ---

             THE HONORABLE DALE S. FISCHER

           UNITED STATES DISTRICT JUDGE PRESIDING


 Stanley Nader,                      )
                                     )
                 Plaintiff,          )
                                     )
 vs.                                 )   Case No.
                                     )   CV 12-1265-DSF(Rzx)
 Capital One Bank,                   )
                                     )
                 Defendant.          )
 _____)



             REPORTER'S TRANSCRIPT OF PROCEEDINGS

         Motion for Final Approval of Class Settlement

                    Los Angeles, California

                   Monday, November 3, 2014


Pamela A. Batalo, CSR, FCRR, RMR
Official Reporter
Roybal Federal Building
255 East Temple Street
Room 181-I
Los Angeles, California  90012
(213) 687-0446
```

```
 1   APPEARANCES:
 2
 3    FOR THE PLAINTIFFS:    KIESEL LAW LLP
 4                           BY:  PAUL R. KIESEL
 5                                JEFFREY A. KONCIUS
 6                           8648 WILSHIRE BOULEVARD
 7                           BEVERLY HILLS, CA  90211
 8
 9                           KEARNEY LITTLEFIELD LLP
10                           BY:  PRESCOTT LITTLEFIELD
11                           3436 N. VERDUGO ROAD, SUITE 230
12                           GLENDALE, CA  91208
13
14    FOR DEFENDANT:         DLA PIPER LLP
15                           BY:  EDWARD D. TOTINO
16                           2000 AVENUE OF THE STARS, SUITE 400
17                           LOS ANGELES, CA  90067
18
19
20
21
22
23
24
25
```

```
 1            Los Angeles, California, Monday, November 3, 2014
 2                              1:49 p.m.
 3                               -oOo-
 4         THE CLERK:  Calling Item No. 8, CV 12-1265-DSF(Rzx),
 5   Stanley Nader vs. Capital One Bank.
 6         MR. TOTINO:  Good afternoon, your Honor.  Ed Totino,
 7   DLA Piper, for Capital One Bank.
 8         MR. KONCIUS:  Good afternoon, your Honor.  Jeffrey
 9   Koncius, K-O-N-C-I-U-S, from Kiesel Law on behalf of plaintiff.
10         MR. KIESEL:  And, your Honor, good afternoon.  Paul
11   Kiesel for plaintiffs.
12         MR. LITTLEFIELD:  Good afternoon, your Honor.
13   Prescott Littlefield from Kearney Littlefield for plaintiffs.
14         THE COURT:  Good afternoon to all of you.
15         So the numbers appear to be 1,896,044 notices or
16   thereabouts were sent, either by e-mail or postcard.  When last
17   heard from, there had been 46,411 claims and 15 requests for
18   exclusions.
19         Is that the final tally?
20         MR. KONCIUS:  Your Honor, the 15 is still the same.
21   The number of notices is still the same.  The response, though,
22   has gone up slightly in terms of the claims forms.  It's now
23   48,812.
24         THE COURT:  Is that the final number then that --
25         MR. KONCIUS:  That's the final number, with the only
```

```
 1  caveat, your Honor, is there were 35 late claims that the
 2  parties wish for you to decide whether they should be included
 3  or not.
 4          THE COURT:  Okay.  Do the parties have a position on
 5  that?
 6          MR. KONCIUS:  Plaintiff does not, your Honor.  We're
 7  comfortable allowing them, but it's up to your Honor.
 8          MR. TOTINO:  Defendant has no opposition to allowing
 9  them.
10          THE COURT:  You're out the entire amount regardless
11  or --
12          MR. TOTINO:  That's correct.
13          THE COURT:  So I would have you go ahead and authorize
14  those claims then.
15          MR. KONCIUS:  Your Honor, counsel has been kind enough
16  to hand to me a number that is slightly higher than the total
17  claims submitted that I just gave to you.  It's 48,825.
18          THE COURT: All right. Okay. I'm not sure what the
19  most efficient way to do this is.  I'm happy to hear whether
20  there's anything you want to add to what's in your papers.  It
21  might be more efficient, however, to hear from any objectors
22  first.
23          MR. KONCIUS:  That's fine, your Honor.
24          THE COURT:  So are there objectors here who want to be
25  heard?  Somebody speak up.  I had three objectors.
```

```
 1              King?
 2              Go ahead.  Did you have something to say.
 3              MR. KONCIUS:  I was just going to say, your Honor,
 4   Mr. King is incarcerated so I don't think he's going to be here
 5   today.
 6              THE COURT:  He talked about having a son and other
 7   people in his family that had -- okay.  No.  I certainly did not
 8   order him to be brought here, nor did he request that I do so.
 9              I didn't find anything in those papers, to the extent
10   I understood them, that suggested to me that there was a valid
11   objection in there.
12              And then we have Congdon.  Someone want to be heard on
13   behalf of Congdon?  Okay.
14              Melton?  Did you guys resolve the thing with them?
15   No?  I think Melton indicated counsel was going to be here.
16              MR. KONCIUS:  That's news to me, your Honor.  And, no,
17   it hasn't been resolved.
18              THE COURT:  Okay.  Well, going once, going twice.
19              All right.  Then I'll hear from plaintiffs --
20   anybody's counsel. At page 6 there's a reference that any
21   portion of the common fund that remains unclaimed or any check
22   uncashed will go to cy pres.
23              Now that the payments are all going to be made in cash
24   as opposed to a credit, is there anything that would be funds
25   that remain unclaimed?
```

```
 1          MR. KONCIUS:  No, your Honor, other than checks going
 2  stale.  That would be the only way funds would go unclaimed and
 3  then go cy pres.
 4          THE COURT:  Okay.  I think the parties or the
 5  plaintiffs did a good job of responding to the objections.  I am
 6  just looking to see what questions I might want answered, even
 7  though no one has appeared to comment.
 8          I found it curious and I am sure that all of you
 9  collectively or even singly have more experience with class
10  actions than I, though I certainly have enough of them, but it
11  seemed to me quite odd for someone to come in and object to a
12  class settlement that would provide relief to class members on
13  the grounds that it shouldn't be a class action at all.  And I
14  was trying to, I guess, reassure myself of what my task is here,
15  and to the extent that I'm supposed to be protecting the class
16  and making sure this is an adequate settlement, it's
17  inconsistent with a class member making an argument that it
18  shouldn't be a class at all.  Such persons presumably would just
19  opt out and file suit if they thought they could get more that
20  way.
21          Is there anybody who has an inkling of what that was
22  about or how I should analyze that any differently from looking
23  at my obligation to the class?
24          MR. KONCIUS:  Your Honor, I think you've hit the nail
25  on the head, is the short answer.  It was odd to see it in an
```

```
 1   objection.  I think you're referring to the Milton objection.
 2              THE COURT:  Yes.
 3              MR. KONCIUS:  I think some of that objection is reused
 4   from previous objections and I think that's the only explanation
 5   that I could give, but I agree that if that individual thought
 6   that this was an inadequate settlement, they could have easily
 7   opted out and sued in their own right.
 8              THE COURT:  Certainly 15 people asked to be excluded.
 9   I have -- in my experience, the fact that they've asked to be
10   excluded doesn't necessarily mean they think the settlement
11   isn't good enough and they want to sue on their own.  I have had
12   class settlements where the people opting out were writing to me
13   telling me that they thought the class action itself was
14   frivolous and they didn't want to have any part of it.  So I'm
15   not drawing any conclusion, other than people know how to opt
16   out if they don't like it, for whatever reason.
17              And I don't think that I need to make any finding as
18   to whether this -- if the merits of the class certification
19   motion -- I'm now looking at it from a different perspective
20   which is the perspective of the settlement.  Obviously -- and I
21   think this was recognized in the objection.  The order that the
22   objections be submitted to the administrator or counsel was
23   mine, and the parties agreed to that, and in any event, the
24   lawyers figured out how to get the objections to me and weren't
25   bothered by that so I don't think that's valid.
```

1            Let me just ask you -- and I think I know the answer,
2   but I don't want to put words in your mouth -- about the
3   suggestion that a second round of disbursements as opposed to
4   cy pres is the appropriate way to go, just so we have your
5   position on that correct.
6            MR. KONCIUS:  Well, from the plaintiffs' perspective,
7   your Honor, at a certain point, it's not going to make sense to
8   send checks between the postage and the cost of processing, and
9   even if there were a second round of disbursements, they're
10  still going to be uncashed checks which will eventually be --
11  have to go cy pres.  So it's not as if it's a zero sum game that
12  by sending out a second round of checks, we're not going to have
13  any cy pres recipients.
14           THE COURT:  All right.  And having reviewed your
15  papers, I think the -- I pronounce it *cy pres recipient*.  I
16  don't know which is right -- but in any event, seemed fine to me
17  so I will approve that.
18           With regard to the class payments and the attorneys'
19  fees, the objections didn't assist me in that regard.  In fact,
20  they didn't really assist me in any regard.  I suppose
21  arguably -- maybe I should just ask whether it was the
22  objections that suggested to you that the payments should be all
23  in cash instead of a credit.
24           MR. KONCIUS:  No.  As a matter of fact, your Honor,
25  Mr. Totino and I had that condition before the objections were

```
 1  filed.  Well, I will --
 2          MR. TOTINO:  It was just a matter of logistics,
 3  your Honor.  It was much easier to do it in cash.
 4          THE COURT:  All right.  And with regard -- as I said,
 5  the class payments and the attorneys' fees I always do a very
 6  strict evaluation of both of those, which is why I request the
 7  documentation for the lodestar, which you have provided, so I
 8  will look at that documentation and issue a ruling.
 9          Is there anything else that counsel would like to say?
10          MR. KONCIUS:  Well, first, thank you for all your time
11  and attention to this case, your Honor, and the only other thing
12  I would like to say is that I spoke with defense counsel before
13  the hearing.  I think what we would like to do is to submit a
14  revised form of order so that we can have in there an indication
15  that the late claims are accepted and having an attachment that
16  will list the 15 opt-outs by name and that there were objections
17  filed, reviewed and overruled.
18          THE COURT:  All right.  That's fine.
19          MR. KONCIUS:  Thank you, your Honor.
20          THE COURT:  Okay.  Thank you.
21              (Proceedings adjourned at 2:00 p.m.)
22
23
24
25
```

*CERTIFICATE OF OFFICIAL REPORTER*

*COUNTY OF LOS ANGELES )*
*                      )*
*STATE OF CALIFORNIA   )*

*I, Pamela A. Batalo, Federal Official Realtime Court Reporter, Registered Professional Reporter, in and for the United States District Court for the Central District of California, do hereby certify that pursuant to Section 753, Title 18, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.*

*Date:  February 9, 2015*

*/s/ Pamela A. Batalo*
*Pamela A. Batalo, CSR, FCRR, RMR*
*Federal Official Court Reporter*